COPY

1   JAMES C. POTEPAN (SBN 107370)
    Email: james.potepan@leclairryan.com
2   COURTNEY E. CURTIS (SBN 245231)
    Email: courtney.curtis@leclairryan.com
3   LECLAIRRYAN LLP
    725 S. Figueroa Street, Suite 350
4   Los Angeles, CA  90017
    Telephone:  (213) 488-0503
5   Facsimile:   (213) 624-3755

6   Attorneys for Defendant
    FIRST IMPRESSIONS THEME THEATRES, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  BRADLEY COOPER, an individual;        Case No.
    and LIAM NEESON, an individual,
12                                        CV13-2951 SJO-SHx
              Plaintiffs,
13                                        DEFENDANT FIRST IMPRESSIONS
        v.                                THEME THEATRES, INC.'S
14                                        NOTICE OF REMOVAL OF
    VUTEC CORPORATION, a Florida          ACTION UNDER 28 U.S.C. § 1441(b)
15  corporation; FIRST IMPRESSIONS        [Diversity Jurisdiction]
    THEME THEATERS, INC., a Florida
16  corporation; and DOES 1-20, inclusive, Complaint Filed:   03/28/2013

17
              Defendants.
18

19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20        **PLEASE TAKE NOTICE THAT** Defendant First Impressions Theme

21  Theatres, Inc. ("First Impressions") respectfully seeks removal of the action

22  described below to the United States District Court for the Central District of

23  California, Western Division.

24        1.     On March 28, 2013, an action was commenced against First

25  Impressions and defendant Vutec Corporation in the Superior Court of California,

26  County of Los Angeles, Case No. SC120462, entitled *Bradley Cooper, et al. v.*

27  *Vutec Corporation et al.*

28

    11046253v1                    - 1 -

2.      On March 28, 2013, service was made on First Impressions of a summons and complaint, copies of which are attached to this Notice.  To date there have been no proceedings in the state court action.

3.      The above-described action is a civil action of which this Court has original jurisdiction under the provisions of the United States Code, Title 28, section 1441(b), according to the following facts:

(a)      Plaintiff Bradley Cooper, at the time this action was commenced, was and still is a citizen of the State of California.  Plaintiff Liam Neeson, at the time this action was commenced, was and still is a citizen of the State of California and of New York.  Defendant First Impressions, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Florida, with its principal place of business in Florida, and was not and is not incorporated under the laws of the State of California, wherein this action was brought.  Defendant Vutec Corporation, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Florida, with its principal place of business in Florida, and was not and is not incorporated under the laws of the State of California, wherein this action was brought; and

(b)      Although Plaintiffs' complaint in this action does not expressly allege that the amount in controversy exceeds $75,000, First Impressions has recently received a settlement demand from Plaintiffs far in excess of $75,000, and Plaintiffs' counsel has indicated that he will not contest that the amount in controversy does in fact exceed $75,000, exclusive of interest in costs.  (Declaration of Courtney E. Curtis, ¶ 2, attached hereto).

/ / /

1    Wherefore, First Impressions prays that the above action now pending

2    against it and Vutec Corporation, in the Superior Court of California, County of

3    Los Angeles, be removed to this Court.

4

5

6    Dated:  April 26, 2013              LeCLAIRRYAN LLP

7

8                                       By:

9                                       JAMES C. POTPEAN
                                        COURTNEY E. CURTIS
                                        Attorneys for Defendant
10                                      FIRST IMPRESSIONS THEME
                                        THEATRES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF COURTNEY E. CURTIS

I, COURTNEY E. CURTIS, hereby declare as follows:

1.      I am an attorney at law duly admitted to practice before all courts of the State of California.  I am a partner with LeClair Ryan LLP, counsel for Defendant First Impressions Theme Theatres, Inc. ("First Impressions"), in the above-entitled action.  This Declaration is made in support of First Impressions' Notice of Removal of Action under 28 U.S.C. § 1441(b).  The following statements are made from my own personal knowledge.

2.      On April 23, 2013, I received a confidential settlement demand in writing from Plaintiffs' attorney, Charles Harder.  The demand, made by both Plaintiffs to both Defendants in this action, was well over $75,000.

3.      On April 25, 2013, I had a telephone discussion with Mr. Harder, during which I informed him of First Impressions' intent to seek removal of this action.  Mr. Harder indicated that he would not oppose removal at this time.

I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 25th day of April, 2013, in Los Angeles, California.

COURTNEY E. CURTIS

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*SOLO PARA USO DE LA CORTE*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 28 2013

John A. Clarke, Executive Officer/Clerk

By Cynthia Estrada, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VUTEC CORPORATION, a Florida corporation; FIRST IMPRESSIONS THEME
THEATERS, INC., a Florida corporation; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRADLEY COOPER, an individual; and LIAM NEESON, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, www.lawhelpcalifornia.org, en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES COUNTY SUPERIOR COURT WEST DISTRICT<br>Santa Monica Courthouse<br>1725 Main Street<br>Santa Monica, CA 90401 | CASE NUMBER:<br>*Número del Caso:*<br>**SC120462** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHARLES J. HARDER (State Bar No. 184593) HARDER MIRELL & ABRAMS LLP
1801 Avenue of the Stars, Suite 1120 Los Angeles, CA 90067
Tel: (424) 203-1600 Fax: (424) 203-1601

DATE: March 28, 2013                                    Clerk, by _____, Deputy
*(Fecha)*   MAR 28 2013   John A Clarke        *(Secretario)*                              *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 28 2013

John A. Clarke, Executive Officer/Clerk

By Cynthia Estrada, Deputy

1  CHARLES J. HARDER (State Bar No. 184593)
   DOUGLAS E. MIRELL (State Bar No. 94169)
2  HARDER MIRELL & ABRAMS LLP
   1801 Avenue of the Stars, Suite 1120
3  Los Angeles, California 90067
   Telephone:    (424) 203-1600
4  Facsimile:    (424) 203-1601

5  Attorneys for Plaintiffs
   BRADLEY COOPER and LIAM NEESON

CASE MANAGEMENT CONFERENCE

7/22/13

Gerald Rosenberg, Judge   Date   DEPT 1C
                                  8:30 AM

6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF LOS ANGELES, WEST DISTRICT

9                                          SC120462
10 BRADLEY COOPER, an individual; and     Case No.   SC120463z
   LIAM NEESON, an individual,
11
                Plaintiffs,                COMPLAINT
12
        v.                                 1. MISAPPROPRIATION OF
13                                         COMMON LAW RIGHT OF PUBLICITY
   VUTEC CORPORATION, a Florida
14 corporation; FIRST IMPRESSIONS THEME    2. VIOLATION OF COMMON LAW
   THEATERS, INC., a Florida corporation; and  RIGHT OF PRIVACY
15 DOES 1–20, inclusive,
16              Defendants.                 3. TRADEMARK INFRINGEMENT /
                                            FALSE ASSOCIATION
17                                          IN VIOLATION OF THE LANHAM ACT
                                            (15 U.S.C. § 1125)
18
                                           4. TRADE DRESS INFRINGEMENT / IN
19                                          VIOLATION OF THE LANHAM ACT
                                            (15 U.S.C. § 1125)
20
                                           5. NEGLIGENCE
21
                                           **_DEMAND FOR JURY TRIAL_**
22
        Plaintiffs BRADLEY COOPER and LIAM NEESON (collectively, the "Plaintiffs") allege:
23
                          SUMMARY OF THE ACTION
24
        1.      Bradley Cooper and Liam Neeson are internationally recognized motion picture
25 actors, and their images and identities have substantial commercial value.
26
        2.      Defendants Vutec Corporation and First Impressions Theme Theaters, Inc.
27 (collectively, the "Defendants") are companies that sell commercial products and services in the
28

                                    -1-
                                 COMPLAINT

                                  — 6 —

audio/visual technology industry.  Defendants prominently used Plaintiffs' photographs in their advertising, marketing, and promotions, including without limitation in full-page print advertisements published in numerous magazines as well as Defendants' respective commercial websites—including prominently at the *homepage* of www.Vutec.com and First Impression's www.CineLoungers.com (collectively, the "Advertisements").  Defendants distributed the Advertisements throughout the United States and throughout the world.

3.    Defendants did not ask for or receive Plaintiffs' permission to use their photographs, identities, personas, publicity rights, privacy rights, trademarks and trade dress in the Advertisements or otherwise to associate with Defendants' companies or to market or sell Defendants' commercial products and services.  Accordingly, Defendants are liable to Plaintiffs for the infringement of their publicity rights, privacy rights, and trademark rights.  Pursuant to this lawsuit, Plaintiffs seek compensatory damages, treble damages, punitive damages, reimbursement of their attorneys' fees and costs, and a preliminary and permanent injunction to stop all further use of Plaintiffs' names, images, identities, personas, and other rights of publicity, privacy, and trademarks, in connection with Defendants' companies, products, and services.

## THE PARTIES

4.    Plaintiff Bradley Cooper is an individual and resident of the County of Los Angeles, State of California.

5.    Plaintiff Liam Neeson is an individual and resident of New York, New York, and does business in the County of Los Angeles, State of California.

6.    Plaintiffs are informed and believe and based thereon allege that defendant Vutec Corporation ("Vutec") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Florida, doing business throughout the United States and the world, including in the County of Los Angeles, State of California.

7.    Plaintiffs are informed and believe and based thereon allege that defendant First Impressions Theme Theaters, Inc. ("First Impressions") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Florida, doing business throughout the United States and the world, including in the County of Los Angeles, State of

1  California.

2      8.      Plaintiffs are informed and believe and based thereon allege that the fictitiously-

3  named defendants sued herein as Does 1 through 20, and each of them, are in some manner

4  responsible or legally liable for the actions, events, transactions, and circumstances alleged herein.

5  The true names and capacities of such fictitiously-named defendants, whether individual,

6  corporate, or otherwise, are presently unknown to Plaintiffs, and Plaintiffs will seek leave of Court

7  to amend this Complaint to assert the true names and capacities of such fictitiously-named

8  defendants when the same have been ascertained.  For convenience, each reference to a named

9  defendant herein shall also refer to Does 1 through 20.  All defendants, including both the named

10  defendants and those referred to herein as Does 1 through 20, are sometimes collectively referred

11  to herein as "Defendants."

12      9.      Plaintiffs are informed and believe and based thereon allege that Defendants, and

13  each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-

14  conspirators, owners, principals, and employers of the remaining Defendants, and each of them

15  are, and at all times herein mentioned were, acting within the course and scope of that agency,

16  license, partnership, employment, conspiracy, ownership, or joint venture.  Plaintiffs are further

17  informed and believe and based thereon allege that the acts and conduct herein alleged of each of

18  the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of

19  them.

20                                    **BRADLEY COOPER**

21      10.     Bradley Cooper is one of the most universally recognized, highly regarded,

22  critically acclaimed, and commercially valuable motion picture actors in the world.

23      11.     Mr. Cooper has starred in the following motion pictures, among others:

24  Silver Linings Playbook, The Place Beyond the Pines, Hit and Run, The Words, The Hangover,

25  The Hangover II, Limitless, The A-Team, Valentine's Day, All About Steve, Case 39, He's Just

26  Not that Into You, New York, I Love You, and Yes Man.

27      12.     Mr. Cooper was nominated for the Academy Award Oscar, the Golden Globe, and

28  the Screen Actors Guild Award, among many other awards, for Best Actor, for his performance in

-3-
COMPLAINT

— 8 —

1    *Silver Linings Playbook* (2012).  Mr. Cooper also won several acting awards for that performance,

2    including:

3              a.        Broadcast Film Critics Association Award – Best Actor

4              b.        National Board of Review Award – Best Actor

5              c.        Satellite Award – Best Actor

6              d.        Hollywood Film Festival Award – Best Actor

7              e.        Palm Springs International Film Festival – Desert Palm Achievement

8                        Award

9              f.        Capri, Hollywood – Actor Award

10       13.    Mr. Cooper also received the ShoWest Convention Award for Comedy Star of the

11   Year in 2009.

12       14.    Mr. Cooper also was nominated for the following People's Choice Awards:

13             a.        Favorite Dramatic Movie Actor (2013)

14             b.        Favorite Comedic Movie Actor (2012)

15             c.        Favorite Action Star (2011)

16                              **LIAM NEESON**

17       15.    Liam Neeson is one of the most universally recognized, highly regarded, critically

18   acclaimed, and commercially valuable motion picture actors in the world.

19       16.    Mr. Neeson has starred in the following motion pictures, among many others:

20   Taken 2, The Dark Knight Rises, Battleship, Wrath of the Titans, The Grey, Unknown, The

21   Chronicles of Narnia: The Voyage of the Dawn Treader, The Next Three Days, The A-Team,

22   Clash of the Titans, After.Life, Chloe, Five Minutes of Heaven, The Other Man, Ponyo, The

23   Chronicles of Narnia: Prince Caspian, Taken, Seraphim Falls, The Chronicles of Narnia: The

24   Lion, the Witch and the Wardrobe, Breakfast on Pluto, Batman Begins, Kingdom of Heaven,

25   Kinsey, Love Actually, Gangs of New York, K-19: The Widowmaker, Gun Shy, The Haunting,

26   Star Wars: Episode I – The Phantom Menace, Les Miserables, Michael Collins, Before and After,

27   Rob Roy, Nell, Schindler's List, Ruby Cairo, Ethan Frome, Leap of Faith, Husbands and Wives,

28   Shining Through, Under Suspicion, Crossing the Line, Darkman, Next of Kin, High Spirits, The

-4-

COMPLAINT

1 | Good Mother, The Dead Pool, Satisfaction, Suspect, A Prayer for the Dying, Duet for One, The

2 | Mission, Lamb, The Innocent, The Bounty, Krull, and Excalibur.

3 |       17.    Mr. Neeson has been nominated for more than thirty (30) acting awards, and has

4 | won many of them.  His nominations have included the Academy Award Oscar and the Golden

5 | Globe for Best Actor for his performance in *Schindler's List* (1994); two other Golden Globe, Best

6 | Actor nominations for *Kinsey* and *Michael Collins*, respectively; and a nomination for the 2013

7 | People's Choice Award for Best Dramatic Movie Actor.  Mr. Neeson has won the following

8 | acting awards, among many others:

9 |           a.     British Independent Film Award, 2010

10 |           b.     Chicago Film Critics Association Award, Best Actor for

11 |                  *Schindler's List*, 1993

12 |           c.     Cognac Film Festival, Best Actor for *Under Suspicion*, 1991

13 |           d.     Evening Standard British Film Award, Best Actor for

14 |                  *Michael Collins*, 1996

15 |           e.     Irish Film and Television Award, Best Actor for *Kinsey*, 2004

16 |           f.     Los Angeles Film Critics Association Award, Best Actor for *Kinsey*,

17 |                  2004

18 |           g.     Palm Springs International Film Festival, Achievement Award, 2005

19 |           h.     Taorimina International Film Festival Award, 2000

20 |           i.     Venice Film Festival, Best Actor for *Michael Collins*, 1996

21 |                  **DEFENDANTS' WRONGFUL CONDUCT**

22 |       18.    Defendants prominently used Plaintiffs' photographs, identities, personas, publicity

23 | rights, trademarks and trade dress (collectively, "Plaintiffs' Rights") in the Advertisements and

24 | otherwise to advertise, market, and promote Defendants' companies, commercial products, and

25 | commercial services.

26 |       19.    At no time did Plaintiffs ever give permission to Defendants, or any of them, to use

27 | Plaintiffs' Rights in the Advertisements or otherwise to associate with, advertise, market, or

28 | promote Defendants' companies, products, or services, or for any other purpose.  Plaintiffs have

1  not received any compensation for such unauthorized commercial use of Plaintiffs' Rights in the

2  Advertisements and otherwise to advertise, market, and promote Defendants' companies,

3  products, and services.

4       20.   Plaintiffs are informed and believe and based thereon allege that Defendants

5  intentionally, negligently, and/or knowingly used Plaintiffs' Rights in the Advertisements and

6  otherwise to advertise, market, and promote Defendants' companies, products, and services.

7       21.   Plaintiffs have developed and cultivated Plaintiffs' Rights to create universal

8  recognition and value.  Defendants have, without any right, title, or authorization, misappropriated

9  and infringed Plaintiffs' Rights for the aforementioned commercial purposes.

10 **FIRST CAUSE OF ACTION**

11 **(Misappropriation of Common Law Right of Publicity – Against All Defendants)**

12      22.   Plaintiffs repeat, re-allege, adopt, and incorporate each and every allegation

13 contained in paragraphs 1 through 21, as though fully set forth herein.

14      23.   The conduct of Defendants, as alleged hereinabove, constitutes a violation of

15 Plaintiffs' common law rights of publicity, due to unauthorized use of Plaintiffs' Rights for

16 Defendants' advantage.

17      24.   As a direct and proximate result of the aforesaid wrongful acts of Defendants, each

18 Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

19      25.   Plaintiffs are informed and believe and based thereon allege that Defendants, in

20 doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full

21 knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate

22 disregard for the consequences to Plaintiffs.  By reason thereof, Plaintiffs are entitled to recover

23 punitive and exemplary damages from Defendants in an amount to be determined at the time of

24 trial.

25      26.   Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants

26 from any further use of Plaintiffs' Rights for Defendants' advantage.

27      //

28      //

-6-<br>COMPLAINT

## SECOND CAUSE OF ACTION

### (Violation of Common Law Right of Privacy – Against All Defendants)

27.     Plaintiffs repeat, re-allege, adopt, and incorporate each and every allegation contained in paragraphs 1 through 21, as though fully set forth herein.

28.     Defendants infringed Plaintiffs' right to be left alone and to control the use of their images, identities, and personas, by engaging in a knowing, unauthorized use of Plaintiffs' images, identities, and personas in direct violation of applicable privacy laws in California and Florida.

29.     As a direct and proximate result, Plaintiffs have suffered damages and are entitled to recover damages suffered as a result of Defendants' unlawful violation of Plaintiffs' privacy rights.

30.     Plaintiffs are entitled to an award of punitive damages against Defendants, to punish Defendants for their intentional, illegal conduct and to deter the same or similar conduct in the future.

31.     Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further invasion of Plaintiffs' privacy rights.

## THIRD CAUSE OF ACTION

### (Trademark Infringement / False Association
### Lanham Act, 15 U.S.C. § 1125(a) – Against All Defendants)

32.     Plaintiffs repeat, re-allege, adopt, and incorporate each and every allegation contained in paragraphs 1 through 21, as though fully set forth herein.

33.     Plaintiffs' images and associated trademarks have been extensively advertised and promoted throughout the world for many years in connection with their respective entertainment, and related, services.  As a result of this advertising and promotion, Plaintiffs' images and associated trademarks are recognized throughout worldwide trading areas and channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiffs.  Plaintiffs' trademarks are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. sections 1125 and 1127.

///

34.     Defendants' use, and continuing use, in interstate commerce of Plaintiffs' Rights in connection with Defendants' companies, products, and services constitutes a violation of 15 U.S.C. section 1125(a), in that it creates a false association between Plaintiffs and Plaintiffs' Rights, and Defendants' companies, products, and services, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants.  Defendants' use of Plaintiffs' Rights is likely to confuse, mislead, and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products, and services are or were approved, sponsored, endorsed, guaranteed by, and/or are in some way affiliated or associated with Plaintiffs.

35.     Defendants' use, and continuing use, in interstate commerce of Plaintiffs' Rights in connection with Defendants' companies, products, and services also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. section 1125(a).

36.     As a direct and proximate result of the conduct of Defendants, Plaintiffs are entitled, pursuant to 15 U.S.C. section 1117(a), to the recovery of: (1) Defendants' profits from the sale of their products and services; (2) any damages sustained by each Plaintiff as a result of Defendants' conduct, which are in an amount to be determined according to proof at the time of trial; and (3) Plaintiffs' costs of suit.

37.     Plaintiffs are informed and believe and based thereon allege that because Defendants committed the acts alleged above with knowledge of Plaintiffs' prior rights to, and use of, Plaintiffs' Rights, and with the intent to trade on Plaintiffs' Rights, this case is exceptional under 15 U.S.C. section 1117(a), entitling Plaintiffs to treble damages, and also to the recovery of their attorneys' fees.

38.     Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' Rights.

//

//

//

-8-
COMPLAINT

-13-

## FOURTH CAUSE OF ACTION

### (Trade Dress Infringement

### Lanham Act, 15 U.S.C. § 1125(a) – Against All Defendants)

39.     Plaintiffs repeat, re-allege, adopt, and incorporate each and every allegation contained in paragraphs 1 through 21, as though fully set forth herein.

40.     Plaintiffs' images and associated trade dress have been extensively advertised and promoted throughout the world for many years in connection with their respective entertainment, and related, services.  As a result of this advertising and promotion, Plaintiffs' names and associated trade dress are recognized throughout worldwide trading areas and channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiffs.  Plaintiffs' images and trade dress are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. sections 1125 and 1127.

41.     Defendants' use, and continuing use, in interstate commerce of Plaintiffs' Rights in connection with Defendants' companies, products, and services constitutes a violation of 15 U.S.C. section 1125(a), in that it creates a false association between Plaintiffs and Plaintiffs' Rights, and Defendants' companies, products, and services, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants.  Defendants' use of Plaintiffs' Rights is likely to confuse, mislead, and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products, and services are or were approved, sponsored, endorsed, guaranteed by, and/or are in some way affiliated or associated with Plaintiffs.

42.     Defendants' use, and continuing use, in interstate commerce of Plaintiffs' Rights in connection with Defendants' companies, products, and services also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. section 1125(a).

43.     As a direct and proximate result of the conduct of Defendants, Plaintiffs are entitled, pursuant to 15 U.S.C. section 1117(a), to the recovery of:  (1) Defendants' profits from the sale of their products and services; (2) any damages sustained by each Plaintiff as a result of

1 | Defendants' conduct, which are in an amount to be determined according to proof at the time of

2 | trial; (3) statutory damages; and (4) Plaintiffs' costs of suit.

3 |      44.    Plaintiffs are informed and believe and based thereon allege that because

4 | Defendants committed the acts alleged above with knowledge of Plaintiffs' prior rights to, and use

5 | of, Plaintiffs' Rights, and with the intent to trade on Plaintiffs' Rights, this case is exceptional

6 | under 15 U.S.C. section 1117(a), thereby entitling Plaintiffs to treble damages, and also to the

7 | recovery of their attorneys' fees.

8 |      45.    Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants

9 | from any further commercial use of Plaintiffs' Rights.

10 |               **FIFTH CAUSE OF ACTION**

11 |             **(Negligence – Against All Defendants)**

12 |      46.    Plaintiffs repeat, re-allege, adopt, and incorporate each and every allegation

13 | contained in paragraphs 1 through 21, as though fully set forth herein.

14 |      47.    At all times, and pursuant to applicable law, Defendants owed a duty to Plaintiffs

15 | not to use Plaintiffs' Rights in the Advertisements or otherwise to associate with, advertise,

16 | market, or promote Defendants' companies, products, and services.

17 |      48.    Defendants breached that duty by using Plaintiffs Rights in the Advertisements and

18 | otherwise to associate with, advertise, market, or promote Defendants' companies, products, and

19 | services.

20 |      49.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, each

21 | Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

22 |      50.    Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants

23 | from any further commercial use of Plaintiffs' Rights.

24 |      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly

25 | and severally, as follows:

26 | **AS TO THE FIRST CAUSE OF ACTION**

27 |      1.    General and special damages in an amount to be determined according to proof at

28 | the time of trial, together with interest thereon at the maximum legal rate;

1      2.       Punitive damages in an amount according to proof at the time of trial;

2      3.       Preliminary and permanent injunction prohibiting Defendants and their affiliated

3 companies from any further commercial use of Plaintiffs' rights of publicity, including Plaintiffs'

4 names, photographs, likenesses, images, voices, and signatures.

5 **AS TO THE SECOND CAUSE OF ACTION**

6      1.       General and special damages in an amount to be determined according to proof at

7 the time of trial, together with interest thereon at the maximum legal rate;

8      2.       Punitive damages in an amount according to proof at the time of trial;

9      3.       Preliminary and permanent injunction prohibiting Defendants and their affiliated

10 companies from any further invasion of Plaintiff's rights of privacy, including the use of

11 Plaintiffs' names, photographs, likenesses, images, voices, sound-alike voices, signatures,

12 identities and personas for commercial purposes.

13 **AS TO THE THIRD AND FOURTH CAUSES OF ACTION**

14     1.       General and special damages in an amount to be determined according to proof at

15 the time of trial, together with interest thereon at the maximum legal rate;

16     2.       Statutory damages;

17     3.       Treble damages;

18     4.       An award of Plaintiffs' attorneys' fees;

19     5.       Preliminary and permanent injunction prohibiting Defendants and their affiliated

20 companies from any further commercial use of Plaintiffs' trademarks and trade dress including

21 without limitation Plaintiffs' names and images.

22 **AS TO THE FIFTH CAUSE OF ACTION**

23     1.       General and special damages in an amount to be determined according to proof at

24 the time of trial, together with interest thereon at the legal rate;

25     2.       Preliminary and permanent injunction prohibiting Defendants and their affiliated

26 companies from any further commercial use of Plaintiffs' rights of publicity and privacy,

27 including Plaintiffs' names, photographs, likenesses, images, voices, sound-alike voices,

28 signatures, identities and personas, and Plaintiffs' trademarks and trade dress.

<u>AS TO ALL CAUSES OF ACTION</u>

1.    For all costs of suit incurred herein; and

2.    For such other and further relief as the Court may deem to be just and proper.

Dated: March 28, 2013          HARDER MIRELL & ABRAMS LLP

By:  _____
     CHARLES J. HARDER
     Attorneys for Plaintiffs
     BRADLEY COOPER and LIAM NEESON

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury.

Dated: March 28, 2013          HARDER MIRELL & ABRAMS LLP

By:  _____
     CHARLES J. HARDER
     Attorneys for Plaintiffs
     BRADLEY COOPER and LIAM NEESON

-12-
COMPLAINT

- 17 -

| 1 | **CASE NAME:** | **BRADELY COOPER, et al. v. VUTEC** |
|---|---|---|
| 2 | **CASE NO.:** | **CORPORATION, et al.** |

3

4 **PROOF OF SERVICE**

5

6 STATE OF CALIFORNIA                )
                                                    ) ss.
COUNTY OF LOS ANGELES     )

7

8     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 725 South Figueroa Street, Suite 350, Los Angeles, California 90017.

9

10    On April 26, 2013, I served the foregoing document(s) described as **DEFENDANT FIRST IMPRESSIONS THEME THEATRES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) [Diversity Jurisdiction]**, on the interested parties in this action by placing the true copies thereof enclosed in a sealed envelope(s) addressed as follows:

11

12

| Charles J. Harder, Esq.<br>Douglas E. Mirell, Esq.<br>HARDER MIRELL & ABRAMS LLP<br>1801 Avenue of the Stars, Suite 1120<br>Los Angeles, California 90067<br>Telephone:  (424) 203-1600<br>Facsimile:   (424) 203-1601<br>Email:<br><u>charder@hmafirm.com</u><br><u>dmirell@hmafirm.com</u> | Attorneys for Plaintiffs<br>**BRADLEY COOPER and LIAM NEESON** |
|---|---|

20  [X]   <u>**By United States Mail:**</u>  I caused such envelope to be deposited in the mail at Los Angeles, CA 90017.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of expiration of deposit for mailing in affidavit.

25  [ ]   **By Facsimile Transmission:**  At approximately _____ a.m./p.m., I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (___)_____.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

**PROOF OF SERVICE (CONT'D.)**

**CASE NAME:**    **BRADELY COOPER, et al. v. VUTEC CORPORATION, et al.**

**CASE NO.:**

[ ]    **By Email or Electronic Transmission:** The above-referenced documents (was sent via electronic transmission to the addressee(s) email address as indicated on the attached service list.

[ ]    **Personal Service By Messenger Delivery:** I caused these documents to be delivered in such envelope by hand to the offices of the addressee.

[ ]    **By Overnight Delivery:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

[X]    **(FEDERAL)** I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2013, at Los Angeles, California.

Toni Pierson

PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BRADLEY COOPER, an individual; and LIAM NEESON, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

VUTEC CORPORATION, a Florida corporation; FIRST IMPRESSIONS THEME THEATERS, INC., a Florida corporation; and DOES 1-20

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Charles J. Harder, Esq. (SBN 184593) Tel.: (424) 203-1600
Douglas E. Mirell, Esq. (SBN 94169)   Fax: (424) 203-1601
HARDER, MIRELL & ABRAMS LLP
1801 Ave. of the Stars, #1120, Los Angeles, CA 90067

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

James C. Potepan, Esq. (SBN 157370) Tel.: (213) 488-0503
Courtney E. Curtis, Esq. (SBN 245231) Fax: (213) 6243755
LECLAIRRYAN LLP
725 S. Figueroa St., #350, Los Angeles, CA 90017

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** Not specified.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal based on diversity, 28 U.S.C. Sections 1332(a) and 1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☒ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-2951

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13) | CIVIL COVER SHEET | Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 4/26/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

| | |
|---|---|
| 1 | **CASE NAME:**     **BRADLEY COOPER, et al. v. VUTEC** |
| 2 |                        **CORPORATION, et al.** |
|   | **CASE NO.:** |

**PROOF OF SERVICE**

STATE OF CALIFORNIA         )
                            ) ss.
COUNTY OF LOS ANGELES )

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 725 South Figueroa Street, Suite 350, Los Angeles, California 90017.

        On April 26, 2013, I served the foregoing document(s) described as **DEFENDANT FIRST IMPRESSIONS THEME THEATRES, INC.'S CIVIL COVER SHEET**, on the interested parties in this action by placing the true copies thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Charles J. Harder, Esq.<br>Douglas E. Mirell, Esq.<br>HARDER MIRELL & ABRAMS LLP<br>1801 Avenue of the Stars, Suite 1120<br>Los Angeles, California 90067<br>Telephone:  (424) 203-1600<br>Facsimile:   (424) 203-1601<br>Email:<br>    charder@hmafirm.com<br>    dmirell@hmafirm.com | Attorneys for Plaintiffs<br>**BRADLEY COOPER and LIAM NEESON** |

[X]  **By United States Mail:**  I caused such envelope to be deposited in the mail at Los Angeles, CA  90017.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of expiration of deposit for mailing in affidavit.

[ ]  **By Facsimile Transmission:**  At approximately _____ a.m./p.m., I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (___) _____.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

---

PROOF OF SERVICE

## PROOF OF SERVICE (CONT'D.)

**CASE NAME:**   **BRADELY COOPER, et al. v. VUTEC CORPORATION, et al.**

**CASE NO.:**

[  ]   **By Email or Electronic Transmission:**  The above-referenced documents (was sent via electronic transmission to the addressee(s) email address as indicated on the attached service list.

[  ]   **Personal Service By Messenger Delivery:**  I caused these documents to be delivered in such envelope by hand to the offices of the addressee.

[  ]   **By Overnight Delivery:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

[X]   **(FEDERAL)**  I am employed in the office of a member of the bar of this court  at whose direction the service was made.  I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2013, at Los Angeles, California.

Toni Pierson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 2951 SJO (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.