JAMES C. POTEPAN (SBN 107370)
Email: james.potepan@leclairryan.com
COURTNEY E. CURTIS (SBN 245231)
Email: courtney.curtis@leclairryan.com
LECLAIRRYAN LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendant
FIRST IMPRESSIONS THEME THEATERS,
INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY COOPER, an individual; and LIAM NEESON, an individual, | Case No. CV13-02951 SJO (SHx) [Hon. Judge S. James Otero] |
| Plaintiffs, | |
| v. | **DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| VUTEC CORPORATION, a Florida corporation; FIRST IMPRESSIONS THEME THEATERS, INC., a Florida corporation; and DOES 1-20, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Current Response Date:    05/10/13
New Response Date:        05/17/13

Complaint Filed:          03/28/13
Removed to Federal Court: 04/26/13

Defendant First Impressions Theme Theaters, Inc. ("Defendant"), for itself alone and for no other defendant, hereby answers the allegations of the Complaint of Plaintiffs Bradley Cooper and Liam Neeson in the above-captioned action as follows:

<u>Summary of the Action</u>

1.    In response to paragraph 1 of the Complaint, Defendant admits that Bradley Cooper and Liam Neeson are actors and that each have starred in some

motion pictures.  Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies each and every remaining allegation contained therein.

2.     In response to paragraph 2 of the Complaint, Defendant admits that it sells commercial products and services in the audio/visual technology industry.

3.     In response to paragraph 3 of the Complaint, Defendant denies that it engaged in any of the alleged wrongful conduct such that a claim for relief arises under law.  Except as otherwise denied, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies the allegations contained therein.

<u>The Parties</u>

4.     In response to paragraph 4 of the Complaint, Defendant admits that Bradley Cooper is an individual.   Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies each and every remaining allegation contained therein.

5.     In response to paragraph 5 of the Complaint, Defendant admits that Liam Neeson is an individual.  Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies each and every remaining allegation contained therein.

6.     In response to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies the allegations contained therein.

7.     In response to paragraph 7 of the Complaint, Defendant admits that it is a corporation organized and existing under the laws of the State of Florida.

1  Defendant admits that it does some business in the Central District of California.

2  Except as otherwise admitted, Defendant is without sufficient knowledge or

3  information to form a belief as to the truth of the allegations contained in paragraph

4  7 and on that basis denies each and every remaining allegation contained therein.

5        8.     In response to paragraph 8 of the Complaint, Defendant is without

6  sufficient knowledge or information to form a belief as to the truth of the

7  allegations contained in paragraph 8 and on that basis denies the allegations

8  contained therein.

9        9.     Defendant denies each and every allegation contained in paragraph 9

10  of the Complaint.

11  Bradley Cooper

12        10.     In response to paragraph 10 of the Complaint, Defendant admits that

13  Bradley Cooper is an actor who has starred in some motion pictures. Except as

14  otherwise admitted, Defendant is without sufficient knowledge or information to

15  form a belief as to the truth of the allegations contained in paragraph 10 and on that

16  basis denies each and every remaining allegation contained therein.

17        11.     In response to paragraph 11 of the Complaint, Defendant admits that

18  Bradley Cooper is an actor who has starred in some motion pictures. Except as

19  otherwise admitted, Defendant is without sufficient knowledge or information to

20  form a belief as to the truth of the allegations contained in paragraph 11 and on that

21  basis denies each and every remaining allegation contained therein.

22        12.     In response to paragraph 12 of the Complaint, Defendant admits that

23  Bradley Cooper is an actor who has starred in some motion pictures. Except as

24  otherwise admitted, Defendant is without sufficient knowledge or information to

25  form a belief as to the truth of the allegations contained in paragraph 12 and on that

26  basis denies each and every remaining allegation contained therein.

27        13.     In response to paragraph 13 of the Complaint, Defendant admits that

28  Bradley Cooper is an actor who has starred in some motion pictures. Except as

1  otherwise admitted, Defendant is without sufficient knowledge or information to
2  form a belief as to the truth of the allegations contained in paragraph 13 and on that
3  basis denies each and every remaining allegation contained therein.

4      14.    In response to paragraph 14 of the Complaint, Defendant admits that
5  Bradley Cooper is an actor who has starred in some motion pictures.  Except as
6  otherwise admitted, Defendant is without sufficient knowledge or information to
7  form a belief as to the truth of the allegations contained in paragraph 14 and on that
8  basis denies each and every remaining allegation contained therein.

9                              Liam Neeson

10     15.    In response to paragraph 15 of the Complaint, Defendant admits that
11  Liam Neeson is an actor who has starred in some motion pictures.   Except as
12  otherwise admitted, Defendant is without sufficient knowledge or information to
13  form a belief as to the truth of the allegations contained in paragraph 15 and on that
14  basis denies each and every remaining allegation contained therein.

15     16.    In response to paragraph 16 of the Complaint, Defendant admits that
16  Liam Neeson is an actor who has starred in some motion pictures.   Except as
17  otherwise admitted, Defendant is without sufficient knowledge or information to
18  form a belief as to the truth of the allegations contained in paragraph 16 and on that
19  basis denies each and every remaining allegation contained therein.

20     17.    In response to paragraph 17 of the Complaint, Defendant admits that
21  Liam Neeson is an actor who has starred in some motion pictures.   Except as
22  otherwise admitted, Defendant is without sufficient knowledge or information to
23  form a belief as to the truth of the allegations contained in paragraph 17 and on that
24  basis denies each and every remaining allegation contained therein.

25                            Defendant's Conduct

26     18.    Defendant denies each and every allegation contained in paragraph 18
27  of the Complaint.

28     19.    In response to paragraph 19 of the Complaint, Defendant is without

1  sufficient knowledge or information to form a belief as to the truth of the
2  allegations contained in paragraph 19 and on that basis denies the allegations
3  contained therein.

4        20.    Defendant denies each and every allegation contained in paragraph 20
5  of the Complaint.

6        21.    In response to paragraph 21 of the Complaint, Defendant denies that it
7  engaged in any of the alleged wrongful conduct such that a claim for relief arises
8  under law.  Except as otherwise denied, Defendant is without sufficient knowledge
9  or information to form a belief as to the truth of the allegations contained in
10 paragraph 21 and on that basis denies the allegations contained therein.

11 First Cause of Action
12 (Misappropriation of Common Law Right of Publicity)

13       22.    In response to paragraph 22 of the Complaint, Defendant incorporates
14 each and every admission, denial, allegation and other response contained in each
15 of the foregoing paragraphs as if set forth in full herein.

16       23.    Paragraph 23 of the Complaint consists of statements or conclusions of
17 law, and on that basis, Defendant denies the allegations contained therein.

18       24.    Defendant denies each and every allegation contained in paragraph 24
19 of the Complaint.

20       25.    Defendant denies each and every allegation contained in paragraph 25
21 of the Complaint.

22       26.    Paragraph 26 of the Complaint consists of legal remedies that
23 Plaintiffs seek to which no admission or denial is required.

24 Second Cause of Action
25 (Violation of Common Law Right of Privacy)

26       27.    In response to paragraph 27 of the Complaint, Defendant incorporates
27 each and every admission, denial, allegation and other response contained in each
28 of the foregoing paragraphs as if set forth in full herein.

28.     Paragraph 28 of the Complaint consists of statements or conclusions of law, and on that basis, Defendant denies the allegations contained therein.

29.     Defendant denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint consists of legal remedies that Plaintiffs seek to which no admission or denial is required.

Third Cause of Action

(Trademark Infringement/False Association)

32.     In response to paragraph 32 of the Complaint, Defendant incorporates each and every admission, denial, allegation and other response contained in each of the foregoing paragraphs as if set forth in full herein.

33.     In response to paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and on that basis denies the allegations contained therein.

34.     Paragraph 34 of the Complaint consists of statements or conclusions of law, and on that basis, Defendant denies the allegations contained therein.

35.     Paragraph 35 of the Complaint consists of statements or conclusions of law, and on that basis, Defendant denies the allegations contained therein.

36.     Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Defendant denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint consists of legal remedies that Plaintiffs seek to which no admission or denial is required.

///

Fourth Cause of Action

(Trade Dress Infringement)

39.     In response to paragraph 39 of the Complaint, Defendant incorporates each and every admission, denial, allegation and other response contained in each of the foregoing paragraphs as if set forth in full herein.

40.     In response to paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and on that basis denies the allegations contained therein.

41.     Paragraph 41of the Complaint consists of statements or conclusions of law, and on that basis, Defendant denies the allegations contained therein.

42.     Paragraph 42 of the Complaint consists of statements or conclusions of law, and on that basis, Defendant denies the allegations contained therein.

43.     Defendant denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Defendant denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint consists of legal remedies that Plaintiffs seek to which no admission or denial is required.

Fifth Cause of Action

(Negligence)

46.     In response to paragraph 46 of the Complaint, Defendant incorporates each and every admission, denial, allegation and other response contained in each of the foregoing paragraphs as if set forth in full herein.

47.     Defendant denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint consists of statements or conclusions of law, and on that basis, Defendant denies the allegations contained therein.

1     49.    Defendant denies each and every allegation contained in paragraph 49

2 of the Complaint.

3     50.    Paragraph 50 of the Complaint consists of legal remedies that

4 Plaintiffs seek to which no admission or denial is required.

5 **AFFIRMATIVE DEFENSES**

6 First Affirmative Defense

7 (Failure to State a Cause of Action)

8     51.    The Complaint, and each purported claim for relief alleged therein,

9 fails to allege sufficient facts to state a claim against Defendant upon which relief

10 can be granted.

11 Second Affirmative Defense

12 (Laches)

13     52.    Plaintiffs' claims are barred, in whole or in part, under the doctrine of

14 laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights

15 and remedies, if any, despite their full awareness of Defendant's alleged actions.

16 Third Affirmative Defense

17 (Estoppel)

18     53.    Plaintiffs' claims are barred, in whole or in part, under the doctrine of

19 estoppel.

20 Fourth Affirmative Defense

21 (Waiver)

22     54.    Plaintiffs' claims are barred, in whole or in part, under the doctrine of

23 waiver.

24 Fifth Affirmative Defense

25 (Statutes of Limitation)

26     55.    Plaintiffs' claims are barred, in whole or in part, by the applicable

27 statutes of limitation, including California Code of Civil Procedure sections 338(a)

28 and 339(1).

1    <u>Sixth Affirmative Defense</u>

2    (Preemption)

3        56.    Federal copyright law preempts some or all of Plaintiffs' claims

4    asserted under state law.

5    <u>Seventh Affirmative Defense</u>

6    (No Causation)

7        57.    Plaintiffs' claims are barred because Plaintiffs' damages, if any, were

8    not caused by Defendant.

9    <u>Eighth Affirmative Defense</u>

10   (Mitigation)

11       58.    Plaintiffs' claims are barred, in whole or in part, by their failure to take

12   reasonable steps to mitigate their damages, if any.

13   <u>Ninth Affirmative Defense</u>

14   (Non-Infringement)

15       59.    Defendant has not infringed any applicable trademarks under federal

16   or state law.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

a.   That Plaintiffs take nothing by way of their Complaint;

b.   That judgment be entered in favor of Defendant and against Plaintiffs on Plaintiffs' Complaint;

c.   That Defendant be awarded its reasonable attorney's fees and costs of suit incurred herein; and

d.   For such other and further relief as the Court deems just and proper.

Dated:  May 17, 2013                    LECLAIRRYAN LLP


By:   /s/ Courtney E. Curtis
      JAMES C. POTEPAN
      COURTNEY E. CURTIS
      Attorney for Defendant
      FIRST IMPRESSIONS THEME
      THEATRES, INC.

DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury of this case as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  May 17, 2013                          LECLAIRRYAN LLP


By:    /s/ Courtney E. Curtis
JAMES C. POTEPAN
COURTNEY E. CURTIS
Attorney for Defendant
FIRST IMPRESSIONS THEME
THEATRES, INC.

DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

CASE NAME:          **BRADLEY COOPER, et al. v. VUTEC
                    CORPORATION, et al.**

2

CASE NO.:           **CV13-2951 SJO (SHx)**

3

4

**<u>CERTIFICATE OF SERVICE</u>**

5

6    STATE OF CALIFORNIA      )
                             ) ss.
7    COUNTY OF LOS ANGELES )

8         I am employed in the County of Los Angeles, State of California.  I am over
     the age of 18 years and not a party to the within action; my business address is 725
9    South Figueroa Street, Suite 350, Los Angeles, California 90017.

10        On May 17, 2013, I served the foregoing document(s) described on the
     interested parties in this action by placing the true copies thereof enclosed in a
11   sealed envelope(s) addressed as follows:

12                         **ANSWER TO COMPLAINT**

13

| | |
|---|---|
| Charles J. Harder, Esq.<br>Douglas E. Mirell, Esq.<br>HARDER MIRELL & ABRAMS LLP<br>1801 Avenue of the Stars, Suite 1120<br>Los Angeles, California 90067<br>Telephone:  (424) 203-1600<br>Facsimile:   (424) 203-1601<br>Email:<br>     charder@hmafirm.com<br>     dmirell@hmafirm.com | Attorneys for Plaintiffs<br>**BRADLEY COOPER and LIAM<br>NEESON** |
| David W. Swift, Esq.<br>KINSEL WEITZMAN ISER KUMP &<br>ALDISERT LLP<br>808 Wilshire Blvd., 3rd Floor<br>Los Angeles, CA 90401<br>Telephone:  (310) 566-9800<br>Facsimile:   (310) 566-9872<br>     dswift@kwikalaw.com | Attorneys for Defendant<br>**VUTEC CORPORATION** |

27

28

DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

## CERTIFICATE OF SERVICE (CONT'D.)

[ ]   **By United States Mail:**  I caused such envelope to be deposited in the mail at Los Angeles, CA  90017.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of

[ ]   **By Facsimile Transmission:**  At approximately _____ a.m./p.m., I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (___) _____.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

[ ]   **By Email or Electronic Transmission:**  The above-referenced documents (was sent via electronic transmission to the addressee(s) email address as indicated on the attached service list.

[ ]   **Personal Service By Messenger Delivery:**  I caused these documents to be delivered in such envelope by hand to the offices of the addressee.

[ ]   **By Overnight Delivery:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e)).

[X]   **(BY ECF TRANSMISSION)** The above-referenced documents (was sent via PACER ECF to the addressee(s) as indicated on the attached service list.

[X]   **(FEDERAL)**  I am employed in the office of a member of the bar of this court  at whose direction the service was made.  I certify under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2013, at Los Angeles, California.

Ladonna Ellis

DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT