CHARLES J. HARDER (State Bar No. 184593)
DOUGLAS E. MIRELL (State Bar No. 94169)
SARAH E. LUPPEN (State Bar No. 258559)
KIMBERLINA N. MCKINNEY (State Bar No. 286349)
HARDER MIRELL & ABRAMS LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067
Telephone: (424) 203-1600
Facsimile: (424) 203-1601

Attorneys for Plaintiffs
BRADLEY COOPER and LIAM NEESON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY COOPER, an individual; and LIAM NEESON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> VUTEC CORPORATION, a Florida corporation; FIRST IMPRESSIONS THEME THEATERS, INC., a Florida corporation; and DOES 1–20, inclusive, <br><br> Defendants. | Case No. CV 13-02951 SJO (SHx) <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)** <br><br> <u>Scheduling Conference</u> <br><br> Date: June 10, 2013 <br> Time: 8:30 a.m. <br> Courtroom: 1 <br><br> Action Filed: March 28, 2013 <br> Case Removed: April 26, 2013 <br> Jury Trial Date: None Set |

The parties hereby submit their Joint Rule 26(f) Conference Report pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 26(f), Local Rule 26-1, and this Court's Civil Minutes dated May 8, 2013 (Dkt. No. 15) (the "May 8, 2013 Order"). The meet and confer conference pursuant to Rule 26(f) was conducted telephonically between Charles J. Harder, Esq. and Sarah E. Luppen, Esq. for Plaintiffs Bradley Cooper and Liam Neeson (collectively, the "Plaintiffs"), Brian C.

Vanderhoof, Esq. for Defendant First Impressions Theme Theaters, Inc. ("First Impressions") and David W. Swift, Esq. for Defendant Vutec Corporation ("Vutec") (collectively, the "Defendants").

## I. BRIEF SYNOPSIS OF THE CASE

### A. By Plaintiffs

Bradley Cooper and Liam Neeson are internationally recognized motion picture actors, and their images and identities have substantial commercial value. Defendants are companies that sell commercial products and services in the audio/visual technology industry. Defendants used a very large photograph of Plaintiffs in Defendants' commercial advertising, marketing and promotion, including in *full-page* print advertisements published in multiple magazines, as well as Defendants' respective commercial websites—including a very large photograph of Plaintiffs at the *homepage* of www.Vutec.com, and also at First Impressions' commercial website www.CineLoungers.com (collectively, the "Advertisements"). Defendants distributed the Advertisements throughout the United States and throughout the world.

Defendants did not ask for or receive Plaintiffs' permission to use their images and associated publicity rights, privacy rights and trademark rights in the Advertisements or otherwise to associate with Defendants' companies, products and services. Accordingly, Defendants are liable to Plaintiffs for the infringement of their publicity rights, privacy rights and trademark rights. Pursuant to this lawsuit, Plaintiffs seek compensatory damages, treble damages, punitive damages, reimbursement of their attorney's fees and costs, and a preliminary and permanent injunction to stop all further use of Plaintiffs' names, images, identities and other rights of publicity, privacy, and trademarks, in connection with Defendants' companies, products and services.

### B. By First Impressions

First Impressions denies the allegations of the Complaint and contends that

Plaintiffs' claims are barred by the statute of limitations and that they are preempted by the Copyright Act.

### C. By Vutec

Vutec is a family-owned business in Florida that manufactures high-performance projection screens and audiovisual accessories, which are sold through distributors and dealers (not directly to consumers). First Impressions is a designer, manufacturer and installer of custom home theaters. In or about 2010 or 2011, First Impressions caused a photograph of a home theater it had created to be produced for editorial and advertising use (the "advertisement"). The photograph included a Vutec screen in the theater, with an image on the screen of four men. Vutec is informed that two men in the image are plaintiffs Bradley Cooper and Liam Neeson.

Vutec had no part in the design, creation or content of First Impressions' advertisement. In or about October 2011, Vutec and First Impressions entered into an agreement that Vutec could use the First Impressions advertisement, provided that Vutec include a credit to First Impressions for the theater depicted in the ad. In their discussions, First Impressions informed Vutec that First Impressions had designed and produced the advertisement itself.

Vutec ran the advertisement in the May 2012 issue of the niche publication, Electronic House Magazine, at a cost of $1,500. The image also appeared on Vutec's website for two months and was removed as soon as Vutec learned of the Complaint in this action.

Vutec denies that Plaintiffs, or either of them, have been damaged by any conduct of Vutec. In the event Plaintiffs prevail on any of their claims and are awarded damages, First Impressions is liable to Vutec for any damages that may be awarded to Plaintiffs against Vutec. In addition, First Impressions is liable for Vutec's attorneys' fees and costs incurred to defend against Plaintiffs' Complaint.

//

//

## II. MATTERS TO BE ADDRESSED PURSUANT TO FRCP RULE 26(f)

### A. Rule 26(a) Disclosures

The Rule 26(a) disclosures will be made on or before June 13, 2013, which is three weeks after the parties' Rule 26(f) conference. The parties do not propose to modify or change the form or requirements for disclosures under Rule 26(a), other than allowing themselves one additional week to prepare and serve the Rule 26(a) disclosures.

### B. Subjects for Discovery

**By Plaintiffs:**

Plaintiffs expect to take written discovery, and both fact and expert depositions, related to at least the following subjects:

1. Defendants' infringement, Defendants' other alleged actions, the claims set forth in the Complaint, and the claims set forth in Vutec's Cross-Complaint.

2. Damages.

3. The basis of each of Defendants' affirmative defenses.

4. Any other matters related to the foregoing.

**By First Impressions:**

First Impressions anticipates using all discovery methods allowed under Rule 26, including requests for documents, interrogatories, requests for admissions. It also contemplates retaining expert witnesses, including without limitation individuals with specialized knowledge of the value of "celebrity" images. First Impressions further anticipates taking the depositions of plaintiffs Cooper and Neeson as well as each of their agents and managers. First Impressions will also take the deposition(s) of any experts designated by Plaintiffs.

**By Vutec:**

Vutec expects to take written discovery, and fact and expert depositions, relating to at least the following subjects:

1. Plaintiffs' claims set forth in the Complaint;

2. Vutec's claim set forth in the Cross-Complaint;

3. Plaintiffs' endorsement agreements and fees;

4. First Impressions' production and use of the advertisement of which Plaintiffs complaint;

5. Plaintiffs' alleged damages;

6. Any alleged affirmative defenses of First Impressions to Vutec's Cross-Claim;

7. Any other matters related to the foregoing.

**Joint:**

The parties reserve their right to serve discovery on additional topics as they arise. The parties also believe that experts will be required.

### C. Electronically Stored Information

The parties agree to preserve discoverable electronically stored information. The parties agree to provide electronically stored information as required by FRCP 26(b)(2)(B). The parties agree to produce electronic documents in an electronically searchable form in a format mutually agreeable by the parties, if requested and where reasonably necessary.

### D. Privilege and Protection of Pretrial Materials

The parties do not foresee any issues regarding claims of privilege. The parties agree to negotiate and stipulate to a Protective Order regarding the treatment of confidential information produced in discovery to submit to the Court.

### E. Proposed Modification of the Discovery Rules

Except as expressly stated herein, the parties propose that no modifications be made with regard to limitations on discovery imposed by the FRCP or Local Rules at this time. The parties respectfully reserve the right to seek leave of Court to amend or deviate from these limits upon agreement or for good cause.

//

//

## III. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULES AND THE MAY 8, 2013 ORDER

### A. Schedule of Pretrial Dates

The parties were able to reach agreement on scheduling issues. The parties have prepared the attached form Schedule of Pretrial Dates as requested by the Court in the May 8, 2013 Order.

### B. Phased Discovery / Bifurcation

The parties agree that discovery should commence on all subjects concurrently, and that bifurcation of certain issues or phased discovery on particular subject matters does not appear necessary at this time. The parties do not have any other proposals regarding severance, bifurcation, or other ordering of proof at this time, but reserve their right to raise any proposals in the future, whether by stipulation or motion.

### C. Trial Estimate

Plaintiffs and Defendants have requested that all claims be tried to a jury. The parties estimate that the jury trial will last six to eight days, with each side having three to four days to present their case.

### D. Settlement and Settlement Mechanism

The parties have discussed generally the topic of a possible early settlement. Settlement prospects are unknown at this time. The parties stipulate to conducting a mediation before a mutually-agreeable private mediator pursuant to Settlement Procedure No. 3 under Local Rule 16.15-4.

### E. Complex Case

The parties do not believe this is a complex case or that the procedures of the Manual for Complex Litigation should be utilized.

### F. Additional Parties

The parties are presently unaware of any additional parties that should be included in this action, however, discovery has not yet been conducted, and Rule

1  26(a) disclosures have not yet been served.

### G. Motion Schedule

The parties agree that any party opposing a dispositive or partially-dispositive motion should receive a minimum of 14 calendar days after the filing date to oppose the motion, not including the three days prescribed by FRCP 6(d).

### H. Dispositive Motions

Plaintiffs do not anticipate bringing any dispositive motions. Defendants contemplate bringing a motion for summary judgment.

### I. Unusual Legal Issues

The parties agree that there are not any unusual legal issues presented by the case.

### J. Expert Witnesses

Each of the parties anticipates retaining expert witnesses on the issue of damages and perhaps on other issues.

| | | |
|---|---|---|
| Dated: May 28, 2013 | | HARDER MIRELL & ABRAMS LLP |

By: /s/ Charles J. Harder
    CHARLES J. HARDER
    Attorneys for Plaintiffs
    BRADLEY COOPER and LIAM
    NEESON

Dated: May 28, 2013    LECLAIRRYAN LLP

By: /s/ Brian C. Vanderhoof
    COURTNEY E. CURTIS
    BRIAN C. VANDERHOOF
    Attorneys for Defendant
    FIRST IMPRESSIONS THEME
    THEATERS, INC.

Dated: May 28, 2013    KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ David W. Swift
    DAVID W. SWIFT
    Attorneys for Defendant
    VUTEC CORPORATION

**ATTACHMENT**

# SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: 6-8 Days | 9:00 a.m. | N/A | June 2, 2014 | June 2, 2014 | |
| Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statements re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief | 9:00 a.m. | 8 days before trial | May 23, 2014 | May 23, 2014 | |
| Last Day for Hearing Motions | | 45 days before trial | April 18, 2014 | April 18, 2014 | |
| Discovery Cut-Off | | 90 days before trial | March 4, 2014 | March 4, 2014 | |
| Initial Expert Disclosures | | 150 days before trial | January 3, 2014 | January 3, 2014 | |
| Rebuttal Expert Disclosures | | 129 days before trial | January 24, 2014 | January 24, 2014 | |

//

//

//

//

-1-

ATTACHMENT: SCHEDULE OF PRETRIAL DATES

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

L.R. 16-14 Settlement Choice:      (1) CT/USMJ (2) Atty (3) Outside ADR (4) Trial Court

| | | | | | |
|---|---|---|---|---|---|
| Last Day to Conduct Settlement Conference | | 3 weeks prior to pretrial conference | May 2, 2014 | May 2, 2014 | |
| Last Day to Amend Pleadings or Add Parties | | Within 30 days from scheduling conference | July 12, 2013 | July 12, 2013 | |

-2-
ATTACHMENT: SCHEDULE OF PRETRIAL DATES