JAMES C. POTEPAN (SBN 107370)
Email: james.potepan@leclairryan.com
CHAD M. MANDELL (SBN 272775)
Email: chad.mandell@leclairryan.com
LECLAIRRYAN LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendant
FIRST IMPRESSIONS THEME THEATERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY COOPER, an individual; and LIAM NEESON, an individual, | Case No. CV13-02951 SJO (SHx) |
| Plaintiffs, | *[Magistrate Judge: Hon. Stephen J. Hillman, Courtroom 550-Roybal]* |
| v. | **JOINT STIPULATION TO MOTION TO COMPEL FURTHER RESPONSES BY PLAINTIFF LIAM NEESON TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| VUTEC CORPORATION, a Florida corporation; FIRST IMPRESSIONS THEME THEATERS, INC., a Florida corporation; and DOES 1-20, inclusive, | |
| Defendants. | DATE:           December 9, 2013 |
| | TIME:           2:00 p.m. |
| | COURTROOM: 550 |
| | **DISCOVERY MATTER** |
| AND RELATED CROSS-ACTIONS. | Discovery Cutoff: 1/29/2014 |
| | Motion Cutoff:   3/03/2014 |
| | Pretrial Conf.:   4/21/2014 |
| | Jury Trial Date:  4/29/2014 |

11805142

41123.1000

JOINT STIP. TO MTN. TO COMPEL FURTHER RESPONSES BY NEESON TO REQ FOR PROD. OF DOCS., SET ONE

# <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

DEFENDANT'S INTRODUCTORY STATEMENT ............................................. 1

I.    DEFENDANT SEEKS HIGHLY RELEVANT DOCUMENTS ................... 1

II.   LOCAL RULE 37-1 PRE-FILING CONFERENCE OF COUNSEL ............ 2

III.  THIS COURT SHOULD COMPEL PLAINTIFF TO PRODUCE DOCUMENTS ............................................................................ 3

PLAINTIFF'S INTRODUCTORY STATEMENT ............................................ 3

ARGUMENT ............................................................................ 6

IV.  DEFENDANT'S STATEMENT OF LEGAL STANDARD ......................... 6

V.   SPECIFIC DISCOVERY AT ISSUE ................................................ 7

    A.   Defendant Requires the Requested Documents So It Can Defend Itself Against Plaintiff's allegations .......................... 8

    B.   Plaintiff Refused To Provide The Requested Documents .................... 9

    C.   Plaintiff's Blanket and Boilerplate Objections Are Meritless and Should Be Disregarded ................................................ 9

    D.   Defendant Met And Conferred With Plaintiff In Good Faith; However, Plaintiff Still Refuses To Produce The Requested Documents ............................................................ 10

CONCLUSION ...................................................................... 66

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Blankenship v. Hearst Corp.*,
   519 F.2d. 418 (9th Cir. 1975) ................................................................ 6

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,
   408 F.3d 1142, (9th Cir. 2005) .......................................................... 9, 10

*Farber & Partners, Inc. v. Garberg*,
   234 F.R.D. 186 (C.D. Cal. 2006) ........................................................... 9

*In re Subpoena to Witzel*,
   531 F.3d 113 (1st Cir. 2008) .............................................................. 7, 8

*Jones v. Commander, Kansas Army Ammunitions Plant*,
   147 F.R.D. 248 (D. Kan. 1993) .......................................................... 6, 7

Laethem Equipment Co. v. Deere & Co.,
   261 FRD 127 (E.D. MI 2009) ......................................... 30, 33, 36, 51, 54

*Nacht & Lewis Architects, Inc. v. Superior Court*,
   47 Cal. App. 4th 214 (1996) .................................... 25, 29, 31, 34, 47, 49

*Ramirez v. County of Los Angeles*,
   231 F.R.D. 407 (C.D. Cal. 2005) ....... 13, 15, 18, 20, 23, 27, 29, 32, 35, 38, 40, 43

*Saca v. J.P. Molyneux Studio Ltd.*,
   CIVS06-2818 MCE EFB, 2008 WL 62181 (E.D. Cal. Jan. 4, 2008) ................ 44

*Surfvivor Media, Inc. v. Survivor Prods.*,
   406 F.3d 625 (9th Cir.2005) .................... 7, 11, 13,14, 16, 18, 19, 21, 23, 24

*United States v. Int'l Union of Petroleum & Indus. Workers*,
   870 F.2d 1450, 1452 (9th Cir. 1989) ..................................................... 56

*Walker v. Lakewood Condominium Onwers Ass'n*,
   186 F.R.D. 584 (C.D. Cal. 1999) ........................................................... 9

*Weingarten v. Superior Court*,
   102 Cal. App. 4th 268,
   125 Cal. Rptr. 2d 371 (Cal. Ct. App. 2002) ........................................... 44

**Statutes**

15 U.S.C. § 1117 ...................................................................................... 2, 61

C.C.P. § 2017.010.............................................26, 37, 39, 40, 42, 44, 45, 46, 48, 55

C.C.P. § 2034............................................................25, 29, 31, 34, 47, 49

F.R.C.P. §34.............. 8, 12, 14, 17, 19, 22, 24, 25, 28, 31, 34, 37, 39, 41, 44, 46, 48,

.................................................................50, 52, 55, 57, 58, 60, 64

F.R.C.P. §37.......................................................................1, 2, 3, 4, 5, 6, 7, 8

F.R.C.P. §26............ 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 27,

.................................................................28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39,

.................................................................40, 41, 43, 44, 51,52, 54, 56, 57

JOINT STIP. TO MTN. TO COMPEL FURTHER RESPONSES BY NEESON TO REQ FOR PROD. OF DOCS., SET ONE

1 | Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2.1,
2 | Defendant First Impressions, Inc., ("Defendant") and Plaintiff Liam Neeson
3 | ("Plaintiff") submit the following Joint Stipulation regarding Defendant's Motion
4 | to Compel Production of Documents from Plaintiff.

**DEFENDANT'S INTRODUCTORY STATEMENT**

6 | Plaintiff refuses to produce key documents that could confirm or deny his
7 | allegations and substantiate the millions of dollars in damages he seeks for
8 | trademark and copyright infringement, misappropriation of publicity rights, and
9 | related claims.

**I.   DEFENDANT SEEKS HIGHLY RELEVANT DOCUMENTS**

11 | Defendant First Impressions Theme Theatres, Inc. ("Defendant" or "First
12 | Impressions") is an in-home theatre design company.  Plaintiffs Liam Neeson and
13 | Bradley Cooper claim that First Impressions infringed their intellectual property
14 | rights by using a still photograph from the movie the "The A-Team" in a limited
15 | number of advertisements.  The photograph at issue depicted A-Team characters
16 | Templeton "Faceman" Peck, John "Hannibal" Smith, H.M. "Howling Mad"
17 | Murdock, and B.A. Baracus, as portrayed by Plaintiff Bradley Cooper, Plaintiff
18 | Liam Neeson, Sharlto Copley, and Quinton Jackson.

19 | On July 10, 2013, Defendant propounded its Requests for Production, Set
20 | One, to Plaintiff.  Declaration of Chad Mandell ("Mandell Dec."), Ex. A.
21 | Defendant sought highly relevant documents which could establish whether
22 | Plaintiff has any of the intellectual property rights he claims were infringed, or
23 | whether he transferred those rights to another party, such as the film's producer,
24 | Twentieth Century Fox Film Corporation.  Defendant also asked for documents
25 | which could substantiate the vast amount of damages he seeks.  Instead of
26 | producing these documents, Plaintiff blanketed his responses with improper,
27 | boilerplate objections, and produced documents to less than half Defendant's
28 | requests.

## II.    LOCAL RULE 37-1 PRE-FILING CONFERENCE OF COUNSEL

On August 29, 2013, Defendant sent Plaintiff a detailed meet and confer letter which fully addressed the deficiencies in Plaintiff's responses and requested that Plaintiff supplement his responses accordingly by September 13, 2013. Plaintiff neither withdrew his objections nor provided the required documents. Accordingly, the parties agreed to attend a 37-1 conference of counsel on September 9, 2013. *See Id.*, Exs. D and E.

At the conference of counsel, Plaintiff refused to supplement his responses to Request No. 1 (seeking all drafts and versions of Plaintiff's Agreement with Fox for the movie "The A-Team"), and Nos. 10, 14, 15, and 16 (seeking consents, authorizations, licenses, royalty agreements, and releases pertaining to Plaintiff's purported intellectual property, image, and likeness.) *See Id.*

Although Plaintiff's counsel agreed that Plaintiff would supplemental his responses to Request Nos. 7, 8, 35, 41, 42, 50, 51, 52, and 54, he actually supplemented less than half of these requests.  Plaintiff has not provided documents responsive to Request No. 35 (seeking documents related to the discovery the alleged infringement), No. 50 (seeking documents supporting Plaintiff's allegation that Defendant acted willfully, maliciously, and oppressively), No. 51 (seeking documents supporting Plaintiff's allegation that this is an "exceptional case," within the meaning of 15 U.S.C. § 1117(a) of the Lanham Act), No. 52 (seeking documents supporting Plaintiff's allegation that the purported infringement is likely to confuse, mislead, and/or deceive the consuming public), and No. 54 (seeking documents which describe each element and component of Plaintiff's purported "trade dress").

Plaintiff's counsel stated that he would consider providing further responses to Request Nos. 9, 11, 12, 13, and 24 (seeking documents relating to the value of Plaintiff's intellectual property, image, likeness, trademarks, and trade dress), Nos. 27 and 28 (seeking documents concerning any medical treatment or emotional

1   injuries Plaintiff sustained in this matter), and Nos. 29 and 30 (seeking documents

2   relating to any loss of earnings sustained by Plaintiff in this matter).  *See Id.*  None

3   of these responses were ever supplemented.

4   **III.   THIS COURT SHOULD COMPEL PLAINTIFF TO PRODUCE**

5   **DOCUMENTS**

6          There is no justification for Plaintiff's failure to produce these documents.

7   Plaintiff is seeking millions of dollars and yet he is clearly trying to thwart

8   Defendant's right to discover basic information pertaining to the allegations

9   contained in the Complaint.  Accordingly, Defendant respectfully requests that is

10  this Court compel Plaintiff to immediately provide full and complete responses to

11  the Requests for Production addressed herein.

12                    **PLAINTIFF'S INTRODUCTORY STATEMENT**

13         This case arises out of First Impressions' unauthorized use of the images and

14  identities of Bradley Cooper and Liam Neeson, two internationally recognized,

15  acclaimed and highly sought after motion picture actors with substantial

16  commercial value.  In or around April 2010 through April 2013, First Impressions

17  prominently used Plaintiffs' photographs in several full-page print advertisements

18  published in numerous magazines, its customer catalog, online resource and

19  customer buyer guides and at its commercial website—including prominently at its

20  website, www.cineloungers.com—among other advertising, marketing and

21  promotional efforts.  On March 28, 2013, Plaintiffs brought claims against

22  Defendant First Impressions for, among other causes of action, misappropriation of

23  common law right of publicity and trademark infringement.  The action was

24  removed to federal court on April 26, 2013.

25         On October 31, 2013, counsel for First Impressions emailed Plaintiffs'

26  counsel five Joint Stipulations which are, as a whole, remarkable in their

27  impropriety, unintelligibility, inaccuracy and untimeliness.  Such Joint Stipulations

28  were also unexpected in light of the fact that the prerequisites of Local Rule 37-1

11805142                                    3                                    41123.1000

1    had not been met.  Upon review of the five Joint Stipulations, Plaintiffs' counsel

2    pointed out numerous infirmities contained therein—from inaccurate

3    representations of Plaintiffs' discovery responses to First Impressions' failure to

4    even provide contentions (or, worse, providing unintelligible and inapplicable

5    contentions, thereby frustrating Plaintiff's efforts to respond) regarding certain

6    items in dispute.  Plaintiffs' counsel demanded that First Impressions withdraw the

7    Joint Stipulations and revise them to correct the deficiencies and account for

8    Plaintiffs' subsequent supplemental productions.

9         Instead, First Impressions opted to value their own precipitous claims of

10   urgency over the resources of this Court and the requirements of Federal Rule of

11   Civil Procedure 37.  Instead of withdrawing their motions and correcting them,

12   First Impressions has suggested that they need not provide Plaintiffs with an

13   accurate Joint Stipulation, but will simply scratch certain items, and "resubmit

14   future joint stipulations as to these requests at another time."  McKinney Decl.,

15   Exhibit A.   While Plaintiffs contend that the lodging of these Joint Stipulations is

16   intended to harass and intimidate Plaintiffs who have provided full and complete

17   responses that comport with their obligations under the Federal Rules, such a

18   statement also betrays Defendant's wanton disregard for the judicial resources of

19   this Court and Plaintiffs' interest in efficient discovery dispute resolution.

20        The Joint Stipulation to compel Plaintiff Liam Neeson ("Plaintiff" herein) to

21   provide further responses to First Impressions' Requests for Production (Set One) is

22   both procedurally and substantively defective and has been brought for the wholly

23   improper purpose of harassing Plaintiff, as evidenced below.

24        First, Plaintiff provided supplemental responses and a supplemental

25   document production on November 5, 2013.  The Joint Stipulation does not account

26   for Plaintiff's supplemental discovery.  Counsel for First Impressions has

27   acknowledged their failure to review such supplemental production before

28   proceeding with this motion with the full knowledge that the production has mooted

1   many of their concerns.  McKinney Decl., Exhibit A.   As such, First Impressions'

2   current motion both wastes the court's resources and needlessly multiplies the

3   expense to all counsels' clients.

4          <u>Second</u>, the Joint Stipulation does not comply with Local Rule 37-1.  Namely,

5   moving papers must include a certification that the movant has "in good faith

6   conferred or attempted to confer" and, before any discovery motion can be filed, an

7   **in-person** meeting is required if both counsel are in the same county.  CDCA Rule

8   37-1.  Neither has occurred.  The parties have only met informally via telephone to

9   discuss Plaintiff's responses, and never in person.  Further, as First Impressions'

10  Joint Stipulation submission makes clear, First Impressions made no attempt to

11  resolve the disputed issues through negotiation or by limiting the scope of their

12  requests; upon hearing Plaintiff's position, First Impressions simply resorted to

13  court intervention.  Further, First Impressions' characterization of Plaintiff's

14  supplemental productions is misleading.  Plaintiff produced three supplemental

15  productions of documents in this case—on August 14, September 27, and

16  November 5, 2013.  McKinney Decl., Exhibits B-D.  First Impressions made no

17  attempt whatsoever to meet and confer following the latter two supplementations.

18  Failure to comply with the meet and confer requirement is grounds for denial of a

19  motion to compel.

20         <u>Third</u>, many of Plaintiff's responses with which First Impressions takes issue

21  plainly state that non-privileged responsive documents will be produced, if any

22  exist, notwithstanding the properly asserted objections.  To the extent that

23  Defendant has yet to receive responsive documents, that is due either to: (a) their

24  non-existence; or (b) the fact that discovery is not yet complete and will not be

25  completed for another three months – facts which are also plainly stated in

26  Plaintiff's responses.

27         <u>Finally</u>, the Joint Stipulations as a whole fail to properly address **how**

28  Plaintiff's responses are deficient and fail to cite legal authority entitling Defendant

1   to such overbroad, vague and irrelevant discovery.  Plaintiff can only attribute this

2   failure to the belief that these motions to compel are being brought for wholly

3   improper and ultimately sanctionable purposes.

4

5                                    **ARGUMENT**

6   **IV.   DEFENDANT'S STATEMENT OF LEGAL STANDARD**

7           Rule 26 permits discovery in civil actions of "any matter, not privileged, that

8   is relevant to the claim or defense of any part …" Fed. R. Civ. Proc 26(b)(1).

9   "Generally, the purpose of discovery is to remove surprise from trial preparation so

10  the parties can obtain evidence necessary to evaluate and resolve their disputes."

11  *Moon, supra.* 232 F.R.D. 636.  Toward this end, Rule 26(b) is liberally interpreted

12  to permit wide-ranging discovery of information even though the information may

13  not be admissible at trial.  *Jones v. Commander, Kansas Army Ammunitions Plant,*

14  147 F.R.D. 248, 250 (D. Kan. 1993).  "The discovery provisions of the Federal

15  Rules are meant to function without the need for constant judicial interventions and

16  … those Rules rely on the honesty and good faith of counsel in dealing with

17  adversaries."

18          Document request "should not be read or interpreted in an artificially

19  restrictive or hypertechnical manner to avoid disclosure of information fairly

20  covered by the discovery request, and to do so is subject to appropriate sanctions

21  …." Fed. R. Civ. Proc. 37(a) Adv. Comm. Note (1993 Amendment).  A motion to

22  compel documents requests is authorized when responses are evasive and

23  incomplete. Fed R. Civ. Proc. 45(c)(2)(B)(ii). The party who resists discovery has

24  the burden to show discovery should not be allowed, and has the burden of

25  calcifying, explaining, and supporting its objections.  *Blankenship v. Hearst Corp.,*

26  519 F.2d 418, 429 (9th Cir. 1975).

27  ///

28  ///

1   The scope of allowable discovery under the Federal Rules is not as broad as
2   Defendant suggests.  Under Rule 26(b)(1), there are two categories of discovery:
3   that which is relevant to the claim or defense of a party, and that which is merely
4   relevant to the subject matter.  A discovery request is improper where it calls for the
5   production of documents that are neither relevant nor reasonably calculated to lead
6   to the discovery of admissible evidence.  *Surfvivor Media, Inc. v. Survivor Prods.*,
7   406 F.3d 625, 635 (9th Cir.2005). Rule 26(b)(1) allows discovery of "nonprivileged
8   matter that is relevant to any party's claim or defense."  A party seeking broader
9   discovery of a "matter relevant to the subject matter involved in the action" is
10   required to show good cause to support the request.  Fed.R.Civ.P.
11   26(b)(1).  "[W]hen an objection arises as to the relevance of discovery, 'the court
12   would become involved to determine whether the discovery is relevant to the
13   claims or defenses and, if not, whether good cause exists for authorizing it, so long
14   as it is relevant to the subject matter of the action.'"  *In re Subpoena to Witzel*, 531
15   F.3d 113, 118 (1st Cir. 2008) (quoting Fed. R. Civ. P. 26, Advisory Committee
16   Notes, 2000 Amendment).
17   Rule 37 authorizes a party to move for imposition of various sanctions for
18   discovery violations.  Such sanctions include ordering a party to pay the reasonable
19   expenses, including attorneys' fees, caused by its failure to comply with the order
20   or rule. Fed. R. Civ. P. 37 (b)(2)(C), (c)(1)(A).  The Central District's Local Rule
21   37-4 authorizes a party to move for imposition of various sanctions for a party's
22   failure to comply with or cooperate in the Local Rule 37 procedures for filing a
23   Joint Stipulation.
24   **V.   SPECIFIC DISCOVERY AT ISSUE**
25   Set forth below is a list of the **Requests for Production, Set One, and**
26   **Responses to Requests for Production at issue**, followed by the parties'
27   **contentions** as to these **entries, including a statement** of how each party
28   **proposed to resolve the dispute** over **that issue at the conference of counsel.**

**REQUEST NO. 1**

All versions of the performer agreement(s), including the final executed version, that NEESON entered into concerning his role as "Hannibal" in the 2010 film The A-Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad and burdensome to the extent that it fails to define a relevant time period. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce his agreement for the motion picture *The A-Team* subject to the Protective Order in this action.

**DEFENDANT'S CONTENTIONS:**

**A.    Defendant Requires the Requested Documents So It Can Defend Itself against Plaintiff's Allegations**

This Request seeks highly relevant documents, specifically, all drafts and versions of Plaintiff's Agreement with Fox ("Agreement") for the movie "The A-Team". These documents are at the heart of this case. At issue in this case is the nature of Plaintiff's intellectual property, if any, and which intellectual property

1  rights, if any, Plaintiff assigned or licensed to the producer or other parties.

2  Therefore, Defendant requires that the other versions and drafts of Plaintiff's

3  Agreement with Fox be produced pursuant to this Request so Defendant can further

4  develop its defenses to Plaintiff's allegations.

5      **B.**    **Plaintiff Refused To Provide The Requested Documents**

6      Plaintiff only produced the final version of the Agreement.  Plaintiff cannot

7  withhold the other versions of the Agreement as they are relevant documents.  *See*

8  Fed. R. Civ. Proc. 26(b)(5)(A) (Defendant is entitled to "any nonprivileged matter

9  that is relevant to any party's claim or defense.").  Defendant requires all versions

10  of Plaintiff's Agreement with Fox so it can develop and support its defenses.

11      **C.**    **Plaintiff's Blanket and Boilerplate Objections Are Meritless and**

12                 **Should Be Disregarded**

13      Plaintiff generally and specifically asserted several improper boilerplate

14  objections (e.g. that Defendant's requests were vague, overbroad, unduly

15  burdensome, and irrelevant).  Courts have long held that "boilerplate, generalized"

16  objections are "inadequate and tantamount to not making any objection at all."

17  *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal.

18  1999); *see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482,

19  1485 (5th Cir. 1990) (objections that document requests were overly broad,

20  burdensome, oppressive, and irrelevant were insufficient to meet objecting party's

21  burden of explaining why discovery requests were objectionable); *see also Farber*

22  *& Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal 2006).  Furthermore,

23  each request is directly relevant and reasonably calculated to fit within the scope of

24  permissible discovery.  The requests are in no manner overbroad, particularly as

25  Defendant's right to conduct permissible discovery far outweighs any burden to

26  Plaintiff.

27      Further, Plaintiff's "[b]oilerplate objections or blanket refusals … are

28  insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist.*

1 | *Court for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005). Any documents

2 | withheld on the grounds of privilege or work-product protection must be identified

3 | and described in a privilege log, in sufficient detail to allow Defendant to determine

4 | whether each withheld document is or is not in fact privileged. *See* Fed. R. Civ.

5 | Proc. 26(b)(5)(A); *Burlington N. & Santa Fe Ry. v. Kapsner,* 408 F.3d 1142, 1148

6 | (9th Cir. 2005). No privilege log was ever provided.

7 |      Plaintiff also generally objected based on Plaintiff's privacy rights. However,

8 | this objection is inapplicable for several reasons. First, Plaintiff put his intellectual

9 | property rights, among other thing, at issue when he brought suit. Thus, Plaintiff

10 | waived privacy rights with respect to this topic. Moreover, the parties entered into a

11 | stipulated protective order which "governs the production of all documents ..." in

12 | this action. Finally, Plaintiff never confirmed whether any documents were

13 | withheld on the basis of confidentiality.

14 |      Accordingly, the Court should disregard Plaintiff's objections as being

15 | wholly without merit.

16 |     **D.**    **Defendant Met And Conferred With Plaintiff In Good Faith;**

17 |            **However, Plaintiff Still Refuses To Produce The Requested**

18 |            **Documents**

19 |      To avoid the present Motion, Plaintiff merely needed to withdraw his

20 | baseless objections, produce a privilege log and/or the requested documents.

21 | Defendant agreed with Plaintiff's request that Plaintiff be permitted to remove

22 | information regarding Plaintiff's compensation for the "A-Team" movie. Despite

23 | Defendant's best efforts, Plaintiff will not provide the required information. The

24 | Court should put an end to Plaintiff's refusal to accept his discovery obligations and

25 | compel him to immediately provide full and complete responses.

26 | **PLAINTIFF'S CONTENTIONS:**

27 |      Notwithstanding the properly asserted objections, Plaintiff has fully and

28 | completely responded to this Request. This Request seeks discovery of materials

1     that have already been produced.  Plaintiff produced his agreement for the motion

2     picture *The A-Team* in both redacted form on August 8, 2013, and unredacted form

3     on November 5, 2013, only removing personal identifying information.

4          Defendant contends that all versions, drafts and related documents and

5     communications related to Plaintiff's *A-Team* agreement should be produced.

6     Defendant also claims that such documents are required to develop and support its

7     defenses, which, according to Defendant's responses to Plaintiff Bradley Cooper's

8     Interrogatory No. 11, include copyright preemption, statute of limitations, nominal

9     use and non-commercial use. *See* McKinney Decl., Exhibit E.  However,

10    Defendant's defenses would only be implicated, if at all, by the operative

11    agreement.  While Defendant speculatively conjectures about whether any of

12    Plaintiff's intellectual property rights were assigned, licensed or otherwise

13    encumbered by the *A-Team* agreement, **only** the operative agreement could affect

14    such rights.

15         Defendant's Request seeks documents that are not reasonably calculated to

16    lead to the discovery of admissible evidence. *Surfvivor Media, Inc. v. Survivor*

17    *Prods.*, 406 F.3d 625, 635 (9th Cir.2005).  No good cause exists here and the

18    requested documents are wholly irrelevant to the claims, defenses and subject

19    matter of the instant action.

20         Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

21    process of preparing a privilege log.  Plaintiff notes that First Impressions has also

22    objected to Plaintiff's requests on the basis of privilege; however, to date,

23    Defendant has failed to provide any such privilege log covering its production.

24         Based upon the foregoing, Defendant's Motion as to this Request should be

25    denied, particularly where Defendant does not cite a single legal authority that

26    would entitle it to such overbroad, unreasonably cumulative and duplicative

27    discovery that is not contemplated by Rule 26(b)(1).

28    / / /

**REQUEST NO. 2**

All DOCUMENTS that evidence any agreements NEESON entered into concerning his role as "Hannibal" in the 2010 film The A-Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity.  Responding Party objects to this Request on the ground that the Request is overbroad and burdensome to the extent that it fails to define a relevant time period.  Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce his agreement for the motion picture *The A-Team* subject to the Protective Order in this action.

**DEFENDANT'S CONTENTIONS:**

Defendant requested that Plaintiff produce any and all documents concerning his role in the movie "The A-Team."  Issues in this case include what intellectual property rights Plaintiff has and what rights he assigned or licensed to the producer or other parties.  The request is clearly relevant because the assignment or retention of such rights may be found in documents evidencing the Agreement.

The objection that the request is overly broad and fails to specify time has no merit.  The subject of the request inherently establishes the relevant time frame.

1   The objection based on the attorney-client privilege is invalid without an

2   identification of the documents withheld on the basis of the privilege. Fed. R. Civ.

3   Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231 F.R.D. 407, 410 (C.D. Cal.

4   2005) (failure to provide sufficient information may waive privilege).

5       To avoid a motion, Plaintiff simply needed to withdraw these baseless

6   objections, produce a privilege log and/or the requested documents. Despite

7   Defendant's best efforts, Plaintiff will not provide the required information. The

8   Court should put an end to Plaintiff's refusal to accept his discovery obligations and

9   compel him to immediately provide full and complete responses.

10  **PLAINTIFF'S CONTENTIONS:**

11      Notwithstanding the properly asserted objections, Plaintiff has fully and

12  completely responded to this Request. This Request seeks discovery of materials

13  that have already been produced. Plaintiff produced his agreement for the motion

14  picture *The A-Team* in both redacted form on August 8, 2013, and unredacted form

15  on November 5, 2013, only removing personal identifying information.

16      Defendant contends that all versions, drafts and related documents and

17  communications related to Plaintiff's *A-Team* agreement should be produced.

18  Defendant also claims that such documents are required to develop and support its

19  defenses, which, according to Defendant's responses to Plaintiff Bradley Cooper's

20  Interrogatory No. 11, include copyright preemption, statute of limitations, nominal

21  use and non-commercial use. *See* McKinney Decl., Exhibit E. However,

22  Defendant's defenses would only be implicated, if at all, by the operative

23  agreement. While Defendant speculatively conjectures about whether any of

24  Plaintiff's intellectual property rights were assigned, licensed or otherwise

25  encumbered by the *A-Team* agreement, **only** the operative agreement could affect

26  such rights.

27      Defendant's Request seeks documents that are not reasonably calculated to

28  lead to the discovery of admissible evidence. *Surfvivor Media, Inc. v. Survivor*

11805142                                    13                                    41123.1000

1   *Prods.*, 406 F.3d 625, 635 (9th Cir.2005).  No good cause exists here and the

2   requested documents are wholly irrelevant to the claims, defenses and subject

3   matter of the instant action.

4         Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

5   process of preparing a privilege log.  Plaintiff notes that First Impressions has also

6   objected to Plaintiff's requests on the basis of privilege; however, to date,

7   Defendant has failed to provide any such privilege log covering its production.

8         Based upon the foregoing, Defendant's Motion as to this Request should be

9   denied, particularly where Defendant does not cite a single legal authority that

10  would entitle it to such overbroad, unreasonably cumulative and duplicative

11  discovery that is not contemplated by Rule 26(b)(1).

12  **REQUEST NO. 3**

13        All COMMUNICATIONS between YOU and any PERSON that pertain to

14  NEESON'S INTELLECTUAL PROPERTY rights in connection with his role as

15  "Hannibal" in the 2010 film The A-Team.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17        Responding Party incorporates by this reference each and every general

18  objection as though fully set forth herein.  Responding Party objects to this Request

19  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

20  Responding Party thirty (30) days to respond to Requests for Production of

21  Documents; Propounding Party purports to provide only twenty-nine (29) days.

22  Responding Party objects to this Request to the extent that it seeks documents

23  protected from disclosure by the attorney-client privilege and/or attorney work-

24  product doctrine.  Responding Party objects to this Request on the ground that the

25  requested documents are not identified with reasonable particularity.  Responding

26  Party objects to this Request on the ground that the Request is overbroad and

27  burdensome to the extent that it fails to define a relevant time period.  Responding

28  Party objects to this Request on the grounds that it is so broad on its face that it

1    requires production of irrelevant documents.

2         Subject to and without waiving the foregoing objections, Responding Party

3    responds as follows:  Responding Party will produce his agreement for the motion

4    picture *The A-Team* subject to the Protective Order in this action.

5    **DEFENDANT'S CONTENTIONS:**

6         Defendant First Impressions requested that Plaintiff produce any and all

7    communications concerning his role in the movie "The A-Team." Issues in this case

8    include what intellectual property rights Plaintiff has and what rights he assigned or

9    licensed to the producer or other parties.  The request is clearly relevant because the

10   assignment or retention of such rights may be found in communications evidencing

11   the Agreement, such as communications between Fox and Plaintiff regarding

12   Plaintiff's intellectual property rights with respect to the movie.

13        The objection that the request is overly broad and fails to specify time has no

14   merit.  The subject of the request inherently establishes the relevant time frame. The

15   objection based on the attorney-client privilege is invalid without an identification

16   of the documents withheld on the basis of the privilege. Fed. R. Civ. Proc 26(b)(5);

17   *Ramirez v. County of Los Angeles* 231 F.R.D. 407, 410 (C.D. Cal. 2005) (failure to

18   provide sufficient information may waive privilege).

19        To avoid a motion, Plaintiff simply needed to withdraw these baseless

20   objections, produce a privilege log and/or the requested documents.  Despite

21   Defendant's best efforts, Plaintiff will not provide the required information.  The

22   Court should put an end to Plaintiff's refusal to accept his discovery obligations and

23   compel him to immediately provide full and complete responses.

24   **PLAINTIFF'S CONTENTIONS:**

25        Notwithstanding the properly asserted objections, Plaintiff has fully and

26   completely responded to this Request.  This Request seeks discovery of materials

27   that have already been produced.  Plaintiff produced his agreement for the motion

28   picture *The A-Team* in both redacted form on August 8, 2013, and unredacted form

1  on November 5, 2013, only removing personal identifying information.

2        Defendant contends that all versions, drafts and related documents and

3  communications related to Plaintiff's *A-Team* agreement should be produced.

4  Defendant also claims that such documents are required to develop and support its

5  defenses, which, according to Defendant's responses to Plaintiff Bradley Cooper's

6  Interrogatory No. 11, include copyright preemption, statute of limitations, nominal

7  use and non-commercial use. *See* McKinney Decl., Exhibit E.  However,

8  Defendant's defenses would only be implicated, if at all, by the operative

9  agreement.  While Defendant speculatively conjectures about whether any of

10  Plaintiff's intellectual property rights were assigned, licensed or otherwise

11  encumbered by the *A-Team* agreement, **only** the operative agreement could affect

12  such rights.

13        Defendant's Request seeks documents that are not reasonably calculated to

14  lead to the discovery of admissible evidence. *Surfvivor Media, Inc. v. Survivor*

15  *Prods.*, 406 F.3d 625, 635 (9th Cir.2005).  No good cause exists here and the

16  requested documents are wholly irrelevant to the claims, defenses and subject

17  matter of the instant action.

18        Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

19  process of preparing a privilege log.  Plaintiff notes that First Impressions has also

20  objected to Plaintiff's requests on the basis of privilege; however, to date,

21  Defendant has failed to provide any such privilege log covering its production.

22        Based upon the foregoing, Defendant's Motion as to this Request should be

23  denied, particularly where Defendant does not cite a single legal authority that

24  would entitle it to such overbroad, unreasonably cumulative and duplicative

25  discovery that is not contemplated by Rule 26(b)(1).

26  **REQUEST NO. 4**

27        All DOCUMENTS that pertain to NEESON'S INTELLECTUAL

28  PROPERTY rights in connection with his role as "Hannibal" in the 2010 film The

1  A-Team.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

3      Responding Party incorporates by this reference each and every general

4  objection as though fully set forth herein.  Responding Party objects to this Request

5  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

6  Responding Party thirty (30) days to respond to Requests for Production of

7  Documents; Propounding Party purports to provide only twenty-nine (29) days.

8  Responding Party objects to this Request to the extent that it seeks documents

9  protected from disclosure by the attorney-client privilege and/or attorney work-

10  product doctrine.  Responding Party objects to this Request on the ground that the

11  requested documents are not identified with reasonable particularity.  Responding

12  Party objects to this Request on the ground that the Request is overbroad and

13  burdensome to the extent that it fails to define a relevant time period.  Responding

14  Party objects to this Request on the grounds that it is so broad on its face that it

15  requires production of irrelevant documents.

16      Subject to and without waiving the foregoing objections, Responding Party

17  responds as follows:  Responding Party will produce his agreement for the motion

18  picture *The A-Team* subject to the Protective Order in this action.

19  **DEFENDANT'S CONTENTIONS:**

20      Defendant requested that Plaintiff produce any and all documents that pertain

21  to his intellectual property rights in connection with his role in the film "The A-

22  Team".  Issues in this case include what intellectual property rights Plaintiff has,

23  and what rights he assigned or licensed to the producer or other parties.  The

24  request is clearly relevant because the assignment or retention of such rights may be

25  found in more than one document and will determine whether applicant has

26  standing to sue and/or whether his position has merit.

27      The objection that the request is overly broad and fails to specify time has no

28  merit.  The subject of the request inherently establishes the relevant time frame.  The

1 | objection based on the attorney-client privilege is invalid without an identification

2 | of the documents withheld on the basis of the privilege.  Fed. R. Civ. Proc 26(b)(5);

3 | *Ramirez v. County of Los Angeles* 231 F.R.D. 407, 410 (C.D. Cal. 2005) (failure to

4 | provide sufficient information may waive privilege).

5 |     To avoid a motion, Plaintiff simply needed to withdraw these baseless

6 | objections, produce a privilege log and/or the requested documents.  Despite

7 | Defendant's best efforts, Plaintiff will not provide the required information.  The

8 | Court should put an end to Plaintiff's refusal to accept his discovery obligations and

9 | compel him to immediately provide full and complete responses.

10 | **PLAINTIFF'S CONTENTIONS:**

11 |     Notwithstanding the properly asserted objections, Plaintiff has fully and

12 | completely responded to this Request.  This Request seeks discovery of materials

13 | that have already been produced.  Plaintiff produced his agreement for the motion

14 | picture *The A-Team* in both redacted form on August 8, 2013, and unredacted form

15 | on November 5, 2013, only removing personal identifying information.

16 |     Defendant contends that all versions, drafts and related documents and

17 | communications related to Plaintiff's *A-Team* agreement should be produced.

18 | Defendant also claims that such documents are required to develop and support its

19 | defenses, which, according to Defendant's responses to Plaintiff Bradley Cooper's

20 | Interrogatory No. 11, include copyright preemption, statute of limitations, nominal

21 | use and non-commercial use.  *See* McKinney Decl., Exhibit E.  However,

22 | Defendant's defenses would only be implicated, if at all, by the operative

23 | agreement.  While Defendant speculatively conjectures about whether any of

24 | Plaintiff's intellectual property rights were assigned, licensed or otherwise

25 | encumbered by the *A-Team* agreement, **only** the operative agreement could affect

26 | such rights.

27 |     Defendant's Request seeks documents that are not reasonably calculated to

28 | lead to the discovery of admissible evidence.  *Surfvivor Media, Inc. v. Survivor*

1   *Prods.*, 406 F.3d 625, 635 (9th Cir.2005).  No good cause exists here and the

2   requested documents are wholly irrelevant to the claims, defenses and subject

3   matter of the instant action.

4     Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

5   process of preparing a privilege log.  Plaintiff notes that First Impressions has also

6   objected to Plaintiff's requests on the basis of privilege; however, to date,

7   Defendant has failed to provide any such privilege log covering its production.

8   Based upon the foregoing, Defendant's Motion as to this Request should be denied,

9   particularly where Defendant does not cite a single legal authority that would entitle

10  it to such overbroad, unreasonably cumulative and duplicative discovery that is not

11  contemplated by Rule 26(b)(1).

12  **REQUEST NO. 5**

13    All DOCUMENTS that evidence production, ownership, and distribution

14  rights in the 2010 film The A-Team.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16    Responding Party incorporates by this reference each and every general

17  objection as though fully set forth herein.  Responding Party objects to this Request

18  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

19  Responding Party thirty (30) days to respond to Requests for Production of

20  Documents; Propounding Party purports to provide only twenty-nine (29) days.

21  Responding Party objects to this Request to the extent that it seeks documents

22  protected from disclosure by the attorney-client privilege and/or attorney work-

23  product doctrine.  Responding Party objects to this Request on the ground that the

24  requested documents are not identified with reasonable particularity.  Responding

25  Party objects to this Request on the ground that the Request is overbroad and

26  burdensome to the extent that it fails to define a relevant time period.  Responding

27  Party objects to this Request on the grounds that it is so broad on its face that it

28  requires production of irrelevant documents.

1    Subject to and without waiving the foregoing objections, Responding Party
2    responds as follows: Responding Party will produce his agreement for the motion
3    picture *The A-Team* subject to the Protective Order in this action.

4    **DEFENDANT'S CONTENTIONS:**

5        Defendant requested that Plaintiff produce any and all documents that relate
6    to production and distribution rights in the film "The A-Team". Issues in this case
7    include what intellectual property rights Plaintiff has and what rights he assigned or
8    licensed to the producer or other parties. The request is clearly relevant because
9    agreements, documents, and communications related to production, distribution,
10   and ownership may identify what rights Plaintiff has assigned or licensed and what
11   rights he has retained.

12       The objection that the request is overly broad and fails to specify time has no
13   merit. The subject of the request inherently establishes the relevant time frame. The
14   objection based on the attorney-client privilege is invalid without an identification
15   of the documents withheld on the basis of the privilege. Fed. R. Civ. Proc 26(b)(5);
16   *Ramirez v. County of Los Angeles* 231 F.R.D. 407, 410 (C.D. Cal. 2005) (failure to
17   provide sufficient information may waive privilege).

18       To avoid a motion, Plaintiff simply needed to withdraw these baseless
19   objections and produce a privilege log and/or the requested documents. Despite
20   Defendant's best efforts, Plaintiff will not provide the required documents. The
21   Court should put an end to Plaintiff's refusal to accept his discovery obligations and
22   compel him to immediately provide full and complete responses.

23   **PLAINTIFF'S CONTENTIONS:**

24       Notwithstanding the properly asserted objections, Plaintiff has fully and
25   completely responded to this Request. This Request seeks discovery of materials
26   that have already been produced. Plaintiff produced his agreement for the motion
27   picture *The A-Team* in both redacted form on August 8, 2013, and unredacted form
28   on November 5, 2013, only removing personal identifying information.

11805142                                      20                                    41123.1000

1   Defendant contends that all versions, drafts and related documents and
2   communications related to Plaintiff's *A-Team* agreement should be produced.
3   Defendant also claims that such documents are required to develop and support its
4   defenses, which, according to Defendant's responses to Plaintiff Bradley Cooper's
5   Interrogatory No. 11, include copyright preemption, statute of limitations, nominal
6   use and non-commercial use. *See* McKinney Decl., Exhibit E.  However,
7   Defendant's defenses would only be implicated, if at all, by the operative
8   agreement.  While Defendant speculatively conjectures about whether any of
9   Plaintiff's intellectual property rights were assigned, licensed or otherwise
10  encumbered by the *A-Team* agreement, **only** the operative agreement could affect
11  such rights.
12      Defendant's Request seeks documents that are not reasonably calculated to
13  lead to the discovery of admissible evidence. *Surfvivor Media, Inc. v. Survivor*
14  *Prods.*, 406 F.3d 625, 635 (9th Cir.2005).  No good cause exists here and the
15  requested documents are wholly irrelevant to the claims, defenses and subject
16  matter of the instant action.
17      Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the
18  process of preparing a privilege log.  Plaintiff notes that First Impressions has also
19  objected to Plaintiff's requests on the basis privilege, but, to date, has failed to
20  provide a privilege log.
21  Based upon the foregoing, Defendant's Motion as to this Request should be denied,
22  particularly where Defendant does not cite a single legal authority that would entitle
23  it to such overbroad, unreasonably cumulative and duplicative discovery that is not
24  contemplated by Rule 26(b)(1).
25  **REQUEST NO. 6**
26      All DOCUMENTS and COMMUNICATIONS that pertain to NEESON'S
27  rights in connection with the use of any still images from the 2010 film The A-
28  Team.

11805142                           21                           41123.1000

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2       Responding Party incorporates by this reference each and every general

3  objection as though fully set forth herein.  Responding Party objects to this Request

4  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

5  Responding Party thirty (30) days to respond to Requests for Production of

6  Documents; Propounding Party purports to provide only twenty-nine (29) days.

7  Responding Party objects to this Request to the extent that it seeks documents

8  protected from disclosure by the attorney-client privilege and/or attorney work-

9  product doctrine.  Responding Party objects to this Request on the ground that the

10  requested documents are not identified with reasonable particularity.  Responding

11  Party objects to this Request on the ground that the Request is overbroad and

12  burdensome to the extent that it fails to define a relevant time period.  Responding

13  Party objects to this Request on the grounds that it is so broad on its face that it

14  requires production of irrelevant documents.

15       Subject to and without waiving the foregoing objections, Responding Party

16  responds as follows:  Responding Party will produce his agreement for the motion

17  picture *The A-Team* subject to the Protective Order in this action.

18  **DEFENDANT'S CONTENTIONS:**

19       Defendant requested that Plaintiff produce all documents and

20  communications related to his rights in connection with still photographs and other

21  images from the movie "The A-Team".  Issues in this case include the nature of

22  Plaintiff's intellectual property, if any, and what, if anything, he has assigned or

23  licensed to the producer or other parties.  The requested communications and

24  documents about such intellectual property rights in connection still photographs

25  from "The A-Team" will assist the Court and trier of fact in interpreting the final

26  executed Agreement and in determining Plaintiff's rights.

27       The objection that the request is overly broad and fails to specify time has no

28  merit.  The subject of the request inherently establishes the relevant time frame.

1     The objection based on the attorney-client privilege is invalid without an

2   identification of the documents withheld on the basis of the privilege.  Fed. R. Civ.

3   Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231 F.R.D. 407, 410 (C.D. Cal.

4   2005) (failure to provide sufficient information may waive privilege).

5     To avoid a motion, Plaintiff simply needed to withdraw these baseless

6   objections, produce a privilege log and/or the requested documents.  Despite

7   Defendant's best efforts, Plaintiff will not provide the required documents.  The

8   Court should put an end to Plaintiff's refusal to accept his discovery obligations and

9   compel him to immediately provide full and complete responses.

10  **PLAINTIFF'S CONTENTIONS:**

11    Notwithstanding the properly asserted objections, Plaintiff has fully and

12  completely responded to this Request.  This Request seeks discovery of materials

13  that have already been produced.  Plaintiff produced his agreement for the motion

14  picture *The A-Team* in both redacted form on August 8, 2013, and unredacted form

15  on November 5, 2013, only removing personal identifying information.

16    Defendant contends that all versions, drafts and related documents and

17  communications related to Plaintiff's *A-Team* agreement should be produced.

18  Defendant also claims that such documents are required to develop and support its

19  defenses, which, according to Defendant's responses to Plaintiff Bradley Cooper's

20  Interrogatory No. 11, include copyright preemption, statute of limitations, nominal

21  use and non-commercial use.  *See* McKinney Decl., Exhibit E.  However,

22  Defendant's defenses would only be implicated, if at all, by the operative

23  agreement.  While Defendant speculatively conjectures about whether any of

24  Plaintiff's intellectual property rights were assigned, licensed or otherwise

25  encumbered by the *A-Team* agreement, **only** the operative agreement could affect

26  such rights.

27    Defendant's Request seeks documents that are not reasonably calculated to

28  lead to the discovery of admissible evidence.  *Surfvivor Media, Inc. v. Survivor*

1  *Prods.*, 406 F.3d 625, 635 (9th Cir.2005).  No good cause exists here and the

2  requested documents are wholly irrelevant to the claims, defenses and subject

3  matter of the instant action.

4        Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

5  process of preparing a privilege log.  Plaintiff notes that First Impressions has also

6  objected to Plaintiff's requests on the basis of privilege; however, to date,

7  Defendant has failed to provide any such privilege log covering its production.

8  Based upon the foregoing, Defendant's Motion as to this Request should be denied,

9  particularly where Defendant does not cite a single legal authority that would entitle

10  it to such overbroad, unreasonably cumulative and duplicative discovery that is not

11  contemplated by Rule 26(b)(1).

12  **REQUEST NO. 9**

13        All DOCUMENTS and COMMUNICATIONS between YOU and any

14  PERSON that pertain to or evidence the value of NEESON'S INTELLECTUAL

15  PROPERTY in the past five (5) years.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17        Responding Party incorporates by this reference each and every general

18  objection as though fully set forth herein.  Responding Party objects to this Request

19  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

20  Responding Party thirty (30) days to respond to Requests for Production of

21  Documents; Propounding Party purports to provide only twenty-nine (29) days.

22  Responding Party objects to this Request to the extent that it seeks documents

23  protected from disclosure by the attorney-client privilege and/or attorney work-

24  product doctrine.  Responding Party objects to this Request on the ground that the

25  requested documents are not identified with reasonable particularity.  Responding

26  Party objects to this Request on the ground that the Request is overbroad,

27  burdensome, and harassing.  Responding Party objects to this Request on the

28  grounds that it is so broad on its face that it requires production of irrelevant

1  documents.  Responding Party objects to this Request to the extent that it

2  prematurely calls for expert opinion and analysis in violation of California Code of

3  Civil Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior court,*

4  47 Cal. App. 4th 214 (1996).

5       Subject to and without waiving the foregoing objections, Responding Party

6  responds as follows:  Responding Party will produce non-privileged responsive

7  documents within his possession, custody, or control, if any exist.  Any confidential

8  information will be produced pursuant to the Protective Order entered by the Court

9  in this action.  Investigation and discovery are continuing and Responding Party

10  reserves his right to amend and/or supplement his response hereto.

11  **WHY SHOULD FURTHER RESPONSE BE COMPELLED:**

12

13

14  **PLAINTIFF'S CONTENTIONS:**

15       Per Defendant's counsel's email of November 6, 2013, at 5:09 PM, First

16  Impressions has now withdrawn this Request as a subject of its motion to compel.

17  *See* McKinney Decl., Exhibit A.  Accordingly, Plaintiff will not respond further to

18  this Request.

19  **REQUEST NO. 10**

20       All consents, authorizations, licenses, royalty agreements, releases and other

21  DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S

22  INTELLECTUAL PROPERTY in the past five (5) years.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24       Responding Party incorporates by this reference each and every general

25  objection as though fully set forth herein.  Responding Party objects to this Request

26  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

27  Responding Party thirty (30) days to respond to Requests for Production of

28  Documents; Propounding Party purports to provide only twenty-nine (29) days.

1  Responding Party objects to this Request to the extent that it seeks documents
2  protected from disclosure by the attorney-client privilege and/or attorney work-
3  product doctrine.  Responding Party objects to this Request on the ground that the
4  requested documents are not identified with reasonable particularity.  Responding
5  Party objects to this Request on the ground that the Request is overbroad,
6  burdensome, and harassing.  Responding Party objects to this Request on the
7  grounds that it is so broad on its face that it requires production of irrelevant
8  documents.  Responding Party further objects to this Request to the extent it seeks
9  documents that are not relevant to the claims, defenses, or subject matter of the
10 instant action, nor reasonably calculated to lead to the discovery of admissible
11 evidence in violation of Code of Civil Procedure section 2017.010, et seq.

12        Subject to and without waiving the foregoing objections, Responding Party
13 responds as follows:  Responding Party will produce his commercial endorsement
14 agreements and his agreement for the motion picture *The A-Team* that are within his
15 possession, custody, or control, subject to the Protective Order entered by the Court
16 in this action.

17 **DEFENDANT'S CONTENTIONS:**

18        Defendant requested that Plaintiff produce all consents, licenses,
19 authorizations, royalty agreements, releases, and other documents and
20 communications that pertain to the use of his intellectual property rights.  In
21 response, Plaintiff stated that he will produce only his agreement for the movie
22 "The A-Team".

23        Limiting the production to a single Agreement is improper because the
24 request is broader than the restrictive scope Plaintiff seeks to impose.  This
25 response is completely inadequate, because documents other than the single
26 Agreement provide relevant information as to consents, authorizations, royalty
27 agreements, and releases.  Plaintiff must modify his response to state with
28 particularity the documents that will be produced per this Request.

1    The objection that the request is overly broad has no merit.  It is reasonably

2    limited as to time and subject matter.  The objection based on the attorney-client

3    privilege is invalid without an identification of the documents withheld on the basis

4    of the privilege.  Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231

5    F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may

6    waive privilege).

7    To avoid a motion, Plaintiff simply needed to withdraw these baseless

8    objections, provide a privilege log, produce the documents, and supplement his

9    response.  Despite Defendant's best efforts, Plaintiff will not provide the required

10   documents.  The Court should put an end to Plaintiff's refusal to accept his

11   discovery obligations and compel him to immediately provide full and complete

12   responses.

13   **PLAINTIFF'S CONTENTIONS:**

14   Notwithstanding the properly asserted objections, Plaintiff has fully and

15   completely responded to this Request.  To date, all endorsement agreements that

16   relate to the licensing and/or use of Plaintiff's name, likeness and/or identity **have**

17   been produced to all defendants.  Plaintiff clearly stated that it would produce all

18   such endorsement agreements in its response to the Request.  Plaintiff has even

19   produced documents relating to the non-commercial and uncompensated licensing

20   and/or use of his name, likeness and/or identity.  Defendant plainly misrepresents

21   Plaintiff's response to the Request and the corresponding production of documents.

22   Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

23   process of preparing a privilege log.  Plaintiff notes that First Impressions has also

24   objected to Plaintiff's requests on the basis of privilege; however, to date,

25   Defendant has failed to provide any such privilege log covering its production.

26   Based upon the foregoing, Defendant's Motion as to this Request should be denied,

27   particularly where Defendant does not cite a single legal authority that would entitle

28   it to such overbroad, unreasonably cumulative and duplicative discovery that is not

11805142                                   27                                   41123.1000

1  contemplated by Rule 26(b)(1).

2  **REQUEST NO. 11**

3       All DOCUMENTS and COMMUNICATIONS between YOU and any

4  PERSON that pertain to or evidence the value of NEESON'S image or likeness in

5  the past five (5) years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

7       Responding Party incorporates by this reference each and every general

8  objection as though fully set forth herein.  Responding Party objects to this Request

9  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

10  Responding Party thirty (30) days to respond to Requests for Production of

11  Documents; Propounding Party purports to provide only twenty-nine (29) days.

12  Responding Party objects to this Request to the extent that it seeks documents

13  protected from disclosure by the attorney-client privilege and/or attorney work-

14  product doctrine.  Responding Party objects to this Request on the ground that the

15  requested documents are not identified with reasonable particularity.  Responding

16  Party objects to this Request on the ground that the Request is overbroad,

17  burdensome, and harassing.  Responding Party objects to this Request on the

18  grounds that it is so broad on its face that it requires production of irrelevant

19  documents.  Responding Party objects to this Request to the extent that it

20  prematurely calls for expert opinion and analysis in violation of California Code of

21  Civil Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*,

22  47 Cal. App. 4th 214 (1996).

23       Subject to and without waiving the foregoing objections, Responding Party

24  responds as follows:  Responding Party will produce non-privileged responsive

25  documents within his possession, custody, or control, if any exist.  Any confidential

26  information will be produced pursuant to the Protective Order entered by the Court

27  in this action.  Investigation and discovery are continuing and Responding Party

28  reserves his right to amend and/or supplement his response hereto.

11805142

28

41123.1000

**DEFENDANT'S CONTENTIONS:**

Defendant requested that Plaintiff produce all consents, licenses, authorizations, royalty agreements, releases, and other documents and communications that pertain to the use of his intellectual property rights. In response, Plaintiff stated that he will produce only his agreement for the movie "The A-Team".

Limiting the production to a single Agreement is improper because the request is broader than the restrictive scope Plaintiff seeks to impose. This response is completely inadequate, because documents other than the single Agreement provide relevant information as to consents, authorizations, royalty agreements, and releases. Plaintiff must modify his response to state with particularity the documents that will be produced per this Request.

The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney-client privilege is invalid without an identification of the documents withheld on the basis of the privilege. Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231 F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may waive privilege).

To avoid a motion, Plaintiff simply needed to withdraw these baseless objections, provide a privilege log, produce the documents, and supplement his response. Despite Defendant's best efforts, Plaintiff will not provide the required documents. The Court should put an end to Plaintiff's refusal to accept his discovery obligations and compel him to immediately provide full and complete responses.

**PLAINTIFF'S CONTENTIONS:**

Notwithstanding the properly asserted objections, Plaintiff has fully and completely responded to this Request. Plaintiff has already stated that it will produce responsive documents to the extent any exist. To the extent that Defendant

1    has yet to receive responsive documents, that is due either to: (a) their non-

2    existence; or (b) the fact that discovery is not yet complete and will not be

3    completed for another three months.  As Plaintiff's response plainly acknowledges,

4    investigation and discovery are ongoing and Plaintiff reserves the right to amend or

5    supplement the response to this Interrogatory going forward.  As Plaintiff's

6    multiple supplemental responses and productions make clear, Plaintiff is fully

7    cognizant of its obligations under Federal Rule of Civil Procedure 26(e).

8         While Defendant claims that such a response is inadequate, it has

9    acknowledged the propriety of such a response by providing virtually identical

10   responses to Plaintiff's Requests for Production – *i.e.*, "First Impressions will

11   produce responsive documents, to the extent such documents exist."  *See* McKinney

12   Decl., Exhibit F.

13        Defendant has proffered no evidence that Plaintiff has not complied with this

14   Request.  Absent contrary evidence, "the Court presumes the truthfulness of

15   representations made to the Court by attorneys."  *See Laethem Equipment Co. v.*

16   *Deere & Co.*, 261 FRD 127, 137 (E.D. MI 2009).

17        Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

18   process of preparing a privilege log.  Plaintiff notes that First Impressions has also

19   objected to Plaintiff's requests on the basis of privilege; however, to date,

20   Defendant has failed to provide any such privilege log covering its production.

21   Based upon the foregoing, Defendant's Motion as to this Request should be denied,

22   particularly where Defendant does not cite a single legal authority that would entitle

23   it to such overbroad, unreasonably cumulative and duplicative discovery that is not

24   contemplated by Rule 26(b)(1).

25   **REQUEST NO. 12**

26        All DOCUMENTS and COMMUNICATIONS between YOU and any

27   PERSON that pertain to or evidence the value of NEESON'S trademarks in the past

28   five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents. Responding Party objects to this Request to the extent that it prematurely calls for expert opinion and analysis in violation of California Code of Civil Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th 214 (1996).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged responsive documents within his possession, custody, or control, if any exist. Any confidential information will be produced pursuant to the Protective Order entered by the Court in this action. Investigation and discovery are continuing and Responding Party reserves his right to amend and/or supplement his response hereto.

**DEFENDANT'S CONTENTIONS:**

Defendant requested that Plaintiff produce all documents and communications as to the value of Plaintiff's trademarks in the past five years. This request is directly relevant to the Plaintiff's damages claim. Plaintiff contends that he has sustained actual damages due to the alleged infringing use of his trademark.

1   Communications and other documents that reflect the value the trademark before or

2   after the alleged infringements will serve as a benchmark to measure any harm that

3   Plaintiff may or may not have sustained.

4        Typically such valuations may be found in financial statements and other

5   financial records.  Consideration in agreements for use of Plaintiff's intellectual

6   property rights is directly relevant to the value of such rights.  Plaintiff's response

7   to this Request is completely inadequate because it fails to make clear the extent to

8   which the Plaintiff is willing to comply with the request and the extent to which he

9   is unable or unwilling to comply.  Plaintiff says he will produce such documents if

10  such documents "exist."  Plaintiff must modify his response to state with

11  particularity the documents that will be produced that reflect the value of his

12  intellectual property rights.

13       The objection that the request is overly broad has no merit.  The request is

14  limited as to time and subject matter.  The objection based on the attorney-client

15  privilege in invalid without an identification of the documents withheld on the basis

16  of the privilege.  Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231

17  F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may

18  waive privilege).

19       To avoid a motion, Plaintiff simply needed to withdraw these baseless

20  objections, provide a privilege log, produce the documents, and supplement his

21  response.  Despite Defendant's best efforts, Plaintiff will not provide the required

22  documents.  The Court should put an end to Plaintiff's refusal to accept his

23  discovery obligations and compel him to immediately provide full and complete

24  responses.

25  **PLAINTIFF'S CONTENTIONS:**

26       Notwithstanding the properly asserted objections, Plaintiff has fully and

27  completely responded to this Request.  Plaintiff has already stated that it will

28  produce responsive documents to the extent any exist.  To the extent that Defendant

32

41123.1000

11805142

1   has yet to receive responsive documents, that is due either to: (a) their non-

2   existence; or (b) the fact that discovery is not yet complete and will not be

3   completed for another three months. As Plaintiff's response plainly acknowledges,

4   investigation and discovery are ongoing and Plaintiff reserves the right to amend or

5   supplement the response to this Interrogatory going forward. As Plaintiff's

6   multiple supplemental responses and productions make clear, Plaintiff is fully

7   cognizant of its obligations under Federal Rule of Civil Procedure 26(e).

8         While Defendant claims that such a response is inadequate, it has

9   acknowledged the propriety of such a response by providing virtually identical

10  responses to Plaintiff's Requests for Production – *i.e.*, "First Impressions will

11  produce responsive documents, to the extent such documents exist." *See* McKinney

12  Decl., Exhibit F.

13        Defendant has proffered no evidence that Plaintiff has not complied with this

14  Request. Absent contrary evidence, "the Court presumes the truthfulness of

15  representations made to the Court by attorneys." *See Laethem Equipment Co. v.*

16  *Deere & Co.*, 261 FRD 127, 137 (E.D. MI 2009).

17        Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

18  process of preparing a privilege log. Plaintiff notes that First Impressions has also

19  objected to Plaintiff's requests on the basis of privilege; however, to date,

20  Defendant has failed to provide any such privilege log covering its production.

21  Based upon the foregoing, Defendant's Motion as to this Request should be denied,

22  particularly where Defendant does not cite a single legal authority that would entitle

23  it to such overbroad, unreasonably cumulative and duplicative discovery that is not

24  contemplated by Rule 26(b)(1).

25  **REQUEST NO. 13**

26        All DOCUMENTS and COMMUNICATIONS between YOU and any

27  PERSON that pertain to or evidence the value of NEESON'S trade dress in the past

28  five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents. Responding Party objects to this Request to the extent that it prematurely calls for expert opinion and analysis in violation of California Code of Civil Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court,* 47 Cal. App. 4th 214 (1996).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged responsive documents within his possession, custody, or control, if any exist. Any confidential information will be produced pursuant to the Protective Order entered by the Court in this action. Investigation and discovery are continuing and Responding Party reserves his right to amend and/or supplement his response hereto.

**DEFENDANT'S CONTENTIONS:**

Defendant requested that Plaintiff produce all documents and communications as to the value of Plaintiff's trade dress in the past five years. This request is directly relevant to the Plaintiff's damages claim. Plaintiff contends that he has sustained actual damages due to the alleged infringing use of his trade dress.

1  Communications and other documents that reflect the value the trade dress before

2  or after the alleged infringements will serve as a benchmark to measure any harm

3  that Plaintiff may or may not have sustained.

4      Typically such valuations may be found in financial statements and other

5  financial records.  Consideration in agreements for use of Plaintiff's intellectual

6  property rights is directly relevant to the value of such rights.  Plaintiff's response

7  to this Request is completely inadequate because it fails to make clear the extent to

8  which the Plaintiff is willing to comply with the request and the extent to which he

9  is unable or unwilling to comply.  Plaintiff says he will produce such documents if

10  such documents "exist."  Plaintiff must modify his response to state with

11  particularity the documents that will be produced that reflect the value of his

12  intellectual property rights.

13      The objection that the request is overly broad has no merit.  The request is

14  limited as to time and subject matter.  The objection based on the attorney-client

15  privilege in invalid without an identification of the documents withheld on the basis

16  of the privilege.  Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231

17  F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may

18  waive privilege).

19      To avoid a motion, Plaintiff simply needed to withdraw these baseless

20  objections, provide a privilege log, produce the documents, and supplement his

21  response.  Despite Defendant's best efforts, Plaintiff will not provide the required

22  documents.  The Court should put an end to Plaintiff's refusal to accept his

23  discovery obligations and compel him to immediately provide full and complete

24  responses.

25  **PLAINTIFF'S CONTENTIONS:**

26      Notwithstanding the properly asserted objections, Plaintiff has fully and

27  completely responded to this Request.  Plaintiff has already stated that it will

28  produce responsive documents to the extent any exist.  To the extent that Defendant

1   has yet to receive responsive documents, that is due either to: (a) their non-

2   existence; or (b) the fact that discovery is not yet complete and will not be

3   completed for another three months. As Plaintiff's response plainly acknowledges,

4   investigation and discovery are ongoing and Plaintiff reserves the right to amend or

5   supplement the response to this Interrogatory going forward. As Plaintiff's

6   multiple supplemental responses and productions make clear, Plaintiff is fully

7   cognizant of its obligations under Federal Rule of Civil Procedure 26(e).

8        While Defendant claims that such a response is inadequate, it has

9   acknowledged the propriety of such a response by providing virtually identical

10   responses to Plaintiff's Requests for Production – *i.e.*, "First Impressions will

11   produce responsive documents, to the extent such documents exist." *See* McKinney

12   Decl., Exhibit F.

13        Defendant has proffered no evidence that Plaintiff has not complied with this

14   Request. Absent contrary evidence, "the Court presumes the truthfulness of

15   representations made to the Court by attorneys." *See Laethem Equipment Co. v.*

16   *Deere & Co.*, 261 FRD 127, 137 (E.D. MI 2009).

17        Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

18   process of preparing a privilege log. Plaintiff notes that First Impressions has also

19   objected to Plaintiff's requests on the basis of privilege; however, to date,

20   Defendant has failed to provide any such privilege log covering its production.

21        Based upon the foregoing, Defendant's Motion as to this Request should be

22   denied, particularly where Defendant does not cite a single legal authority that

23   would entitle it to such overbroad, unreasonably cumulative and duplicative

24   discovery that is not contemplated by Rule 26(b)(1).

25   **REQUEST NO. 14**

26        All consents, authorizations, licenses, royalty agreements, releases and other

27   DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S

28   image or likeness in the past five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION 14:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity.  Responding Party objects to this Request on the ground that the Request is overbroad, burdensome, and harassing.  Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.  Responding Party further objects to this Request to the extent it seeks documents that are not relevant to the claims, defenses, or subject matter of the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et seq.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce his commercial endorsement agreements and his agreement for the motion picture *The A-Team* that are within his possession, custody, or control, subject to the Protective Order entered by the Court in this action.

**DEFENDANT'S CONTENTIONS:**

Defendant requested that Plaintiff produce all consents, licenses, authorizations, royalty agreements, releases, and other documents and communications that pertain to use of his image or likeness.  In response, Plaintiff stated that he will produce only his Agreement for the movie "The A-Team" and his endorsements.

1    Limiting the production to a single Agreement is improper because the
2    request is broader than the restrictive scope Plaintiff seeks to impose.  This
3    response is completely inadequate because documents other than the single
4    Agreement provide relevant information as to Plaintiff's image or likeness.
5    Plaintiff must modify his response to state with particularity the documents that will
6    be produced called for by this Request.
7        The objection that the request is overly broad has no merit.  It is reasonably
8    limited as to time and subject matter.  The objection based on the attorney-client
9    privilege is invalid without an identification of the documents withheld on the basis
10   of the privilege.  Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231
11   F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may
12   waive privilege).
13       To avoid a motion, Plaintiff simply needed to withdraw these baseless
14   objections, produce a privilege log and/or the requested documents.  Despite
15   Defendant's best efforts, Plaintiff will not provide the required documents.  The
16   Court should put an end to Plaintiff's refusal to accept his discovery obligations and
17   compel him to immediately provide full and complete responses.
18   **PLAINTIFF'S CONTENTIONS:**
19       Notwithstanding the properly asserted objections, Plaintiff has fully and
20   completely responded to this Request.  To date, all endorsement agreements that
21   relate to the licensing and/or use of Plaintiff's name, likeness and/or identity **have**
22   been produced to all defendants.  Plaintiff clearly stated that it would produce all
23   such endorsement agreements in its response to the Request.  Plaintiff has even
24   produced documents relating to the non-commercial and uncompensated licensing
25   and/or use of his name, likeness and/or identity.  Defendant plainly misrepresents
26   Plaintiff's response to the Request and the corresponding production of documents.
27       Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the
28   process of preparing a privilege log.  Plaintiff notes that First Impressions has also

1  objected to Plaintiff's requests on the basis of privilege; however, to date,

2  Defendant has failed to provide any such privilege log covering its production.

3  Based upon the foregoing, Defendant's Motion as to this Request should be denied,

4  particularly where Defendant does not cite a single legal authority that would entitle

5  it to such overbroad, unreasonably cumulative and duplicative discovery that is not

6  contemplated by Rule 26(b)(1).

7  **REQUEST NO. 15**

8      All consents, authorizations, licenses, royalty agreements, releases and other

9  DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S

10  trademarks in the past five (5) years.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

12      Responding Party incorporates by this reference each and every general

13  objection as though fully set forth herein.  Responding Party objects to this Request

14  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

15  Responding Party thirty (30) days to respond to Requests for Production of

16  Documents; Propounding Party purports to provide only twenty-nine (29) days.

17  Responding Party objects to this Request to the extent that it seeks documents

18  protected from disclosure by the attorney-client privilege and/or attorney work-

19  product doctrine.  Responding Party objects to this Request on the ground that the

20  requested documents are not identified with reasonable particularity.  Responding

21  Party objects to this Request on the ground that the Request is overbroad,

22  burdensome, and harassing.  Responding Party objects to this Request on the

23  grounds that it is so broad on its face that it requires production of irrelevant

24  documents.  Responding Party further objects to this Request to the extent it seeks

25  documents that are not relevant to the claims, defenses, or subject matter of the

26  instant action, nor reasonably calculated to lead to the discovery of admissible

27  evidence in violation of Code of Civil Procedure section 2017.010, et seq.

28      Subject to and without waiving the foregoing objections, Responding Party

1  responds as follows:  Responding Party will produce his commercial endorsement
2  agreements and his agreement for the motion picture *The A-Team* that are within his
3  possession, custody, or control, subject to the Protective Order entered by the Court
4  in this action.

5  **DEFENDANT'S CONTENTIONS:**

6      Defendant requested that Plaintiff produce all consents, licenses,
7  authorizations, royalty agreements, releases and other documents and
8  communications that pertain to use of his trademark.  In response, Plaintiff stated
9  that he will produce only his Agreement for the movie "The A-Team" and his
10  endorsements.

11      Limiting the production to a single Agreement is improper because the
12  request is broader than the restrictive scope Plaintiff seeks to impose.  This
13  response is completely inadequate because documents other than the single
14  Agreement provide relevant information as to Plaintiff's trademarks.  Plaintiff must
15  modify his response to state with particularity the documents that will be produced
16  in response to this Request.

17      The objection that the request is overly broad has no merit.  It is reasonably
18  limited as to time and subject matter.  The objection based on the attorney-client
19  privilege is invalid without an identification of the documents withheld on the basis
20  of the privilege.  Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231
21  F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may
22  waive privilege).

23      To avoid a motion, Plaintiff simply needed to withdraw these baseless
24  objections, produce a privilege log and/or the requested documents.  Despite
25  Defendant's best efforts, Plaintiff will not provide the required documents.  The
26  Court should put an end to Plaintiff's refusal to accept his discovery obligations and
27  compel him to immediately provide full and complete responses.

28  / / /

11805142

40

41123.1000

**PLAINTIFF'S CONTENTIONS:**

Notwithstanding the properly asserted objections, Plaintiff has fully and completely responded to this Request. To date, all endorsement agreements that relate to the licensing and/or use of Plaintiff's name, likeness and/or identity **have** been produced to all defendants. Plaintiff clearly stated that it would produce all such endorsement agreements in its response to the Request. Plaintiff has even produced documents relating to the non-commercial and uncompensated licensing and/or use of his name, likeness and/or identity. Defendant plainly misrepresents Plaintiff's response to the Request and the corresponding production of documents.

Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the process of preparing a privilege log. Plaintiff notes that First Impressions has also objected to Plaintiff's requests on the basis of privilege; however, to date, Defendant has failed to provide any such privilege log covering its production. Based upon the foregoing, Defendant's Motion as to this Request should be denied, particularly where Defendant does not cite a single legal authority that would entitle it to such overbroad, unreasonably cumulative and duplicative discovery that is not contemplated by Rule 26(b)(1).

**REQUEST NO. 16**

All consents, authorizations, licenses, royalty agreements, releases and other DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S trade dress in the past five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents

1  protected from disclosure by the attorney-client privilege and/or attorney work-

2  product doctrine.  Responding Party objects to this Request on the ground that the

3  requested documents are not identified with reasonable particularity.  Responding

4  Party objects to this Request on the ground that the Request is overbroad,

5  burdensome, and harassing.  Responding Party objects to this Request on the

6  grounds that it is so broad on its face that it requires production of irrelevant

7  documents.  Responding Party further objects to this Request to the extent it seeks

8  documents that are not relevant to the claims, defenses, or subject matter of the

9  instant action, nor reasonably calculated to lead to the discovery of admissible

10  evidence in violation of Code of Civil Procedure section 2017.010, et seq.

11      Subject to and without waiving the foregoing objections, Responding Party

12  responds as follows:  Responding Party will produce his commercial endorsement

13  agreements and his agreement for the motion picture *The A-Team* that are within his

14  possession, custody, or control, subject to the Protective Order entered by the Court

15  in this action.

16  **DEFENDANT'S CONTENTIONS:**

17      Defendant requested that Plaintiff produce all consents, licenses,

18  authorizations, royalty agreements, releases, and other documents and

19  communications that pertain to use of his trade dress.   In response, Plaintiff stated

20  that he will produce only his Agreement for the movie "The A-Team" and his

21  endorsements.

22      Limiting the production to a single Agreement is improper because the

23  request is broader than the restrictive scope Plaintiff seeks to impose.  This

24  response is completely inadequate, because documents other than the single

25  Agreement provide relevant information as to Plaintiff's trade dress.  Plaintiff must

26  modify his response to state with particularity the documents that will be produced

27  in response to this Request.

28      The objection that the request is overly broad has no merit.  It is reasonably

1    limited as to time and subject matter.  The objection based on the attorney-client

2    privilege is invalid without an identification of the documents withheld on the basis

3    of the privilege. Fed. R. Civ. Proc 26(b)(5); *Ramirez v. County of Los Angeles* 231

4    F.R.D. 407, 410 (C.D. Cal. 2005) (failure to provide sufficient information may

5    waive privilege).

6        To avoid a motion, Plaintiff simply needed to withdraw these baseless

7    objections, produce a privilege log and/or the requested documents.  Despite

8    Defendant's best efforts, Plaintiff will not provide the required documents.  The

9    Court should put an end to Plaintiff's refusal to accept his discovery obligations and

10    compel him to immediately provide full and complete responses.

11 **PLAINTIFF'S CONTENTIONS:**

12        Notwithstanding the properly asserted objections, Plaintiff has fully and

13    completely responded to this Request.  To date, all endorsement agreements that

14    relate to the licensing and/or use of Plaintiff's name, likeness and/or identity **have**

15    been produced to all defendants.  Plaintiff clearly stated that it would produce all

16    such endorsement agreements in its response to the Request.  Plaintiff has even

17    produced documents relating to the non-commercial and uncompensated licensing

18    and/or use of his name, likeness and/or identity.  Defendant plainly misrepresents

19    Plaintiff's response to the Request and the corresponding production of documents.

20        Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

21    process of preparing a privilege log.  Plaintiff notes that First Impressions has also

22    objected to Plaintiff's requests on the basis of privilege; however, to date,

23    Defendant has failed to provide any such privilege log covering its production.

24    Based upon the foregoing, Defendant's Motion as to this Request should be denied,

25    particularly where Defendant does not cite a single legal authority that would entitle

26    it to such overbroad, unreasonably cumulative and duplicative discovery that is not

27    contemplated by Rule 26(b)(1).

28    / / /

1  **REQUEST NO. 24**

2      All DOCUMENTS, including but not limited to copies of checks or

3  statements, that record or evidence the financial compensation, fees, or royalties

4  earned by NEESON in connection with the use of NEESON'S INTELLECTUAL

5  PROPERTY at any time in the past five (5) years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

7      Responding Party incorporates by this reference each and every general

8  objection as though fully set forth herein.  Responding Party objects to this Request

9  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

10  Responding Party thirty (30) days to respond to Requests for Production of

11  Documents; Propounding Party purports to provide only twenty-nine (29) days.

12  Responding Party objects to this Request to the extent that it seeks documents

13  protected from disclosure by the attorney-client privilege and/or attorney work-

14  product doctrine.  Responding Party objects to this Request on the ground that the

15  requested documents are not identified with reasonable particularity.  Responding

16  Party objects to this Request on the ground that the Request is overbroad,

17  burdensome, and harassing.  Responding Party objects to this Request to the extent

18  that it seeks the disclosure of tax returns, which are privileged.  *See Weingarten v.*

19  *Superior Court,* 102 Cal. App. 4th 268, 274, 125 Cal. Rptr. 2d 371 (Cal. Ct. App.

20  2002); *Saca v. J.P. Molyneux Studio Ltd.,* CIVS06-2818 MCE EFB, 2008 WL

21  62181 (E.D. Cal. Jan. 4, 2008) (finding that defendants' requests for financial

22  information-tax returns and secured transactions-were not narrowly tailored to the

23  time period or subject matter to warrant production by plaintiff).  Responding Party

24  objects to this Request on the grounds that it is so broad on its face that it requires

25  production of irrelevant documents.  Responding Party further objects to this

26  Request to the extent that it seeks documents that are not relevant to the claims,

27  defenses, or subject matter of the instant action, nor reasonably calculated to lead to

28  the discovery of admissible evidence in violation of Code of Civil Procedure

section 2017.010, et seq.  Responding Party objects to this Request to the extent

that it seeks to invade its privacy and the privacy of third parties.

**DEFENDANT'S CONTENTIONS:**

Defendant requested that Plaintiff produce all checks or statements that

record or evidence the financial, fees or royalties earned by Plaintiff in connection

with use of Plaintiff's intellectual property.  In response, Plaintiff stated that he will

stand on his objections and will not produce any of the requested documents.  This

response is improper.

The requested documents are relevant to the Plaintiff's claimed damages as

they specifically serve as evidence of the value of Plaintiff's intellectual property.

Plaintiff must modify his response to state with particularity the documents that will

be produced in response to this Request.

The objection that the request is overly broad has no merit.  It is reasonably

limited as to time and subject matter.  The objection based on the attorney-client

privilege in invalid without an identification of the documents withheld on the basis

of the privilege.

To avoid a motion, Plaintiff simply needed to withdraw these baseless

objections, produce a privilege log and/or the requested documents.  Despite

Defendant's best efforts, Plaintiff will not provide the required documents.  The

Court should put an end to Plaintiff's refusal to accept his discovery obligations and

compel him to immediately provide full and complete responses.

**PLAINTIFF'S CONTENTIONS:**

Notwithstanding the properly asserted objections, Plaintiff has fully and

completely responded to this Request.  To date, all checks or statements that record

or evidence the financial compensation, fees or royalties earned by Plaintiff in

connection with use of Plaintiff's intellectual property have been produced.

On November 5, 2013, Plaintiff supplemented his response to this request

and provided a supplementary document production.  Counsel for First Impressions

1   has acknowledged that he has not reviewed this supplementary production yet

2   refuses to withdraw this motion, with no regard for whether the issues he has

3   brought to the Court for resolution are moot—as they, in fact, are.

4         Based upon the foregoing, Defendant's Motion as to this Request should be

5   denied.

6   **REQUEST NO. 27**

7         All DOCUMENTS, including but not limited to, reports, charts, evaluations,

8   and bills, concerning any health care provider examination, diagnosis, or treatment

9   of physical, mental, or emotional injuries sustained by NEESON, if any, as a result

10  of the alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY in

11  this ACTION.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

13        Responding Party incorporates by this reference each and every general

14  objection as though fully set forth herein.  Responding Party objects to this Request

15  on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

16  Responding Party thirty (30) days to respond to Requests for Production of

17  Documents; Propounding Party purports to provide only twenty-nine (29) days.

18  Responding Party objects to this Request to the extent that it seeks documents

19  protected from disclosure by the attorney-client privilege and/or attorney work-

20  product doctrine.  Responding Party objects to this Request on the ground that the

21  requested documents are not identified with reasonable particularity.  Responding

22  Party objects to this Request on the ground that the Request is overbroad,

23  burdensome, and harassing.  Responding Party objects to this Request on the

24  grounds that it is so broad on its face that it requires production of irrelevant

25  documents.  Responding Party objects to this Request to the extent that it seeks

26  documents that are not relevant to the claims, defenses, or subject matter of the

27  instant action, nor reasonably calculated to lead to the discovery of admissible

28  evidence in violation of Code of Civil Procedure section 2017.010, et seq.

1   Responding Party objects to this Request to the extent that it prematurely calls for

2   expert opinion and analysis in violation of California Code of Civil Procedure

3   section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

4   214 (1996). Responding Party objects to this Request to the extent that it seeks to

5   invade its privacy and the privacy of third parties. Responding Party objects to this

6   Request to the extent that it seeks documents protected from disclosure by the

7   doctor-patient privilege.

8   **DEFENDANT'S CONTENTIONS:**

9         Defendant requested that Plaintiff produce all medical records that relate to

10   diagnosis, examination or treatment of any physical or emotional injuries sustained

11   by the Plaintiff as a result of unauthorized use of his intellectual property. Plaintiff

12   says he will stand on his objections and will not produce any of the requested

13   documents. This response is completely improper.

14         The requested documents are relevant to the Plaintiff's claimed damages.

15   Plaintiff must modify his response to state with particularity the documents that will

16   be produced in response to this Request.

17         The objection that the request is overly broad has no merit. It is reasonably

18   limited as to time and subject matter. The objection based on the attorney-client

19   privilege in invalid without an identification of the documents withheld on the basis

20   of the privilege.

21         To avoid a motion, Plaintiff simply needed to withdraw these baseless

22   objections, produce a privilege log and/or the requested documents. Alternatively,

23   as was suggested by Defendant at a conference of counsel, Plaintiff could have

24   entered into a stipulation stating that he will not seek damages for personal injuries

25   (physical or emotional) in this action. Despite Defendant's best efforts, Plaintiff

26   will not provide the required documents. The Court should put an end to Plaintiff's

27   refusal to accept his discovery obligations and compel him to immediately provide

28   full and complete responses.

**PLAINTIFF'S CONTENTIONS:**

Per Defendant's counsel's email of November 6, 2013, at 5:09 PM, First Impressions has now withdrawn this Request as a subject of its motion to compel. *See* McKinney Decl., Exhibit A.  Accordingly, Plaintiff will not respond further to this Request.

**REQUEST NO. 28**

All DOCUMENTS and COMMUNICATIONS reflecting any medical care or treatment received by NEESON as a result of the unauthorized use of NEESON'S INTELLECTUAL PROPERTY in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity.  Responding Party objects to this Request on the ground that the Request is overbroad, burdensome, and harassing.  Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.  Responding Party objects to this Request to the extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et seq.  Responding Party objects to this Request to the extent that it prematurely calls for expert opinion and analysis in violation of California Code of Civil Procedure

1   section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

2   214 (1996).  Responding Party objects to this Request to the extent that it seeks to

3   invade its privacy and the privacy of third parties.  Responding Party objects to this

4   Request to the extent that it seeks documents protected from disclosure by the

5   doctor-patient privilege.

6   **DEFENDANT'S CONTENTIONS:**

7         Defendant requested that Plaintiff produce all documents and

8   communications related to any medical care or treatment Plaintiff is receiving

9   because of physical or emotional injuries sustained by Plaintiff as a result of

10  unauthorized use of his intellectual property in this action.  Plaintiff says he will

11  stand on his objections and will not produce any of the requested documents.  This

12  response is completely improper.  The requested documents are relevant to the

13  Plaintiff's claimed damages.  Plaintiff must modify his response to state with

14  particularity the documents that will be produced in response to this Request.

15        To avoid a motion, Plaintiff simply needed to withdraw these baseless

16  objections, produce a privilege log and/or the requested documents.  Despite

17  Defendant's best efforts, Plaintiff will not provide the required documents.  The

18  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

19  compel him to immediately provide full and complete responses.

20  **PLAINTIFF'S CONTENTIONS:**

21        Per Defendant's counsel's email of November 6, 2013, at 5:09 PM, First

22  Impressions has now withdrawn this Request as a subject of its motion to compel.

23  *See* McKinney Decl., Exhibit A.  Accordingly, Plaintiff will not respond further to

24  this Request.

25  **REQUEST NO. 29**

26        All DOCUMENTS evidencing any loss of earnings sustained by NEESON as

27  a result of the alleged unauthorized use of NEESON'S INTELLECTUAL

28  PROPERTY in this ACTION.

11805142

49

41123.1000

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents. Responding Party further objects to this Request to the extent that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged responsive documents within his possession, custody, or control, if any exist. Any confidential information will be produced pursuant to the Protective Order entered by the Court in this action.

## DEFENDANT'S CONTENTIONS:

Defendant reasonably requested that the Plaintiff produce all documents that reflect Plaintiff's loss of earnings resulting from Defendant's alleged unauthorized use of his image. Plaintiff's response is completely inadequate because it fails to make clear the extent to which the Plaintiff is willing to comply with the request and the extent to which he is unable or unwilling to comply. Plaintiff stated he will produce such documents if such documents "exist." If Plaintiff has lost earnings, documents reflecting such losses should be produced. Plaintiff must modify his

1   response to state with particularity the documents that will be produced that reflect

2   all lost earnings.

3          The objection that the request is overly broad and fails to specify time has no

4   merit.  The subject of the request inherently establishes the relevant time frame.

5          The objection based on the attorney-client privilege in invalid without an

6   identification of the documents withheld on the basis of the privilege.

7          To avoid a motion, Plaintiff simply needed to withdraw these baseless

8   objections, produce a privilege log and/or the requested documents. Despite

9   Defendant's best efforts, Plaintiff will not provide the required documents.  The

10  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

11  compel him to immediately provide full and complete responses.

12  **PLAINTIFF'S CONTENTIONS:**

13         Notwithstanding the properly asserted objections, Plaintiff has fully and

14  completely responded to this Request.  Plaintiff has already stated that it will

15  produce responsive documents to the extent any exist.  To the extent that Defendant

16  has yet to receive responsive documents, that is due either to: (a) their non-

17  existence; or (b) the fact that discovery is not yet complete and will not be

18  completed for another three months.

19         While Defendant claims that such a response is inadequate, it has

20  acknowledged the propriety of such a response by providing virtually identical

21  responses to Plaintiff's Requests for Production – *i.e.*, "First Impressions will

22  produce responsive documents, to the extent such documents exist." *See* McKinney

23  Decl., Exhibit F.

24         Defendant has proffered no evidence that Plaintiff has not complied with this

25  Request.  Absent contrary evidence, "the Court presumes the truthfulness of

26  representations made to the Court by attorneys." *See Laethem Equipment Co. v.*

27  *Deere & Co.*, 261 FRD 127, 137 (E.D. MI 2009).

28         Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

1  process of preparing a privilege log. Plaintiff notes that First Impressions has also

2  objected to Plaintiff's requests on the basis of privilege; however, to date,

3  Defendant has failed to provide any such privilege log covering its production.

4  Based upon the foregoing, Defendant's Motion as to this Request should be denied,

5  particularly where Defendant does not cite a single legal authority that would entitle

6  it to such overbroad, unreasonably cumulative and duplicative discovery that is not

7  contemplated by Rule 26(b)(1).

8  **REQUEST NO. 30**

9      All DOCUMENTS evidencing any loss of earnings sustained by NEESON as

10  a result of any PERSON's alleged unauthorized use of NEESON'S

11  INTELLECTUAL PROPERTY.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13      Responding Party incorporates by this reference each and every general

14  objection as though fully set forth herein. Responding Party objects to this Request

15  on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides

16  Responding Party thirty (30) days to respond to Requests for Production of

17  Documents; Propounding Party purports to provide only twenty-nine (29) days.

18  Responding Party objects to this Request to the extent that it seeks documents

19  protected from disclosure by the attorney-client privilege and/or attorney work-

20  product doctrine. Responding Party objects to this Request on the ground that the

21  requested documents are not identified with reasonable particularity. Responding

22  Party objects to this Request on the ground that the Request is overbroad,

23  burdensome, and harassing. Responding Party objects to this Request on the

24  grounds that it is so broad on its face that it requires production of irrelevant

25  documents. Responding Party further objects to this Request to the extent that it

26  seeks documents that are not relevant to the claims, defenses, or subject matter of

27  the instant action, nor reasonably calculated to lead to the discovery of admissible

28  evidence in violation. Responding Party further objects to this Request to the

1  extent that it calls for a legal conclusion.

2       Subject to and without waiving the foregoing objections, Responding Party

3  responds as follows:  Responding Party will produce non-privileged responsive

4  documents within his possession, custody, or control, if any exist.  Any confidential

5  information will be produced pursuant to the Protective Order entered by the Court

6  in this action.

7  **DEFENDANT'S CONTENTIONS:**

8       Defendant requested that Plaintiff produce all documents that reflect

9  Plaintiff's loss of earnings resulting from the alleged unauthorized use by any

10  person of the same intellectual property allegedly used by Defendant.

11       Plaintiff's response is completely inadequate, because it fails to make clear

12  the extent to which the Plaintiff is willing to comply with the request and the extent

13  to which he is unable or unwilling to comply.  Plaintiff says he will produce such

14  documents if such documents "exist."  If the Plaintiff has lost earnings, documents

15  reflecting such losses should be produced.  Plaintiff must modify his response to

16  state with particularity the documents that will be produced that reflect all lost

17  earnings.

18       To avoid a motion, Plaintiff simply needed to withdraw these baseless

19  objections, produce a privilege log and/or the requested documents.  Despite

20  Defendant's best efforts, Plaintiff will not provide the required documents.  The

21  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

22  compel him to immediately provide full and complete responses.

23  **PLAINTIFF'S CONTENTIONS:**

24       Notwithstanding the properly asserted objections, Plaintiff has fully and

25  completely responded to this Request.  Plaintiff has already stated that it will

26  produce responsive documents to the extent any exist.  To the extent that Defendant

27  has yet to receive responsive documents, that is due either to: (a) their non-

28  existence; or (b) the fact that discovery is not yet complete and will not be

1  completed for another three months.

2      While Defendant claims that such a response is inadequate, it has

3  acknowledged the propriety of such a response by providing virtually identical

4  responses to Plaintiff's Requests for Production – *i.e.*, "First Impressions will

5  produce responsive documents, to the extent such documents exist." *See* McKinney

6  Decl., Exhibit F.

7      Defendant has proffered no evidence that Plaintiff has not complied with this

8  Request. Absent contrary evidence, "the Court presumes the truthfulness of

9  representations made to the Court by attorneys." *See Laethem Equipment Co. v.*

10 *Deere & Co.*, 261 FRD 127, 137 (E.D. MI 2009).

11     Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the

12 process of preparing a privilege log. Plaintiff notes that First Impressions has also

13 objected to Plaintiff's requests on the basis of privilege; however, to date,

14 Defendant has failed to provide any such privilege log covering its production.

15 Based upon the foregoing, Defendant's Motion as to this Request should be denied,

16 particularly where Defendant does not cite a single legal authority that would entitle

17 it to such overbroad, unreasonably cumulative and duplicative discovery that is not

18 contemplated by Rule 26(b)(1).

19 **REQUEST NO. 32**

20     All complaints, pleadings, and other DOCUMENTS filed by YOU in any

21 legal action within the previous ten years alleging an infringement or

22 misappropriation of NEESON'S INTELLECTUAL PROPERTY.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

24     Responding Party incorporates by this reference each and every general

25 objection as though fully set forth herein. Responding Party objects to this Request

26 on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides

27 Responding Party thirty (30) days to respond to Requests for Production of

28 Documents; Propounding Party purports to provide only twenty-nine (29) days.

1   Responding Party objects to this Request to the extent that it seeks documents
2   protected from disclosure by the attorney-client privilege and/or attorney work-
3   product doctrine.  Responding Party objects to this Request on the ground that the
4   requested documents are not identified with reasonable particularity.  Responding
5   Party objects to this Request on the grounds that it is so broad on its face that it
6   requires production of irrelevant documents.  Responding Party further objects to
7   this Request to the extent that it seeks documents that are not relevant to the claims,
8   defenses, or subject matter of the instant action, nor reasonably calculated to lead to
9   the discovery of admissible evidence in violation of Code of Civil Procedure
10  section 2017.010, et seq.  Responding Party objects to this Request to the extent
11  that it calls for a legal conclusion.

12  **DEFENDANT'S CONTENTIONS:**

13      Defendant requested that Plaintiff produce all documents and
14  communications related to the discovery of Defendant's alleged unauthorized use
15  of his intellectual property.  Plaintiff says he will stand on his objections and will
16  not produce any of the requested documents.  This response is completely
17  improper.  The requested documents are relevant to the Defendant's defenses,
18  including but not limited to the statute of limitations and laches.  Plaintiff must
19  modify his response to state with particularity the documents that will be produced
20  called for by this Request.

21      The objection that the request is overly broad has no merit.  It is reasonably
22  limited as to time and subject matter.  The objection based on the attorney-client
23  privilege in invalid without an identification of the documents withheld on the basis
24  of the privilege.

25      To avoid a motion, Plaintiff simply needed to withdraw these baseless
26  objections, produce a privilege log and/or the requested documents.  Despite
27  Defendant's best efforts, Plaintiff will not provide the required documents.  The
28  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

41123.1000

11805142

1  compel him to immediately provide full and complete responses.

2  **PLAINTIFF'S CONTENTIONS:**

3      Plaintiff's objections to this Request are valid and properly asserted.  This

4  Request seeks only filed documents, which are publicly available.  The burden and

5  cost of obtaining ten years' worth of filed court documents would be equal to both

6  parties.  Defendant bears the burden of establishing Plaintiff's control over the

7  requested documents.  *United States v. Int'l Union of Petroleum & Indus. Workers,*

8  870 F.2d 1450, 1452 (9th Cir. 1989).  Defendant has not even attempted to meet

9  such a burden.   Further, upon hearing Plaintiff's position, First Impressions made

10  no attempts to resolve this disputed issue through negotiation or by limiting the ten-

11  year scope of its request.

12      Defendant's contentions are also moot, as Plaintiff's counsel has already

13  confirmed during telephonic conference and in response to First Impressions'

14  Interrogatory No. 14 that Plaintiff "is currently unaware of any other legal actions

15  involving his intellectual property." *See* McKinney Decl., Exhibit C.  To the extent

16  that Defendant has yet to receive responsive documents to this Request, that is due

17  either to: (a) their non-existence; or (b) the fact that discovery is not yet complete

18  and will not be completed for another three months.

19  Plaintiff is cognizant of its obligations under Rule 26(b)(5) and is in the process of

20  preparing a privilege log.  Plaintiff notes that First Impressions has also objected to

21  Plaintiff's requests on the basis of privilege; however, to date, Defendant has failed

22  to provide any such privilege log covering its production.

23      Based upon the foregoing, Defendant's Motion as to this Request should be

24  denied, particularly where Defendant does not cite to a single legal authority that

25  would entitle it to such overbroad and burdensome discovery that is not

26  contemplated by Rule 26(b)(1).

27  **REQUEST NO. 40**

28      All DOCUMENTS that support YOUR response to Interrogatory No. 5,

1    served concurrently by FIRST IMPRESSIONS.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

3         Responding Party incorporates by this reference each and every general

4    objection as though fully set forth herein.  Responding Party objects to this Request

5    on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

6    Responding Party thirty (30) days to respond to Requests for Production of

7    Documents; Propounding Party purports to provide only twenty-nine (29) days.

8    Responding Party objects to this Request to the extent that it seeks documents

9    protected from disclosure by the attorney-client privilege and/or attorney work-

10   product doctrine.  Responding Party objects to this Request on the ground that the

11   requested documents are not identified with reasonable particularity.  Responding

12   Party objects to this Request on the grounds that the Request is overbroad,

13   burdensome, and harassing.  Responding Party objects to this Request on the

14   grounds that it is so broad on its face that it requires production of irrelevant

15   documents.

16        Subject to and without waiving the foregoing objections, Responding Party

17   responds as follows:  Responding Party has not served responses, or identified any

18   documents, in response to First Impressions' First Set of Interrogatories.

19   **DEFENDANT'S CONTENTIONS:**

20        Defendant requested that Plaintiff produce all documents that support

21   Plaintiff's response to Interrogatory No.5 that was served concurrently with the

22   document request.  In response, Plaintiff takes the position that he can avoid the

23   obligation to produce the requested documents because at the time of the written

24   response to Defendant's document request, Plaintiff had not served his response to

25   Interrogatory No. 5.  Plaintiff has since served his response to Interrogatory No. 5.

26   To the extent that Plaintiff's response to Interrogatory No. 5 is supported by any

27   documents, Plaintiff must modify his response to this Request to state with

28   particularity the documents that will be produced called for by this Request.

11805142                                                                          41123.1000

1    The objection that the Request is overly broad has no merit.  It is reasonably

2    limited as to time and subject matter.  The objection based on the attorney-client

3    privilege in invalid without an identification of the documents withheld on the basis

4    of the privilege.

5        To avoid a motion, Plaintiff simply needed to withdraw these baseless

6    objections, produce a privilege log and/or the requested documents.  Despite

7    Defendant's best efforts, Plaintiff will not provide the required documents.  The

8    Court should put an end to Plaintiff's refusal to accept his discovery obligations and

9    compel him to immediately provide full and complete responses.

10   **PLAINTIFF'S CONTENTIONS:**

11       Defendant's contentions are moot, as Plaintiff's counsel has already

12   confirmed during the parties' telephonic meet and confer process that documents

13   identified or implicated by the corresponding interrogatory response would be

14   produced. To the extent that Defendant has yet to receive responsive documents,

15   that is due either to: (a) their non-existence; or (b) the fact that discovery is not yet

16   complete and will not be completed for another three months.

17   **REQUEST NO. 50**

18       All DOCUMENTS that support YOUR response to Interrogatory No. 15,

19   served concurrently by FIRST IMPRESSIONS.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

21       Responding Party incorporates by this reference each and every general

22   objection as though fully set forth herein.  Responding Party objects to this Request

23   on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides

24   Responding Party thirty (30) days to respond to Requests for Production of

25   Documents; Propounding Party purports to provide only twenty-nine (29) days.

26   Responding Party objects to this Request to the extent that it seeks documents

27   protected from disclosure by the attorney-client privilege and/or attorney work-

28   product doctrine.  Responding Party objects to this Request on the ground that the

1  requested documents are not identified with reasonable particularity.  Responding

2  Party objects to this Request on the grounds that the Request is overbroad,

3  burdensome, and harassing.  Responding Party objects to this Request on the

4  grounds that it is so broad on its face that it requires production of irrelevant

5  documents.

6      Subject to and without waiving the foregoing objections, Responding Party

7  responds as follows:  Responding Party has not served responses, or identified any

8  documents, in response to First Impressions' First Set of Interrogatories.

9  **DEFENDANT'S CONTENTIONS:**

10     Defendant requests that Plaintiff produce all documents that support

11 Plaintiff's response to Interrogatory No. 15.  That Interrogatory asked Plaintiff to

12 provide a factual basis for his contention that Defendant acted willfully,

13 maliciously, and oppressively.   that was served concurrently with the document

14 request. In response, Plaintiff takes the position that he can avoid the obligation to

15 produce the requested documents because at the time of the written response to

16 Defendant's document request, Plaintiff had not served his response to

17 Interrogatory No. 15.  Plaintiff has since served his response to Interrogatory No.

18 15 and has identified some documents in the most general and impermissibly vague

19 terms.  Plaintiff must modify his response to this Request to state with particularity

20 the documents that will be produced called for by this Request.

21     In response, Plaintiff takes the position that he can avoid the obligation to

22 produce the requested documents because at the time of the written response to

23 Defendant's document request, Plaintiff had not served his response to

24 Interrogatory No. 15.  Plaintiff has since served his response to Interrogatory No.

25 15 and has identified some documents in the most general and impermissibly vague

26 terms.  Plaintiff must modify his response to this Request to state with particularity

27 the documents that will be produced called for by this Request.

28     The objection that the Request is overly broad has no merit.  It is reasonably

1  limited as to time and subject matter.  The objection based on the attorney-client

2  privilege in invalid without an identification of the documents withheld on the basis

3  of the privilege.

4         To avoid a motion, Plaintiff simply needed to withdraw these baseless

5  objections, produce a privilege log and/or the requested documents.  Despite

6  Defendant's best efforts, Plaintiff will not provide the required documents.  The

7  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

8  compel him to immediately provide full and complete responses.

9  **PLAINTIFF'S CONTENTIONS:**

10        Defendant's contentions are moot, as Plaintiff's counsel has already

11  confirmed during the parties' telephonic meet and confer process that documents

12  identified or implicated by the corresponding interrogatory response would be

13  produced. To the extent that Defendant has yet to receive responsive documents,

14  that is due either to: (a) their non-existence; or (b) the fact that discovery is not yet

15  complete and will not be completed for another three months.

16  **REQUEST FOR PRODUCTION NO. 51:**

17        All DOCUMENTS that support YOUR response to Interrogatory No. 16,

18  served concurrently by FIRST IMPRESSIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

20        Responding Party incorporates by this reference each and every general

21  objection as though fully set forth herein. Responding Party objects to this Request

22  on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides

23  Responding Party thirty (30) days to respond to Requests for Production of

24  Documents; Propounding Party purports to provide only twenty-nine (29) days.

25  Responding Party objects to this Request to the extent that it seeks documents

26  protected from disclosure by the attorney-client privilege and/or attorney work-

27  product doctrine. Responding Party objects to this Request on the ground that the

28  requested documents are not identified with reasonable particularity. Responding

11805142                                                                                          41123.1000

1  Party objects to this Request on the grounds that the Request is overbroad,

2  burdensome, and harassing. Responding Party objects to this Request on the

3  grounds that it is so broad on its face that it requires production of irrelevant

4  documents.

5        Subject to and without waiving the foregoing objections, Responding Party

6  responds as follows: Responding Party has not served responses, or identified any

7  documents, in response to First Impressions' First Set of Interrogatories.

8  **DEFENDANT'S CONTENTIONS:**

9        Defendant requested that Plaintiff produce all documents that support

10  Plaintiff's response to Interrogatory No. 16 that was served concurrently with the

11  document request.  Mandell Dec., Ex. H.  This required that Plaintiff produce

12  documents supporting his contention that this is an "exceptional case" as to

13  Defendant, pursuant to 15 U.S.C. section 1117(a) of the Lanham Act, as alleged in

14  paragraphs 37 and 43 of Plaintiff's Complaint. Mandell Dec., Ex. I.

15        In response, Plaintiff takes the position that he can avoid the obligation to

16  produce the requested documents because at the time of the written response to

17  Defendant's document request, Plaintiff had not served his response to

18  Interrogatory No. 16.  Plaintiff has since served his response to Interrogatory No.

19  16 and has identified some documents in the most general and impermissibly vague

20  terms.  Plaintiff must modify his response to this Request to state with particularity

21  the documents that will be produced called for by this Request.

22        The objection that the Request is overly broad has no merit.  It is reasonably

23  limited as to time and subject matter.  The objection based on the attorney-client

24  privilege in invalid without an identification of the documents withheld on the basis

25  of the privilege.

26        To avoid a motion, Plaintiff simply needed to withdraw these baseless

27  objections, produce a privilege log and/or the requested documents.  Despite

28  Defendant's best efforts, Plaintiff will not provide the required documents.  The

11805142                                                                              41123.1000

1   Court should put an end to Plaintiff's refusal to accept his discovery obligations and

2   compel him to immediately provide full and complete responses.

3   **PLAINTIFF'S CONTENTIONS:**

4         Defendant's contentions are moot, as Plaintiff's counsel has already

5   confirmed during the parties' telephonic meet and confer process that documents

6   identified or implicated by the corresponding interrogatory response would be

7   produced. To the extent that Defendant has yet to receive responsive documents,

8   that is due either to: (a) their non-existence; or (b) the fact that discovery is not yet

9   complete and will not be completed for another three months.

10  **REQUEST FOR PRODUCTION NUMBER 52:**

11        All DOCUMENTS that support YOUR response to Interrogatory No. 17,

12  served concurrently by FIRST IMPRESSIONS.

13  **PLAINTIFF'S RESPONSE TO REQUEST NO. 52:**

14  ~~First Impressions requests the Plaintiff to produce all documents that support~~

15  ~~Plaintiff's response to Interrogatory No. 17 that was served concurrently with the~~

16  ~~document request. In response, Plaintiff takes the position that he can avoid the~~

17  ~~obligation to produce the requested documents because at the time of the written~~

18  ~~response to Defendant's document request, Plaintiff had not served his response to~~

19  ~~Interrogatory No. 17. Plaintiff has since served his response to Interrogatory No.~~

20  ~~17 and has identified some documents in the most general and impermissibly vague~~

21  ~~terms. Plaintiff must modify his response to this Request to state with particularity~~

22  ~~the documents that will be produced called for by this Request. The objection that~~

23  ~~the Request is overly broad has no merit. It is reasonably limited as to time and~~

24  ~~subject matter. The objection based on the attorney-client privilege in invalid~~

25  ~~without an identification of the documents withheld on the basis of the privilege.~~

26  ~~To avoid a motion, the responding party must withdraw these bogus objections,~~

27  ~~produce a privilege log and/or the requested documents. Finally, the response is~~

28  ~~inadequate because it does not specify when the documents called for by the request~~

41123.1000

11805142

1   ~~will be produced.  The propounding party withdraws the request that the documents~~
2   ~~be produced on August 8, 2013 and requests that responding party produce the~~
3   ~~requested documents on September 13, 2013.~~

4   **DEFENDANT'S CONTENTIONS:**

5         Defendant requested that Plaintiff produce all documents that support

6   Plaintiff's response to Interrogatory No. 17 that was served concurrently with the

7   document request.  *Id.*, Ex. H.  This requested that Plaintiff provide documents

8   supporting his contention that defendants' alleged use of his intellectual property is

9   likely to confuse, mislead, and/or deceive the consuming public and trade by

10  creating the false impression that Defendant's companies, products, and services

11  are or were approved, sponsored, endorsed, guaranteed by, and/or are in some way

12  affiliated or associated with Plaintiff, as alleged in paragraphs 34 and 41 of

13  Plaintiff's Complaint in this action.  *Id.*, Ex. I.

14        In response, Plaintiff takes the position that he can avoid the obligation to

15  produce the requested documents because at the time of the written response to

16  Defendant's document request, Plaintiff had not served his response to

17  Interrogatory No. 17.  Plaintiff has since served his response to Interrogatory No.

18  17 and has identified some documents in the most general and impermissibly vague

19  terms.  Plaintiff must modify his response to this Request to state with particularity

20  the documents that will be produced called for by this Request.

21        The objection that the Request is overly broad has no merit.  It is reasonably

22  limited as to time and subject matter.  The objection based on the attorney-client

23  privilege in invalid without an identification of the documents withheld on the basis

24  of the privilege.

25        To avoid a motion, Plaintiff simply needed to withdraw these baseless

26  objections, produce a privilege log and/or the requested documents.  Despite

27  Defendant's best efforts, Plaintiff will not provide the required documents.  The

28  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

1   Plaintiff's response to Interrogatory No. 19, which asked Plaintiff to describe each

2   element and component of the "trade dress" that he contends was used without

3   authorization as alleged in paragraph 40 and in the Fourth Cause of Action in his

4   Complaint in this action. *Id.*, Exs. H and I.

5          In response, Plaintiff takes the position that he can avoid the obligation to

6   produce the requested documents because at the time of the written response to

7   Defendant's document request, Plaintiff had not served his response to

8   Interrogatory No. 19. Plaintiff has since served his response to Interrogatory No.

9   19 and has identified some documents in the most general and impermissibly vague

10  terms. Plaintiff must modify his response to this Request to state with particularity

11  the documents that will be produced called for by this Request.

12         The objection that the Request is overly broad has no merit. It is reasonably

13  limited as to time and subject matter. The objection based on the attorney-client

14  privilege in invalid without an identification of the documents withheld on the basis

15  of the privilege.

16         To avoid a motion, Plaintiff simply needed to withdraw these baseless

17  objections, produce a privilege log and/or the requested documents. Despite

18  Defendant's best efforts, Plaintiff will not provide the required documents. The

19  Court should put an end to Plaintiff's refusal to accept his discovery obligations and

20  compel him to immediately provide full and complete responses.

21  **PLAINTIFF'S CONTENTIONS:**

22         Defendant's contentions are moot, as Plaintiff's counsel has already

23  confirmed during the parties' telephonic meet and confer process that documents

24  identified or implicated by the corresponding interrogatory response would be

25  produced. To the extent that Defendant has yet to receive responsive documents,

26  that is due either to: (a) their non-existence; or (b) the fact that discovery is not yet

27  complete and will not be completed for another three months.

28  / / /

11805142                                                                    41123.1000

JOINT STIP. TO MTN. TO COMPEL FURTHER RESPONSES BY NEESON TO REQ FOR PROD. OF DOCS., SET ONE

# CONCLUSION

## DEFENDANT'S CONCLUSION:

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion and order Plaintiff to provide complete and full responses to the discovery requests.

## PLAINTIFF'S CONCLUSION:

For the foregoing reasons, Plaintiff respectfully requests that the Court deny First Impressions' Motion and award sanctions to Plaintiff to compensate him for the time and resources expended in opposing this motion.

Dated:  November 12, 2013        LECLAIRRYAN LLP


                                 By: /s/ Chad M. Mandell
                                 JAMES C. POTEPAN
                                 CHAD M. MANDELL
                                 Attorneys for Defendant
                                 FIRST IMPRESSIONS THEME
                                 THEATRES, INC.


Dated:  November 13 , 2013        HARDER MIRELL & ABRAMS LLP


                                 By: /s/ Douglas E. Mirell
                                 CHARLES J. HARDER
                                 DOUGLAS E. MIRELL
                                 Attorneys for Plaintiff
                                 BRADLEY COOPER and LIAM NEESON