1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT A

DECL OF MANDELL IN SUPPT JNT STIP FOR DEF'S MTC RESPS TO REQ PROD DOCS BY NEESON; ATTACH A

**EXHIBIT A**

1   JAMES C. POTEPAN (SBN 107370)
    Email: james.potepan@leclairryan.com
2   COURTNEY E. CURTIS (SBN 245231)
    Email: courtney.curtis@leclairryan.com
3   LECLAIRRYAN LLP
    725 S. Figueroa Street, Suite 350
4   Los Angeles, CA 90017
    Telephone: (213) 488-0503
5   Facsimile: (213) 624-3755

6
    Attorneys for Defendant
7   FIRST IMPRESSIONS THEME THEATERS,
    INC.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   BRADLEY COOPER, an individual;        Case No. CV13-02951 SJO (SHx)
     and LIAM NEESON, an individual,
13                                          Hon. Judge S. James Otero
           Plaintiffs,
14
           v.
15                                          **DEFENDANT FIRST IMPRESSIONS
     VUTEC CORPORATION, a Florida           THEME THEATERS, INC.'S FIRST
16   corporation; FIRST IMPRESSIONS         SET OF REQUESTS FOR
     THEME THEATERS, INC., a Florida        PRODUCTION TO PLAINTIFF
17   corporation; and DOES 1-20, inclusive, LIAM NEESON**

18         Defendants.

19   VUTEC CORPORATION, a Florida
     corporation,
20
           Cross-Claimant,
21
           v.
22
     FIRST IMPRESSIONS THEME
23   THEATRES, INC., a Florida
     corporation,
24
           Cross-Defendant.
25

26   / / /

27   / / /

28

11323368v1                    1                           41123.1000

FIRST IMPRESSIONS' REQUESTS FOR PRODUCTION TO LIAM NEESON, SET ONE

1    PROPOUNDING PARTY:      Defendant First Impressions Theme Theatres, Inc.

2    RESPONDING PARTY:      Plaintiff Liam Neeson

3    SET NO.:      One (Nos. 1-57)

4         Defendant First Impressions Theme Theaters, Inc. ("First Impressions")

5    hereby requests that Plaintiff Liam Neeson respond to the following listed requests

6    for production of documents pursuant to Fed. R. Civ. P. 34, and produce for

7    inspection and copying on or before August 8, 2013 at 10:00 a.m., at the offices of

8    LeClairRyan LLP, located at 725 S. Figueroa St., Suite 350, Los Angeles,

9    California 90017, all of the documents described in the requests for production.

10                          **DEFINITIONS**

11        Words in CAPITALS in the following Requests for Production are defined as

12   follows:

13        ACTION means the present case, entitled *Bradley Cooper and Liam Neeson*

14   *v. First Impressions Theme Theatres, Inc., et al.*, Case No. CV13-02951 SJO (SHx).

15        COMMUNICATION includes correspondence, notes, e-mails, faxes,

16   memoranda and all other forms of communication between two or more

17   PERSONS.

18        DEFENDANTS mean, jointly and severally, the defendants in this action,

19   First Impressions Theme Theatres, Inc., and Vutec Corporation.

20        DOCUMENT means "writings," "recordings," and "photographs" as defined

21   in Fed. R. Evid. 1001 ("letters, words, numbers, or their equivalent set down in any

22   form," and "a photographic image or its equivalent stored in any form.").

23        FIRST IMPRESSIONS means defendant First Impressions Theme Theatres,

24   Inc.

25        IDENTIFY means to state a PERSON'S name, address, and telephone

26   number, and, for natural persons, his or her employer.

27        INTELLECTUAL PROPERTY means, jointly and severally, the names,

28   trade names, trademarks, trade dress, privacy rights, images, photographs, and/or

1  likenesses that PLAINTIFFS contend in this action were used by DEFENDANTS

2  without proper authorization.

3      NEESON means plaintiff Liam Neeson.

4      PERSON includes a natural person, firm, association, organization,

5  partnership, business, trust, corporation, or public entity.

6      PLAINTIFFS mean, jointly and severally, the plaintiffs in this action,

7  Bradley Cooper and Liam Neeson.

8      YOU and YOUR includes NEESON, his agents, managers, employees,

9  attorneys, accountants, investigators, and anyone else acting on his behalf.

10  **REQUESTS FOR PRODUCTION**

11  **REQUEST NO. 1**

12      All versions of the performer agreement(s), including the final executed

13  version, that NEESON entered into concerning his role as "Hannibal" in the 2010

14  film The A-Team.

15  **REQUEST NO. 2**

16      All DOCUMENTS that evidence any agreements NEESON entered into

17  concerning his role as "Hannibal" in the 2010 film The A-Team.

18  **REQUEST NO. 3**

19      All COMMUNICATIONS between YOU and any PERSON that pertain to

20  NEESON'S INTELLECTUAL PROPERTY rights in connection with his role as

21  "Hannibal" in the 2010 film The A-Team.

22  **REQUEST NO. 4**

23      All DOCUMENTS that pertain to NEESON'S INTELLECTUAL

24  PROPERTY rights in connection with his role as "Hannibal" in the 2010 film The

25  A-Team.

26  **REQUEST NO. 5**

27      All DOCUMENTS that evidence production, ownership, and distribution

28  rights in the 2010 film The A-Team.

11323368v1          3         41123.1000

FIRST IMPRESSIONS' REQUESTS FOR PRODUCTION TO LIAM NEESON, SET ONE

**REQUEST NO. 6**

All DOCUMENTS and COMMUNICATIONS that pertain to NEESON'S rights in connection with the use of any still images from the 2010 film The A-Team.

**REQUEST NO. 7**

All DOCUMENTS that evidence what YOU contend in this ACTION to be FIRST IMPRESSIONS' unauthorized use of NEESON'S INTELLECTUAL PROPERTY.

**REQUEST NO. 8**

All DOCUMENTS that evidence what YOU contend in this ACTION to be Defendant Vutec Corporation's unauthorized use of NEESON'S INTELLECTUAL PROPERTY.

**REQUEST NO. 9**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that pertain to or evidence the value of NEESON'S INTELLECTUAL PROPERTY in the past five (5) years.

**REQUEST NO. 10**

All consents, authorizations, licenses, royalty agreements, releases and other DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S INTELLECTUAL PROPERTY in the past five (5) years.

**REQUEST NO. 11**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that pertain to or evidence the value of NEESON'S image or likeness in the past five (5) years.

**REQUEST NO. 12**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that pertain to or evidence the value of NEESON'S trademarks in the past five (5) years.

11323368v1                              4                              41123.1000

FIRST IMPRESSIONS' REQUESTS FOR PRODUCTION TO LIAM NEESON, SET ONE

**REQUEST NO. 13**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that pertain to or evidence the value of NEESON'S trade dress in the past five (5) years.

**REQUEST NO. 14**

All consents, authorizations, licenses, royalty agreements, releases and other DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S image or likeness in the past five (5) years.

**REQUEST NO. 15**

All consents, authorizations, licenses, royalty agreements, releases and other DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S trademarks in the past five (5) years.

**REQUEST NO. 16**

All consents, authorizations, licenses, royalty agreements, releases and other DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S trade dress in the past five (5) years.

**REQUEST NO. 17**

All COMMUNICATIONS asserting that any PERSON used, without YOUR authorization, NEESON'S image or likeness as it was portrayed in any film in which NEESON has performed, including NEESON'S role as "Hannibal" in the 2010 film The A-Team, and all responses thereto.

**REQUEST NO. 18**

All DOCUMENTS and COMMUNICATIONS that constitute requests for permission or authorization by any PERSON to use the image or likeness of NEESON as depicted in a movie still from any film in which NEESON has performed.

**REQUEST NO. 19**

All consents, authorizations, licenses, royalty agreements, releases and other

1  DOCUMENTS and COMMUNICATIONS in which NEESON has given

2  permission for the use of his image or likeness as depicted in a movie still from any

3  film in which NEESON has performed.

4  **REQUEST NO. 20**

5       All consents, authorizations, licenses, royalty agreements, releases and other

6  DOCUMENTS and COMMUNICATIONS in which any PERSON acting on behalf

7  of NEESON at any time has given permission for the use of his image or likeness

8  as depicted in a movie still from any film in which NEESON has performed.

9  **REQUEST NO. 21**

10      All endorsement agreements entered into by NEESON.

11 **REQUEST NO. 22**

12      All product placement agreements entered into by NEESON, or by any

13 PERSON, that pertain to use of NEESON'S INTELLECTUAL PROPERTY.

14 **REQUEST NO. 23**

15      All commercial tie-in agreements entered into by NEESON, or by any

16 PERSON, that pertain to use of NEESON'S INTELLECTUAL PROPERTY.

17 **REQUEST NO. 24**

18      All DOCUMENTS, including but not limited to copies of checks or

19 statements, that record or evidence the financial compensation, fees, or royalties

20 earned by NEESON in connection with the use of NEESON'S INTELLECTUAL

21 PROPERTY at any time in the past five (5) years.

22 **REQUEST NO. 25**

23      All DOCUMENTS that record, state, or discuss the value of, or any gain or

24 loss in the value of, NEESON'S INTELLECTUAL PROPERTY.

25 **REQUEST NO. 26**

26      All DOCUMENTS to which YOU referred or on which YOU relied in

27 calculating the amount of damages sustained by NEESON as a result of the alleged

28 unauthorized use of NEESON'S INTELLECTUAL PROPERTY in this ACTION.

11323368v1                            6                            41123.1000

**REQUEST NO. 27**

All DOCUMENTS, including but not limited to, reports, charts, evaluations, and bills, concerning any health care provider examination, diagnosis, or treatment of physical, mental, or emotional injuries sustained by NEESON, if any, as a result of the alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY in this ACTION.

**REQUEST NO. 28**

All DOCUMENTS and COMMUNICATIONS reflecting any medical care or treatment received by NEESON as a result of the unauthorized use of NEESON'S INTELLECTUAL PROPERTY in this ACTION.

**REQUEST NO. 29**

All DOCUMENTS evidencing any loss of earnings sustained by NEESON as a result of the alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY in this ACTION.

**REQUEST NO. 30**

All DOCUMENTS evidencing any loss of earnings sustained by NEESON as a result of any PERSON's alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY.

**REQUEST NO. 31**

All written and recorded statements from any individual that concern the acts, omissions, transactions, events or violations alleged in the ACTION.

**REQUEST NO. 32**

All complaints, pleadings, and other DOCUMENTS filed by YOU in any legal action within the previous ten years alleging an infringement or misappropriation of NEESON'S INTELLECTUAL PROPERTY.

**REQUEST NO. 33**

All financial records reflecting NEESON'S earnings received from licensing the use of NEESON'S image or likeness in connection with a company,

1    commercial product, or service.

2    **REQUEST NO. 34**

3        All COMMUNICATIONS, other than attorney-client communications, that

4    pertain to this ACTION.

5    **REQUEST NO. 35**

6        All DOCUMENTS and COMMUNICATIONS between YOU and the

7    PERSON(S) who discovered the alleged unauthorized use of NEESON'S

8    INTELLECTUAL PROPERTY by the DEFENDANTS.

9    **REQUEST NO. 36**

10       All DOCUMENTS that support YOUR response to Interrogatory No. 1,

11   served concurrently by FIRST IMPRESSIONS.

12   **REQUEST NO. 37**

13       All DOCUMENTS that support YOUR response to Interrogatory No. 2,

14   served concurrently by FIRST IMPRESSIONS.

15   **REQUEST NO. 38**

16       All DOCUMENTS that support YOUR response to Interrogatory No. 3,

17   served concurrently by FIRST IMPRESSIONS.

18   **REQUEST NO. 39**

19       All DOCUMENTS that support YOUR response to Interrogatory No. 4,

20   served concurrently by FIRST IMPRESSIONS.

21   **REQUEST NO. 40**

22       All DOCUMENTS that support YOUR response to Interrogatory No. 5,

23   served concurrently by FIRST IMPRESSIONS.

24   **REQUEST NO. 41**

25       All DOCUMENTS that support YOUR response to Interrogatory No. 6,

26   served concurrently by FIRST IMPRESSIONS.

27   **REQUEST NO. 42**

28       All DOCUMENTS that support YOUR response to Interrogatory No. 7,

11323368v1                          8                          41123.1000

1  served concurrently by FIRST IMPRESSIONS.

2  **REQUEST NO. 43**

3     All DOCUMENTS that support your response to Interrogatory No. 8, served

4  concurrently by FIRST IMPRESSIONS.

5  **REQUEST NO. 44**

6     All DOCUMENTS that support YOUR response to Interrogatory No. 9,

7  served concurrently by FIRST IMPRESSIONS.

8  **REQUEST NO. 45**

9     All DOCUMENTS that support YOUR response to Interrogatory No. 10,

10  served concurrently by FIRST IMPRESSIONS.

11  **REQUEST NO. 46**

12     All DOCUMENTS that support YOUR response to Interrogatory No. 11,

13  served concurrently by FIRST IMPRESSIONS.

14  **REQUEST NO. 47**

15     All DOCUMENTS that support YOUR response to Interrogatory No. 12,

16  served concurrently by FIRST IMPRESSIONS.

17  **REQUEST NO. 48**

18     All DOCUMENTS that support YOUR response to Interrogatory No. 13,

19  served concurrently by FIRST IMPRESSIONS.

20  **REQUEST NO. 49**

21     All DOCUMENTS that support YOUR response to Interrogatory No. 14,

22  served concurrently by FIRST IMPRESSIONS.

23  **REQUEST NO. 50**

24     All DOCUMENTS that support YOUR response to Interrogatory No. 15,

25  served concurrently by FIRST IMPRESSIONS.

26  **REQUEST NO. 51**

27     All DOCUMENTS that support YOUR response to Interrogatory No. 16,

28  served concurrently by FIRST IMPRESSIONS.

**REQUEST NO. 52**

1       All DOCUMENTS that support YOUR response to Interrogatory No. 17,

2  served concurrently by FIRST IMPRESSIONS.

**REQUEST NO. 53**

3       All DOCUMENTS that support YOUR response to Interrogatory No. 18,

4  served concurrently by FIRST IMPRESSIONS.

**REQUEST NO. 54**

5       All DOCUMENTS that support YOUR response to Interrogatory No. 19,

6  served concurrently by FIRST IMPRESSIONS.

**REQUEST NO. 55**

7       All DOCUMENTS that support YOUR response to Interrogatory No. 20,

8  served concurrently by FIRST IMPRESSIONS.

**REQUEST NO. 56**

9       All cease and desist letters sent by YOU within the previous ten (10) years

10  alleging an infringement or misappropriation of NEESON'S INTELLECTUAL

11  PROPERTY.

**REQUEST NO. 57**

12       All DOCUMENTS evidencing any confusion about the source, origin,

13  affiliation, endorsement, or sponsorship of DEFENDANTS' companies, products,

14  or services, as a result of DEFENDANTS' alleged unauthorized use of NEESON'S

15  INTELLECTUAL PROPERTY.

LECLAIRRYAN LLP

Dated:  July 10, 2013

By: _____
JAMES C. POTEPAN
COURTNEY E. CURTIS
Attorneys for Defendant
FIRST IMPRESSIONS THEME
THEATRES, INC.

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Ste. 350, Los Angeles, California 90017.

On July 10, 2013, I served the foregoing document(s) described as:

**DEFENDANT FIRST IMPRESSIONS THEME THEATERS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF LIAM NEESON**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of LECLAIR RYAN LLP, and addressed as shown on the attached service list.  I am readily familiar with the practices of LECLAIR RYAN LLP for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by FEDEX on said date in the ordinary course of business.

☐ **(BY FACSIMILE)** I served by facsimile a true copy of the above-described document.  I am "readily familiar" with this firm's practice of processing correspondence by fax.  Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination.  The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List.  Once the document has been transmitted, the fax machine provides a report indicating time of completion.

☒ **(BY PERSONAL SERVICE)** I caused these documents to be delivered in such envelope(s) by hand to the office(s) of the addressee(s).

☐ **(BY ECF TRANSMISSION)** The above-referenced documents (was sent via PACER ECF to the addressee(s) as indicated on the attached service list.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on July 10, 2013, at Los Angeles, California.

Ladonna Ellis
Type or Print Name

_____
Signature

11323368v1                                        11                                        41123.1000

FIRST IMPRESSIONS' REQUESTS FOR PRODUCTION TO LIAM NEESON, SET ONE



**SERVICE LIST**

Re: *Bradley Cooper, et al. v. Vutec Corporation, et al.*
    *Case No.: CV13-02951 SJO (SHx)*

*Via Personal Service*                    Attorneys for Plaintiff,
                                          Bradley Cooper & Liam Neeson

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
P: (424) 203-1600
F: (424) 203-1601
charder@hmafirm.com
dmirell@kmafirm.com


*Via Mail Service*                        Attorneys for Defendant,
                                          Vutec Corporation

David W. Swift, Esq.
KINSEL WEITZMAN ISER KUMP & ALDISERT
LLP
808 Wilshire Blvd., 3rd Floor
Los Angeles, CA 90401
P: (310) 566-9800
F: (310) 566-9872
dswift@kwikalaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11323368v1                       12                          41123.1000

FIRST IMPRESSIONS' REQUESTS FOR PRODUCTION TO LIAM NEESON, SET ONE

- 16 -

**EXHIBIT B**

1   HARDER MIRELL & ABRAMS LLP
    CHARLES J. HARDER (State Bar No. 184593)
2   DOUGLAS E. MIRELL (State Bar No. 94169)
    SARAH E. LUPPEN (State Bar No. 258559)
3   KIMBERLINA N. MCKINNEY (State Bar No. 286349)
    1801 Avenue of the Stars, Suite 1120
4   Los Angeles, CA  90067
    Telephone:   (424) 203-1600
5   Facsimile:   (424) 203-1601
    Email:       CHarder@HMAfirm.com
6
    Attorneys for Plaintiffs
7   BRADLEY COOPER and LIAM NEESON

8                   UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  BRADLEY COOPER, an individual; and        Case No. CV 13-2951 SJO (SHx)
    LIAM NEESON, an individual,
12                                            **PLAINTIFF LIAM NEESON'S**
                   Plaintiffs,                **RESPONSES TO REQUESTS FOR**
13                                            **PRODUCTION OF DOCUMENTS (SET**
            vs.                               **ONE) PROPOUNDED BY DEFENDANT**
14                                            **FIRST IMPRESSIONS THEME**
    VUTEC CORPORATION, a Florida              **THEATERS, INC.**
15  Corporation; FIRST IMPRESSIONS THEME
    THEATERS, INC., a Florida corporation; and
16  DOES 1-20, inclusive,

17                 Defendants.

18
    VUTEC CORPORATION, a Florida
19  Corporation,

20                 Cross-Complainant,

21          vs.

22  FIRST IMPRESSIONS THEME THEATERS,
    INC., a Florida corporation.
23
                   Cross-Defendant.
24

25  **PROPOUNDING PARTY:**      **Defendant FIRST IMPRESSIONS THEME**
                                **THEATERS, INC.**
26
    **RESPONDING PARTY:**       **Plaintiff LIAM NEESON**
27
    **SET NO.:**                **ONE**
28

                                    1
    PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
                               THEME THEATERS, INC.

Plaintiff LIAM NEESON (herein "Responding Party") hereby responds to Request for Production of Documents (Set One) propounded by defendant FIRST IMPRESSIONS THEME THEATERS, INC. (herein "Propounding Party") as follows:

## PRELIMINARY STATEMENT

Responding Party responds to the Requests for Production subject to, without waiving, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege or admissibility of any of the responses or any of the documents identified in any response hereto; and (b) the right at any time to revise, correct, supplement or clarify any of the responses herein.

These responses are based upon a diligent investigation undertaken by Responding Party and his counsel since the service of these Requests. These responses reflect only Responding Party's current understanding, belief and knowledge regarding the matters about which inquiry was made. Responding Party has not yet had sufficient opportunity to depose or interview all persons who may have knowledge of relevant facts, or to discover or otherwise obtain and review all documents which may have some bearing on this case.

Consequently, there may exist further information, documents and persons with knowledge relevant to these Requests of which Responding Party is not currently aware. As this action proceeds, Responding Party anticipates that further facts, witnesses and documents may be discovered or identified. Without in any way obligating it to do so, Responding Party reserves the right to offer further or different documents, evidence, or information at trial or at any pretrial proceeding. These responses are not in any way to be deemed an admission or representation that there are no further facts, documents or witnesses having knowledge relevant to the subject matter of these Requests.

## GENERAL OBJECTIONS

1.      The following Responses, and each of them, are based upon information and writings presently available to, and located by, Responding Party and his attorneys. Responding Party has not completed an investigation of the facts or discovery proceedings in this case and has not completed his preparation for trial. The following Responses, and each of them, are

2

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

1  made without prejudice to Responding Party's right to produce evidence based on subsequently

2  discovered facts or documents, and to offer such facts or documents in evidence at the time of

3  trial.  The fact that Responding Party has responded to a Request should not be taken as an

4  admission that Responding Party accepts or admits the existence of any facts set forth or

5  assumed by such Request, or that such Response constitutes admissible evidence.  The following

6  Responses, and each of them, are made without prejudice to the rights of Responding Party to

7  introduce evidence of any subsequently discovered facts or documents which Responding Party

8  may later obtain, discover or recall.

9        2.    The documents and information which could or would form the basis of responses

10  to the instant Request for Production, in whole or in part, are still in the process of being

11  identified by Responding Party, and all such relevant documents have not yet been identified,

12  examined or produced.  In addition, the significance of documents which may now be in the

13  possession of Responding Party may only become apparent upon further discovery and review of

14  those documents in the context of other documents which have not yet been identified or

15  obtained in the context of later testimony or discovery which may establish their relevance.

16        3.    These Responses are made, and any and all documents are being produced, solely

17  for the purposes of this litigation.  Any documents supplied in response to the Requests are being

18  supplied by Responding Party subject to all objections as to competence, relevance, materiality,

19  propriety and admissibility, and to any and all other objections on any ground that would require

20  the exclusion of any document or portion thereof, if such document were offered in evidence in

21  Court, all of which objections and grounds are expressly reserved and may be interposed at the

22  time of trial.

23        4.    Responding Party, accordingly, reserves the right to alter or modify any and all

24  Responses set forth herein as additional facts may be ascertained, documents discovered,

25  analyses made, witnesses identified, additional parties identified, legal research completed, and

26  contentions made or expanded.

27        5.    Responding Party objects to the definitions in the Requests for Production of

28  Documents to the extent that they seek to impose upon Responding Party obligations not

3

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

- 19 -

1  imposed, or beyond those imposed, by the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

2  or the Local Rules of the United States District Court for the Central District of California.

3        6.     Responding Party objects to the definition of the terms "NEESON," "YOU," and

4  "YOUR," to the extent that the definition purports to extend to any person or entity other than

5  Liam Neeson, and to persons and entities not subject to Responding Party's control.  Such

6  definition is beyond the scope of discovery permitted by Fed. R. Civ. P. 34, and is overbroad,

7  oppressive, unduly burdensome, and harassing.  Accordingly, the following responses are limited

8  to Liam Neeson, unless otherwise indicated in the response.

9        7.     Responding Party objects generally to each and every Request to the extent it

10  calls for information that is protected by the attorney-client privilege and/or the attorney work-

11  product privilege.

12        8.     Responding Party objects generally to each and every Request to the extent it

13  purports to deviate from or expand upon a litigant's discovery rights under the Fed. R. Civ. P.,

14  Federal Rules of Evidence, or other statutory or case law governing requests to produce

15  documents and things.

16        9.     Responding Party objects generally to each and every Request to the extent it

17  requests any information concerning the content of conversations of any other party to this action

18  or documents in the possession of any other party to this action, other than the Responding Party,

19  in that such information is equally accessible to all parties.

20        10.    Responding Party objects to producing any private and/or confidential business or

21  proprietary information or trade secrets.

22        11.    Responding Party objects to the definition of the word "documents" to the extent

23  that Propounding Party seek documents not in Responding Party's possession, custody or

24  control.

25        12.    Responding Party objects to these Requests, and each of them, to the extent they

26  are not limited to the subject matter of this action and thus are irrelevant, immaterial and not

27  reasonably calculated to lead to the discovery of admissible evidence.

28        13.    Responding Party objects to these Requests, and each of them, to the extent they

4

1  are unduly burdensome, oppressive, unreasonably cumulative, duplicative and overbroad.

2      14.    Responding Party objects to these Requests, and each of them, to the extent they

3  seek information to which Propounding Party has equal access.

4          **RESPONSES TO REQUESTS FOR PRODUCTION**

5      Responding Party objects to these Requests, and each of them, on the ground that

6  Propounding Party did not provide Responding Party thirty days to respond to these Requests, as

7  required by Fed. R. Civ. P. 34.

8      The Preliminary Statement and General Objections are incorporated into each response

9  below, regardless of whether specifically mentioned.  The specific objections set forth below are

10  not a waiver, in whole or in part, of any of the foregoing General Objections.  Subject to and

11  without waiver of these objections, Liam Neeson responds below.

12  **REQUEST FOR PRODUCTION NO. 1:**

13      All versions of the performer agreement(s), including the final executed version, that

14  NEESON entered into concerning his role as "Hannibal" in the 2010 film The A-Team.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

16      Responding Party incorporates by this reference each and every general objection as

17  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

18  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

19  respond to Requests for Production of Documents; Propounding Party purports to provide only

20  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

21  documents protected from disclosure by the attorney-client privilege and/or attorney work-

22  product doctrine.  Responding Party objects to this Request on the ground that the requested

23  documents are not identified with reasonable particularity.  Responding Party objects to this

24  Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

25  define a relevant time period.  Responding Party objects to this Request on the grounds that it is

26  so broad on its face that it requires production of irrelevant documents.

27      Subject to and without waiving the foregoing objections, Responding Party responds as

28  follows: Responding Party will produce his agreement for the motion picture *The A-Team*

5

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 21 -

subject to the Protective Order in this action.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that evidence any agreements NEESON entered into concerning his role as "Hannibal" in the 2010 film The A-Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad and burdensome to the extent that it fails to define a relevant time period. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce his agreement for the motion picture The A-Team subject to the Protective Order in this action.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and any PERSON that pertain to NEESON'S INTELLECTUAL PROPERTY rights in connection with his role as "Hannibal" in the 2010 film The A-Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only

6

1   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

2   documents protected from disclosure by the attorney-client privilege and/or attorney work-

3   product doctrine.  Responding Party objects to this Request on the ground that the requested

4   documents are not identified with reasonable particularity.  Responding Party objects to this

5   Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

6   define a relevant time period.  Responding Party objects to this Request on the grounds that it is

7   so broad on its face that it requires production of irrelevant documents.

8       Subject to and without waiving the foregoing objections, Responding Party responds as

9   follows: Responding Party will produce his agreement for the motion picture *The A-Team*

10  subject to the Protective Order in this action.

11  **REQUEST FOR PRODUCTION NO. 4:**

12      All DOCUMENTS that pertain to NEESON'S INTELLECTUAL PROPERTY rights in

13  connection with his role as "Hannibal" in the 2010 film The A-Team.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

15      Responding Party incorporates by this reference each and every general objection as

16  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

17  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

18  respond to Requests for Production of Documents; Propounding Party purports to provide only

19  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

20  documents protected from disclosure by the attorney-client privilege and/or attorney work-

21  product doctrine.  Responding Party objects to this Request on the ground that the requested

22  documents are not identified with reasonable particularity.  Responding Party objects to this

23  Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

24  define a relevant time period.  Responding Party objects to this Request on the grounds that it is

25  so broad on its face that it requires production of irrelevant documents.

26      Subject to and without waiving the foregoing objections, Responding Party responds as

27  follows: Responding Party will produce his agreement for the motion picture *The A-Team*

28  subject to the Protective Order in this action.

7

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 23 -

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that evidence production, ownership, and distribution rights in the 2010 film The A-Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad and burdensome to the extent that it fails to define a relevant time period. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce his agreement for the motion picture *The A-Team* subject to the Protective Order in this action.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that pertain to NEESON'S rights in connection with the use of any still images from the 2010 film The A-Team.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-

8

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 24 -

1   product doctrine.  Responding Party objects to this Request on the ground that the requested

2   documents are not identified with reasonable particularity.  Responding Party objects to this

3   Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

4   define a relevant time period.  Responding Party objects to this Request on the grounds that it is

5   so broad on its face that it requires production of irrelevant documents.

6       Subject to and without waiving the foregoing objections, Responding Party responds as

7   follows: Responding Party will produce his agreement for the motion picture *The A-Team*

8   subject to the Protective Order in this action.

9   **REQUEST FOR PRODUCTION NO. 7:**

10      All DOCUMENTS that evidence what YOU contend in this ACTION to be FIRST

11  IMPRESSIONS' unauthorized use of NEESON'S  INTELLECTUAL PROPERTY.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

13      Responding Party incorporates by this reference each and every general objection as

14  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

15  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

16  respond to Requests for Production of Documents; Propounding Party purports to provide only

17  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

18  documents protected from disclosure by the attorney-client privilege and/or attorney work-

19  product doctrine.  Responding Party objects to this Request on the ground that the requested

20  documents are not identified with reasonable particularity.  Responding Party objects to this

21  Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

22  define a relevant time period.  Responding Party objects to this Request on the grounds that it is

23  so broad on its face that it requires production of irrelevant documents.

24      Subject to and without waiving the foregoing objections, Responding Party responds as

25  follows: Responding Party will produce non-privileged responsive documents within his

26  possession, custody, or control, if any exist.  Any confidential information will be produced

27  pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

28  are continuing and Responding Party reserves his right to amend and/or supplement his response

9

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

- 25 -

1 | hereto.

2 | **REQUEST FOR PRODUCTION NO. 8:**

3 |     All DOCUMENTS that evidence what YOU contend in this ACTION to be Defendant

4 | Vutec Corporation's unauthorized use of NEESON'S INTELLECTUAL PROPERTY.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6 |     Responding Party incorporates by this reference each and every general objection as

7 | though fully set forth herein.  Responding Party objects to this Request on the ground that it is

8 | invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

9 | respond to Requests for Production of Documents; Propounding Party purports to provide only

10 | twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

11 | documents protected from disclosure by the attorney-client privilege and/or attorney work-

12 | product doctrine.  Responding Party objects to this Request on the ground that the requested

13 | documents are not identified with reasonable particularity.  Responding Party objects to this

14 | Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

15 | define a relevant time period.  Responding Party objects to this Request on the grounds that it is

16 | so broad on its face that it requires production of irrelevant documents.

17 |     Subject to and without waiving the foregoing objections, Responding Party responds as

18 | follows: Responding Party will produce non-privileged responsive documents within his

19 | possession, custody, or control, if any exist.  Any confidential information will be produced

20 | pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

21 | are continuing and Responding Party reserves his right to amend and/or supplement his response

22 | hereto.

23 | **REQUEST FOR PRODUCTION NO. 9:**

24 |     All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that

25 | pertain to or evidence the value of NEESON'S INTELLECTUAL PROPERTY in the past five

26 | (5) years.

27 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

28 |     Responding Party incorporates by this reference each and every general objection as

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

1  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

2  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

3  respond to Requests for Production of Documents; Propounding Party purports to provide only

4  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

5  documents protected from disclosure by the attorney-client privilege and/or attorney work-

6  product doctrine.  Responding Party objects to this Request on the ground that the requested

7  documents are not identified with reasonable particularity.  Responding Party objects to this

8  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

9  Party objects to this Request on the grounds that it is so broad on its face that it requires

10  production of irrelevant documents.  Responding Party objects to this Request to the extent that it

11  prematurely calls for expert opinion and analysis in violation of California Code of Civil

12  Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

13  214 (1996).

14        Subject to and without waiving the foregoing objections, Responding Party responds as

15  follows: Responding Party will produce non-privileged responsive documents within his

16  possession, custody, or control, if any exist.  Any confidential information will be produced

17  pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

18  are continuing and Responding Party reserves his right to amend and/or supplement his response

19  hereto.

20  **REQUEST FOR PRODUCTION NO. 10:**

21        All consents, authorizations, licenses, royalty agreements, releases and other

22  DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S INTELLECTUAL

23  PROPERTY in the past five (5) years.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25        Responding Party incorporates by this reference each and every general objection as

26  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

27  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

28  respond to Requests for Production of Documents; Propounding Party purports to provide only

11

- 27 -

1  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

2  documents protected from disclosure by the attorney-client privilege and/or attorney work-

3  product doctrine.  Responding Party objects to this Request on the ground that the requested

4  documents are not identified with reasonable particularity.  Responding Party objects to this

5  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

6  Party objects to this Request on the grounds that it is so broad on its face that it requires

7  production of irrelevant documents.  Responding Party further objects to this Request to the

8  extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of

9  the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

10  violation of Code of Civil Procedure section 2017.010, et seq.

11       Subject to and without waiving the foregoing objections, Responding Party responds as

12  follows: Responding Party will produce his commercial endorsement agreements and his

13  agreement for the motion picture *The A-Team* that are within his possession, custody, or control,

14  subject to the Protective Order entered by the Court in this action.

15  **REQUEST FOR PRODUCTION NO. 11:**

16       All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that

17  pertain to or evidence the value of NEESON'S image or likeness in the past five (5) years.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

19       Responding Party incorporates by this reference each and every general objection as

20  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

21  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

22  respond to Requests for Production of Documents; Propounding Party purports to provide only

23  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

24  documents protected from disclosure by the attorney-client privilege and/or attorney work-

25  product doctrine.  Responding Party objects to this Request on the ground that the requested

26  documents are not identified with reasonable particularity.  Responding Party objects to this

27  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

28  Party objects to this Request on the grounds that it is so broad on its face that it requires

12

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

1    production of irrelevant documents.  Responding Party objects to this Request to the extent that it

2    prematurely calls for expert opinion and analysis in violation of California Code of Civil

3    Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

4    214 (1996).

5         Subject to and without waiving the foregoing objections, Responding Party responds as

6    follows: Responding Party will produce non-privileged responsive documents within his

7    possession, custody, or control, if any exist.  Any confidential information will be produced

8    pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

9    are continuing and Responding Party reserves his right to amend and/or supplement his response

10   hereto.

11   **REQUEST FOR PRODUCTION NO. 12:**

12        All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that

13   pertain to or evidence the value of NEESON'S trademarks in the past five (5) years.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

15        Responding Party incorporates by this reference each and every general objection as

16   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

17   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

18   respond to Requests for Production of Documents; Propounding Party purports to provide only

19   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

20   documents protected from disclosure by the attorney-client privilege and/or attorney work-

21   product doctrine.  Responding Party objects to this Request on the ground that the requested

22   documents are not identified with reasonable particularity.  Responding Party objects to this

23   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

24   Party objects to this Request on the grounds that it is so broad on its face that it requires

25   production of irrelevant documents.  Responding Party objects to this Request to the extent that it

26   prematurely calls for expert opinion and analysis in violation of California Code of Civil

27   Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

28   214 (1996).

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

1       Subject to and without waiving the foregoing objections, Responding Party responds as

2  follows: Responding Party will produce non-privileged responsive documents within his

3  possession, custody, or control, if any exist.  Any confidential information will be produced

4  pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

5  are continuing and Responding Party reserves his right to amend and/or supplement his response

6  hereto.

7  **REQUEST FOR PRODUCTION NO. 13:**

8       ALL DOCUMENTS and COMMUNICATIONS between YOU and any PERSON that

9  pertain to or evidence the value of NEESON'S trade dress in the past five (5) years.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11       Responding Party incorporates by this reference each and every general objection as

12  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

13  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

14  respond to Requests for Production of Documents; Propounding Party purports to provide only

15  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

16  documents protected from disclosure by the attorney-client privilege and/or attorney work-

17  product doctrine.  Responding Party objects to this Request on the ground that the requested

18  documents are not identified with reasonable particularity.  Responding Party objects to this

19  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

20  Party objects to this Request on the grounds that it is so broad on its face that it requires

21  production of irrelevant documents.  Responding Party objects to this Request to the extent that it

22  prematurely calls for expert opinion and analysis in violation of California Code of Civil

23  Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

24  214 (1996).

25       Subject to and without waiving the foregoing objections, Responding Party responds as

26  follows: Responding Party will produce non-privileged responsive documents within his

27  possession, custody, or control, if any exist.  Any confidential information will be produced

28  pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

14

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 30 -

1    are continuing and Responding Party reserves his right to amend and/or supplement his response

2    hereto.

3    **REQUEST FOR PRODUCTION NO. 14:**

4        All consents, authorizations, licenses, royalty agreements, releases and other

5    DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S image or likeness

6    in the past five (5) years.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8        Responding Party incorporates by this reference each and every general objection as

9    though fully set forth herein. Responding Party objects to this Request on the ground that it is

10    invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

11    respond to Requests for Production of Documents; Propounding Party purports to provide only

12    twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks

13    documents protected from disclosure by the attorney-client privilege and/or attorney work-

14    product doctrine. Responding Party objects to this Request on the ground that the requested

15    documents are not identified with reasonable particularity. Responding Party objects to this

16    Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding

17    Party objects to this Request on the grounds that it is so broad on its face that it requires

18    production of irrelevant documents. Responding Party further objects to this Request to the

19    extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of

20    the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

21    violation of Code of Civil Procedure section 2017.010, et seq.

22        Subject to and without waiving the foregoing objections, Responding Party responds as

23    follows: Responding Party will produce his commercial endorsement agreements and his

24    agreement for the motion picture *The A-Team* that are within his possession, custody, or control,

25    subject to the Protective Order entered by the Court in this action.

26    **REQUEST FOR PRODUCTION NO. 15:**

27        All consents, authorizations, licenses, royalty agreements, releases and other

28    DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S trademarks in the

15

1   past five (5) years.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

3         Responding Party incorporates by this reference each and every general objection as

4   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

5   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

6   respond to Requests for Production of Documents; Propounding Party purports to provide only

7   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

8   documents protected from disclosure by the attorney-client privilege and/or attorney work-

9   product doctrine.  Responding Party objects to this Request on the ground that the requested

10  documents are not identified with reasonable particularity.  Responding Party objects to this

11  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

12  Party objects to this Request on the grounds that it is so broad on its face that it requires

13  production of irrelevant documents. Responding Party further objects to this Request to the

14  extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of

15  the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

16  violation of Code of Civil Procedure section 2017.010, et seq.

17        Subject to and without waiving the foregoing objections, Responding Party responds as

18  follows: Responding Party will produce his commercial endorsement agreements and his

19  agreement for the motion picture *The A-Team* that are within his possession, custody, or control,

20  subject to the Protective Order entered by the Court in this action.

21  **REQUEST FOR PRODUCTION NO. 16:**

22        All consents, authorizations, licenses, royalty agreements, releases and other

23  DOCUMENTS and COMMUNICATIONS that pertain to use of NEESON'S trade dress in the

24  past five (5) years.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

26        Responding Party incorporates by this reference each and every general objection as

27  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

28  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

16

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

1   respond to Requests for Production of Documents; Propounding Party purports to provide only

2   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

3   documents protected from disclosure by the attorney-client privilege and/or attorney work-

4   product doctrine.  Responding Party objects to this Request on the ground that the requested

5   documents are not identified with reasonable particularity.  Responding Party objects to this

6   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

7   Party objects to this Request on the grounds that it is so broad on its face that it requires

8   production of irrelevant documents. Responding Party further objects to this Request to the

9   extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of

10  the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

11  violation of Code of Civil Procedure section 2017.010, et seq.

12          Subject to and without waiving the foregoing objections, Responding Party responds as

13  follows: Responding Party will produce his commercial endorsement agreements and his

14  agreement for the motion picture *The A-Team* that are within his possession, custody, or control,

15  subject to the Protective Order entered by the Court in this action.

16  **REQUEST FOR PRODUCTION NO. 17:**

17          All COMMUNICATIONS asserting that any PERSON used, without YOUR

18  authorization, NEESON'S image or likeness as it was portrayed in any film in which NEESON

19  has performed, including NEESON'S role as "Hannibal" in the 2010 film The A-Team, and all

20  responses thereto.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

22          Responding Party incorporates by this reference each and every general objection as

23  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

24  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

25  respond to Requests for Production of Documents; Propounding Party purports to provide only

26  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

27  documents protected from disclosure by the attorney-client privilege and/or attorney work-

28  product doctrine.  Responding Party objects to this Request on the ground that the requested

17

1 documents are not identified with reasonable particularity.  Responding Party objects to this

2 Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

3 define a relevant time period.  Responding Party objects to this Request on the grounds that it is

4 so broad on its face that it requires production of irrelevant documents.  Responding Party further

5 objects to this Request to the extent that it seeks documents that are not relevant to the claims,

6 defenses, or subject matter of the instant action, nor reasonably calculated to lead to the

7 discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et

8 seq.

9       Subject to and without waiving the foregoing objections, Responding Party responds as

10 follows: Responding Party will produce the cease and desist letter sent to Defendants in this case.

11 **REQUEST FOR PRODUCTION NO. 18:**

12       All DOCUMENTS and COMMUNICATIONS that constitute requests for permission or

13 authorization by any PERSON to use the image or likeness of NEESON as depicted in a movie

14 still from any film in which NEESON has performed.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16       Responding Party incorporates by this reference each and every general objection as

17 though fully set forth herein.  Responding Party objects to this Request on the ground that it is

18 invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

19 respond to Requests for Production of Documents; Propounding Party purports to provide only

20 twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

21 documents protected from disclosure by the attorney-client privilege and/or attorney work-

22 product doctrine.  Responding Party objects to this Request on the ground that the requested

23 documents are not identified with reasonable particularity.  Responding Party objects to this

24 Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

25 define a relevant time period.  Responding Party objects to this Request on the grounds that it is

26 so broad on its face that it requires production of irrelevant documents.  Responding Party further

27 objects to this Request to the extent that it seeks documents that are not relevant to the claims,

28 defenses, or subject matter of the instant action, nor reasonably calculated to lead to the

18

1  discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et

2  seq.

3  **REQUEST FOR PRODUCTION NO. 19:**

4      All consents, authorizations, licenses, royalty agreements, releases and other

5  DOCUMENTS  and COMMUNICATIONS  in which NEESON has given permission  for the

6  use of his image or likeness  as depicted  in a movie still from any  film in which NEESON  has

7  performed.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

9      Responding Party incorporates by this reference each and every general objection as

10  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

11  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

12  respond to Requests for Production of Documents; Propounding Party purports to provide only

13  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

14  documents protected from disclosure by the attorney-client privilege and/or attorney work-

15  product doctrine.  Responding Party objects to this Request on the ground that the requested

16  documents are not identified with reasonable particularity.  Responding Party objects to this

17  Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

18  define a relevant time period.  Responding Party objects to this Request on the grounds that it is

19  so broad on its face that it requires production of irrelevant documents.  Responding Party further

20  objects to this Request to the extent that it seeks documents that are not relevant to the claims,

21  defenses, or subject matter of the instant action, nor reasonably calculated to lead to the

22  discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et

23  seq.

24  **REQUEST FOR PRODUCTION NO. 20:**

25      All  consents, authorizations, licenses, royalty agreements, releases  and other

26  DOCUMENTS and COMMUNICATIONS in which  any PERSON acting  on behalf of

27  NEESON at any time has given permission for the use  of his image  or likeness as depicted

28  in a movie still  from any film in which NEESON has performed.

19

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 35 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

1
2       Responding Party incorporates by this reference each and every general objection as
3  though fully set forth herein.  Responding Party objects to this Request on the ground that it is
4  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to
5  respond to Requests for Production of Documents; Propounding Party purports to provide only
6  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks
7  documents protected from disclosure by the attorney-client privilege and/or attorney work-
8  product doctrine.  Responding Party objects to this Request on the ground that the requested
9  documents are not identified with reasonable particularity.  Responding Party objects to this
10 Request on the ground that the Request is overbroad and burdensome to the extent that it fails to
11 define a relevant time period.  Responding Party objects to this Request on the grounds that it is
12 so broad on its face that it requires production of irrelevant documents.  Responding Party further
13 objects to this Request to the extent that it seeks documents that are not relevant to the claims,
14 defenses, or subject matter of the instant action, nor reasonably calculated to lead to the
15 discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et
16 seq.

**REQUEST FOR PRODUCTION NO. 21:**

18      All endorsement agreements entered into by NEESON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

20      Responding Party incorporates by this reference each and every general objection as
21 though fully set forth herein.  Responding Party objects to this Request on the ground that it is
22 invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to
23 respond to Requests for Production of Documents; Propounding Party purports to provide only
24 twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks
25 documents protected from disclosure by the attorney-client privilege and/or attorney work-
26 product doctrine.  Responding Party objects to this Request on the ground that the requested
27 documents are not identified with reasonable particularity.  Responding Party objects to this
28 Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

20

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 36 -

1   define a relevant time period.  Responding Party objects to this Request on the grounds that it is

2   so broad on its face that it requires production of irrelevant documents.

3        Subject to and without waiving the foregoing objections, Responding Party responds as

4   follows: Responding Party will produce non-privileged responsive documents within his

5   possession, custody, or control, if any exist.  Any confidential information will be produced

6   pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

7   are continuing and Responding Party reserves his right to amend and/or supplement his response

8   hereto.

9   **REQUEST FOR PRODUCTION NO. 22:**

10        All product placement agreements entered into by NEESON, or by any PERSON, that

11   pertain to use of NEESON'S INTELLECTUAL PROPERTY.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13        Responding Party incorporates by this reference each and every general objection as

14   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

15   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

16   respond to Requests for Production of Documents; Propounding Party purports to provide only

17   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

18   documents protected from disclosure by the attorney-client privilege and/or attorney work-

19   product doctrine.  Responding Party objects to this Request on the ground that the requested

20   documents are not identified with reasonable particularity.  Responding Party objects to this

21   Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

22   define a relevant time period.  Responding Party objects to this Request on the grounds that it is

23   so broad on its face that it requires production of irrelevant documents.  Responding Party further

24   objects to this Request to the extent that it seeks documents that are not relevant to the claims,

25   defenses, or subject matter of the instant action, nor reasonably calculated to lead to the

26   discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et

27   seq.

28   / / /

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

**REQUEST FOR PRODUCTION NO. 23:**

All commercial tie-in agreements entered into by NEESON, or by any PERSON, that pertain to use of NEESON'S INTELLECTUAL PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the ground that the Request is overbroad and burdensome to the extent that it fails to define a relevant time period. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents. Responding Party further objects to this Request to the extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et seq.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, including but not limited to copies of checks or statements, that record or evidence the financial compensation, fees, or royalties earned by NEESON in connection with the use of NEESON'S INTELLECTUAL PROPERTY at any time in the past five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

22

1  respond to Requests for Production of Documents; Propounding Party purports to provide only

2  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

3  documents protected from disclosure by the attorney-client privilege and/or attorney work-

4  product doctrine.  Responding Party objects to this Request on the ground that the requested

5  documents are not identified with reasonable particularity.  Responding Party objects to this

6  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

7  Party objects to this Request to the extent that it seeks the disclosure of tax returns, which are

8  privileged.  *See Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274, 125 Cal. Rptr. 2d 371

9  (Cal. Ct. App. 2002); *Saca v. J.P. Molyneux Studio Ltd.*, CIVS06-2818 MCE EFB, 2008 WL

10 62181 (E.D. Cal. Jan. 4, 2008) (finding that defendant's requests for financial information—tax

11 returns and secured transactions—were not narrowly tailored to the time period or subject matter

12 to warrant production by plaintiff).  Responding Party objects to this Request on the grounds that

13 it is so broad on its face that it requires production of irrelevant documents.  Responding Party

14 further objects to this Request to the extent that it seeks documents that are not relevant to the

15 claims, defenses, or subject matter of the instant action, nor reasonably calculated to lead to the

16 discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et

17 seq.  Responding Party objects to this Request to the extent that it seeks to invade its privacy and

18 the privacy of third parties.

19 **REQUEST FOR PRODUCTION NO. 25:**

20     All DOCUMENTS that record, state, or discuss the value of, or any gain or loss in

21 the value of, NEESON'S INTELLECTUAL PROPERTY.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

23     Responding Party incorporates by this reference each and every general objection as

24 though fully set forth herein.  Responding Party objects to this Request on the ground that it is

25 invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

26 respond to Requests for Production of Documents; Propounding Party purports to provide only

27 twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

28 documents protected from disclosure by the attorney-client privilege and/or attorney work-

23

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 39 -

1 | product doctrine.  Responding Party objects to this Request on the ground that the requested

2 | documents are not identified with reasonable particularity.  Responding Party objects to this

3 | Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

4 | Party objects to this Request on the grounds that it is so broad on its face that it requires

5 | production of irrelevant documents.  Responding Party objects to this Request to the extent that it

6 | prematurely calls for expert opinion and analysis in violation of California Code of Civil

7 | Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

8 | 214 (1996).

9 |       Subject to and without waiving the foregoing objections, Responding Party responds as

10 | follows: Responding Party will produce non-privileged responsive documents within his

11 | possession, custody, or control, if any exist.  Any confidential information will be produced

12 | pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

13 | are continuing and Responding Party reserves his right to amend and/or supplement his response

14 | hereto.

15 | **REQUEST FOR PRODUCTION NO. 26:**

16 |       All DOCUMENTS to which YOU referred or on which YOU relied in calculating the

17 | amount of damages sustained by NEESON as a result of the alleged unauthorized use of

18 | NEESON'S INTELLECTUAL PROPERTY in this ACTION.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

20 |       Responding Party incorporates by this reference each and every general objection as

21 | though fully set forth herein.  Responding Party objects to this Request on the ground that it is

22 | invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

23 | respond to Requests for Production of Documents; Propounding Party purports to provide only

24 | twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

25 | documents protected from disclosure by the attorney-client privilege and/or attorney work-

26 | product doctrine.  Responding Party objects to this Request on the ground that the requested

27 | documents are not identified with reasonable particularity.  Responding Party objects to this

28 | Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

1  Party objects to this Request on the grounds that it is so broad on its face that it requires

2  production of irrelevant documents.  Responding Party objects to this Request to the extent that it

3  prematurely calls for expert opinion and analysis in violation of California Code of Civil

4  Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal. App. 4th

5  214 (1996).

6          Subject to and without waiving the foregoing objections, Responding Party responds as

7  follows: Responding Party will produce non-privileged responsive documents within his

8  possession, custody, or control, if any exist.  Any confidential information will be produced

9  pursuant to the Protective Order entered by the Court in this action.  Investigation and discovery

10 are continuing and Responding Party reserves his right to amend and/or supplement his response

11 hereto.

12 **REQUEST FOR PRODUCTION NO. 27:**

13         All DOCUMENTS, including but not limited to, reports, charts, evaluations, and bills,

14 concerning any health care provider examination, diagnosis, or treatment of physical, mental, or

15 emotional injuries sustained by NEESON, if any, as result of the alleged unauthorized use of

16 NEESON'S  INTELLECTUAL PROPERTY in this ACTION.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

18         Responding Party incorporates by this reference each and every general objection as

19 though fully set forth herein.  Responding Party objects to this Request on the ground that it is

20 invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

21 respond to Requests for Production of Documents; Propounding Party purports to provide only

22 twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

23 documents protected from disclosure by the attorney-client privilege and/or attorney work-

24 product doctrine.  Responding Party objects to this Request on the ground that the requested

25 documents are not identified with reasonable particularity.  Responding Party objects to this

26 Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

27 Party objects to this Request on the grounds that it is so broad on its face that it requires

28 production of irrelevant documents. Responding Party further objects to this Request to the

25

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 41 -

1   extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of

2   the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

3   violation of Code of Civil Procedure section 2017.010, et seq.  Responding Party objects to this

4   Request to the extent that it prematurely calls for expert opinion and analysis in violation of

5   California Code of Civil Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior*

6   *Court*, 47 Cal. App. 4th 214 (1996).  Responding Party objects to this Request to the extent that

7   it seeks to invade its privacy and the privacy of third parties. Responding Party objects to this

8   Request to the extent that it seeks documents protected from disclosure by the doctor-patient

9   privilege.

10   **REQUEST FOR PRODUCTION NO. 28:**

11        All DOCUMENTS and COMMUNICATIONS reflecting any medical care or treatment

12   received by NEESON as a result of the unauthorized use of NEESON'S INTELLECTUAL

13   PROPERTY in this ACTION.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

15        Responding Party incorporates by this reference each and every general objection as

16   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

17   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

18   respond to Requests for Production of Documents; Propounding Party purports to provide only

19   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

20   documents protected from disclosure by the attorney-client privilege and/or attorney work-

21   product doctrine.  Responding Party objects to this Request on the ground that the requested

22   documents are not identified with reasonable particularity.  Responding Party objects to this

23   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

24   Party objects to this Request on the grounds that it is so broad on its face that it requires

25   production of irrelevant documents. Responding Party further objects to this Request to the

26   extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of

27   the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

28   violation of Code of Civil Procedure section 2017.010, et seq.  Responding Party objects to this

26

1  Request to the extent that it prematurely calls for expert opinion and analysis in violation of

2  California Code of Civil Procedure section 2034 and *Nacht & Lewis Architects, Inc. v. Superior*

3  *Court*, 47 Cal. App. 214 (1996).  Responding Party objects to this Request to the extent that

4  it seeks to invade its privacy and the privacy of third parties. Responding Party objects to this

5  Request to the extent that it seeks documents protected from disclosure by the doctor-patient

6  privilege.

7  **REQUEST FOR PRODUCTION NO. 29:**

8       All DOCUMENTS evidencing any loss of earnings sustained by NEESON as a result of

9  the alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY in this ACTION.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

11       Responding Party incorporates by this reference each and every general objection as

12  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

13  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

14  respond to Requests for Production of Documents; Propounding Party purports to provide only

15  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

16  documents protected from disclosure by the attorney-client privilege and/or attorney work-

17  product doctrine.  Responding Party objects to this Request on the ground that the requested

18  documents are not identified with reasonable particularity.  Responding Party objects to this

19  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

20  Party objects to this Request on the grounds that it is so broad on its face that it requires

21  production of irrelevant documents.  Responding Party objects to this Request to the extent that it

22  calls for a legal conclusion.

23       Subject to and without waiving the foregoing objections, Responding Party responds as

24  follows: Responding Party will produce non-privileged responsive documents within his

25  possession, custody, or control, if any exist.  Any confidential information will be produced

26  pursuant to the Protective Order entered by the Court in this action.

27  **REQUEST FOR PRODUCTION NO. 30:**

28       All DOCUMENTS evidencing any loss of earnings sustained by NEESON as a result of

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

any PERSON's alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents. Responding Party further objects to this Request to the extent that it seeks documents that are not relevant to the claims, defenses, or subject matter of the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in violation   Responding Party objects to this Request to the extent that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged responsive documents within his possession, custody, or control, if any exist. Any confidential information will be produced pursuant to the Protective Order entered by the Court in this action.

**REQUEST FOR PRODUCTION NO. 31:**

All written and recorded statements from any individual that concern the acts, omissions, transactions, events or violations alleged in the ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

28

1  respond to Requests for Production of Documents; Propounding Party purports to provide only

2  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

3  documents protected from disclosure by the attorney-client privilege and/or attorney work-

4  product doctrine.  Responding Party objects to this Request on the ground that the requested

5  documents are not identified with reasonable particularity.  Responding Party objects to this

6  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

7  Party objects to this Request on the grounds that it is so broad on its face that it requires

8  production of irrelevant documents.  Responding Party objects to this Request to the extent that it

9  calls for a legal conclusion.

10       Subject to and without waiving the foregoing objections, Responding Party responds as

11  follows: Responding Party has conducted a diligent search and reasonable inquiry and has been

12  unable to locate any responsive documents.  Investigation and discovery are continuing and

13  Responding Party reserves his right to amend and/or supplement his response hereto.

14  **REQUEST FOR PRODUCTION NO. 32:**

15       All complaints, pleadings, and other DOCUMENTS filed by YOU in any legal action

16  within the previous ten years alleging an infringement or misappropriation of NEESON'S

17  INTELLECTUAL PROPERTY.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

19       Responding Party incorporates by this reference each and every general objection as

20  though fully set forth herein. Responding Party objects to this Request on the ground that it is

21  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

22  respond to Requests for Production of Documents; Propounding Party purports to provide only

23  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

24  documents protected from disclosure by the attorney-client privilege and/or attorney work-

25  product doctrine.  Responding Party objects to this Request on the ground that the requested

26  documents are not identified with reasonable particularity.  Responding Party objects to this

27  Request on the grounds that it is so broad on its face that it requires production of irrelevant

28  documents.  Responding Party further objects to this Request to the extent that it seeks

29

1   documents that are not relevant to the claims, defenses, or subject matter of the instant action,

2   nor reasonably calculated to lead to the discovery of admissible evidence in violation of Code of

3   Civil Procedure section 2017.010, et seq. Responding Party objects to this Request to the extent

4   that it calls for a legal conclusion.

5   **REQUEST FOR PRODUCTION NO. 33:**

6       All financial records reflecting NEESON'S earnings received from licensing the use of

7   NEESON'S image or likeness in connection with a company, commercial product, or service.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

9       Responding Party incorporates by this reference each and every general objection as

10   though fully set forth herein. Responding Party objects to this Request on the ground that it is

11   invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

12   respond to Requests for Production of Documents; Propounding Party purports to provide only

13   twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks

14   documents protected from disclosure by the attorney-client privilege and/or attorney work-

15   product doctrine. Responding Party objects to this Request on the ground that the requested

16   documents are not identified with reasonable particularity. Responding Party objects to this

17   Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

18   define a relevant time period. Responding Party objects to this Request to the extent that it seeks

19   the disclosure of tax returns, which are privileged. *See Weingarten v. Superior Court*, 102 Cal.

20   App. 4th 268, 274, 125 Cal. Rptr. 2d 371 (Cal. Ct. App. 2002); *Saca v. J.P. Molyneux Studio*

21   *Ltd.*, CIVS06-2818 MCE EFB, 2008 WL 62181 (E.D. Cal. Jan. 4, 2008) (finding that

22   defendant's requests for financial information—tax returns and secured transactions—were not

23   narrowly tailored to the time period or subject matter to warrant production by plaintiff).

24   Responding Party objects to this Request on the grounds that it is so broad on its face that it

25   requires production of irrelevant documents. Responding Party further objects to this Request to

26   the extent that it seeks documents that are not relevant to the claims, defenses, or subject matter

27   of the instant action, nor reasonably calculated to lead to the discovery of admissible evidence in

28   violation of Code of Civil Procedure section 2017.010, et seq. Responding Party objects to this

30

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS INC.

1  Request to the extent that it seeks to invade its privacy and the privacy of third parties.

2      Subject to and without waiving the foregoing objections, Responding Party responds as

3  follows: Responding Party will produce his commercial endorsement agreements that are within

4  his possession, custody, or control, subject to the Protective Order entered by the Court in this

5  action.

6  **REQUEST FOR PRODUCTION NO. 34:**

7      All COMMUNICATIONS, other than attorney-client communications, that pertain to

8  this ACTION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10     Responding Party incorporates by this reference each and every general objection as

11  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

12  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

13  respond to Requests for Production of Documents; Propounding Party purports to provide only

14  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

15  documents protected from disclosure by the attorney-client privilege and/or attorney work-

16  product doctrine.  Responding Party objects to this Request on the ground that the requested

17  documents are not identified with reasonable particularity.  Responding Party objects to this

18  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

19  Party objects to this Request on the grounds that it is so broad on its face that it requires

20  production of irrelevant documents.

21     Subject to and without waiving the foregoing objections, Responding Party responds as

22  follows: Responding Party will produce non-privileged responsive documents within his

23  possession, custody, or control, if any exist.  Any confidential information will be produced

24  pursuant to the Protective Order entered by the Court in this action.

25  **REQUEST FOR PRODUCTION NO. 35:**

26     All DOCUMENTS and COMMUNICATIONS between YOU and the PERSON(S) who

27  discovered the alleged unauthorized use of NEESON'S INTELLECTUAL PROPERTY by the

28  DEFENDANTS.

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

      Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity.  Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

**REQUEST FOR PRODUCTION NO. 36:**

      All DOCUMENTS that support YOUR response to Interrogatory No. 1, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

      Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity.  Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

      Subject to and without waiving the foregoing objections, Responding Party responds as

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

follows: Responding Party has not served responses, or identified any documents, in response to First Impressions' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support YOUR response to Interrogatory No. 2, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party has not served responses, or identified any documents, in response to First Impressions' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that support YOUR response to Interrogatory No. 3, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only

33

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 49 -

1  twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks

2  documents protected from disclosure by the attorney-client privilege and/or attorney work-

3  product doctrine. Responding Party objects to this Request on the ground that the requested

4  documents are not identified with reasonable particularity. Responding Party objects to this

5  Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding

6  Party objects to this Request on the grounds that it is so broad on its face that it requires

7  production of irrelevant documents.

8          Subject to and without waiving the foregoing objections, Responding Party responds as

9  follows: Responding Party has not served responses, or identified any documents, in response to

10  First Impressions' First Set of Interrogatories.

11  **REQUEST FOR PRODUCTION NO. 39:**

12          All DOCUMENTS that support YOUR response to Interrogatory No. 4, served

13  concurrently by FIRST IMPRESSIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

15          Responding Party incorporates by this reference each and every general objection as

16  though fully set forth herein. Responding Party objects to this Request on the ground that it is

17  invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

18  respond to Requests for Production of Documents; Propounding Party purports to provide only

19  twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks

20  documents protected from disclosure by the attorney-client privilege and/or attorney work-

21  product doctrine. Responding Party objects to this Request on the ground that the requested

22  documents are not identified with reasonable particularity. Responding Party objects to this

23  Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding

24  Party objects to this Request on the grounds that it is so broad on its face that it requires

25  production of irrelevant documents.

26          Subject to and without waiving the foregoing objections, Responding Party responds as

27  follows: Responding Party has not served responses, or identified any documents, in response to

28  First Impressions' First Set of Interrogatories.

34

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS INC.

- 50 -

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR response to Interrogatory No. 5, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.  Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity.  Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party has not served responses, or identified any documents, in response to First Impressions' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR response to Interrogatory No. 6, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein.  Responding Party objects to this Request on the ground that it is invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-

35

1  product doctrine. Responding Party objects to this Request on the ground that the requested

2  documents are not identified with reasonable particularity. Responding Party objects to this

3  Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding

4  Party objects to this Request on the grounds that it is so broad on its face that it requires

5  production of irrelevant documents.

6         Subject to and without waiving the foregoing objections, Responding Party responds as

7  follows: Responding Party has not served responses, or identified any documents, in response to

8  First Impressions' First Set of Interrogatories.

9  **REQUEST FOR PRODUCTION NO. 42:**

10        All DOCUMENTS that support YOUR response to Interrogatory No. 7, served

11  concurrently by FIRST IMPRESSIONS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13        Responding Party incorporates by this reference each and every general objection as

14  though fully set forth herein. Responding Party objects to this Request on the ground that it is

15  invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

16  respond to Requests for Production of Documents; Propounding Party purports to provide only

17  twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks

18  documents protected from disclosure by the attorney-client privilege and/or attorney work-

19  product doctrine. Responding Party objects to this Request on the ground that the requested

20  documents are not identified with reasonable particularity. Responding Party objects to this

21  Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding

22  Party objects to this Request on the grounds that it is so broad on its face that it requires

23  production of irrelevant documents.

24        Subject to and without waiving the foregoing objections, Responding Party responds as

25  follows: Responding Party has not served responses, or identified any documents, in response to

26  First Impressions' First Set of Interrogatories.

27  **REQUEST FOR PRODUCTION NO. 43:**

28        All DOCUMENTS that support your response to Interrogatory No. 8, served

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

1    concurrently by FIRST IMPRESSIONS.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

3        Responding Party incorporates by this reference each and every general objection as

4    though fully set forth herein.  Responding Party objects to this Request on the ground that it is

5    invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

6    respond to Requests for Production of Documents; Propounding Party purports to provide only

7    twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

8    documents protected from disclosure by the attorney-client privilege and/or attorney work-

9    product doctrine.  Responding Party objects to this Request on the ground that the requested

10    documents are not identified with reasonable particularity.  Responding Party objects to this

11    Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

12    Party objects to this Request on the grounds that it is so broad on its face that it requires

13    production of irrelevant documents.

14        Subject to and without waiving the foregoing objections, Responding Party responds as

15    follows: Responding Party has not served responses, or identified any documents, in response to

16    First Impressions' First Set of Interrogatories.

17    **REQUEST FOR PRODUCTION NO. 44:**

18        All DOCUMENTS that support YOUR response to Interrogatory No. 9, served

19    concurrently by FIRST IMPRESSIONS.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

21        Responding Party incorporates by this reference each and every general objection as

22    though fully set forth herein.  Responding Party objects to this Request on the ground that it is

23    invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

24    respond to Requests for Production of Documents; Propounding Party purports to provide only

25    twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

26    documents protected from disclosure by the attorney-client privilege and/or attorney work-

27    product doctrine.  Responding Party objects to this Request on the ground that the requested

28    documents are not identified with reasonable particularity.  Responding Party objects to this

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

1 | Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding
2 | Party objects to this Request on the grounds that it is so broad on its face that it requires
3 | production of irrelevant documents.
4 |      Subject to and without waiving the foregoing objections, Responding Party responds as
5 | follows: Responding Party has not served responses, or identified any documents, in response to
6 | First Impressions' First Set of Interrogatories.
7 | **REQUEST FOR PRODUCTION NO. 45:**
8 |      All DOCUMENTS that support YOUR response to Interrogatory No. 10, served
9 | concurrently by FIRST IMPRESSIONS.
10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**
11 |      Responding Party incorporates by this reference each and every general objection as
12 | though fully set forth herein.  Responding Party objects to this Request on the ground that it is
13 | invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to
14 | respond to Requests for Production of Documents; Propounding Party purports to provide only
15 | twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks
16 | documents protected from disclosure by the attorney-client privilege and/or attorney work-
17 | product doctrine.  Responding Party objects to this Request on the ground that the requested
18 | documents are not identified with reasonable particularity.  Responding Party objects to this
19 | Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding
20 | Party objects to this Request on the grounds that it is so broad on its face that it requires
21 | production of irrelevant documents.
22 |      Subject to and without waiving the foregoing objections, Responding Party responds as
23 | follows: Responding Party has not served responses, or identified any documents, in response to
24 | First Impressions' First Set of Interrogatories.
25 | **REQUEST FOR PRODUCTION NO. 46:**
26 |      All DOCUMENTS that support YOUR response to Interrogatory No. 11, served
27 | concurrently by FIRST IMPRESSIONS.
28 | / / /

38

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party has not served responses, or identified any documents, in response to First Impressions' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that support YOUR response to Interrogatory No. 12, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding

39

1  Party objects to this Request on the grounds that it is so broad on its face that it requires

2  production of irrelevant documents.

3      Subject to and without waiving the foregoing objections, Responding Party responds as

4  follows: Responding Party has not served responses, or identified any documents, in response to

5  First Impressions' First Set of Interrogatories.

6  **REQUEST FOR PRODUCTION NO. 48:**

7      All DOCUMENTS that support YOUR response to Interrogatory No. 13,  served

8  concurrently by FIRST IMPRESSIONS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

10     Responding Party incorporates by this reference each and every general objection as

11 though fully set forth herein.  Responding Party objects to this Request on the ground that it is

12 invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

13 respond to Requests for Production of Documents; Propounding Party purports to provide only

14 twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

15 documents protected from disclosure by the attorney-client privilege and/or attorney work-

16 product doctrine.  Responding Party objects to this Request on the ground that the requested

17 documents are not identified with reasonable particularity.  Responding Party objects to this

18 Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

19 Party objects to this Request on the grounds that it is so broad on its face that it requires

20 production of irrelevant documents.

21     Subject to and without waiving the foregoing objections, Responding Party responds as

22 follows: Responding Party has not served responses, or identified any documents, in response to

23 First Impressions' First Set of Interrogatories.

24 **REQUEST FOR PRODUCTION NO. 49:**

25     All DOCUMENTS that support YOUR response to Interrogatory No. 14, served

26 concurrently by FIRST IMPRESSIONS.

27 / / /

28 / / /

40

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

1

2          Responding Party incorporates by this reference each and every general objection as

3    though fully set forth herein.  Responding Party objects to this Request on the ground that it is

4    invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

5    respond to Requests for Production of Documents; Propounding Party purports to provide only

6    twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

7    documents protected from disclosure by the attorney-client privilege and/or attorney work-

8    product doctrine.  Responding Party objects to this Request on the ground that the requested

9    documents are not identified with reasonable particularity.  Responding Party objects to this

10   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

11   Party objects to this Request on the grounds that it is so broad on its face that it requires

12   production of irrelevant documents.

13          Subject to and without waiving the foregoing objections, Responding Party responds as

14   follows: Responding Party has not served responses, or identified any documents, in response to

15   First Impressions' First Set of Interrogatories.

16   **REQUEST FOR PRODUCTION NO. 50:**

17          All DOCUMENTS that support YOUR response to Interrogatory No. 15, served

18   concurrently by FIRST IMPRESSIONS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

20          Responding Party incorporates by this reference each and every general objection as

21   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

22   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

23   respond to Requests for Production of Documents; Propounding Party purports to provide only

24   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

25   documents protected from disclosure by the attorney-client privilege and/or attorney work-

26   product doctrine.  Responding Party objects to this Request on the ground that the requested

27   documents are not identified with reasonable particularity.  Responding Party objects to this

28   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

41

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

1   Party objects to this Request on the grounds that it is so broad on its face that it requires

2   production of irrelevant documents.

3       Subject to and without waiving the foregoing objections, Responding Party responds as

4   follows: Responding Party has not served responses, or identified any documents, in response to

5   First Impressions' First Set of Interrogatories.

6   **REQUEST FOR PRODUCTION NO. 51:**

7       All DOCUMENTS that support YOUR response to Interrogatory No. 16, served

8   concurrently by FIRST IMPRESSIONS.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

10      Responding Party incorporates by this reference each and every general objection as

11  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

12  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

13  respond to Requests for Production of Documents; Propounding Party purports to provide only

14  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

15  documents protected from disclosure by the attorney-client privilege and/or attorney work-

16  product doctrine.  Responding Party objects to this Request on the ground that the requested

17  documents are not identified with reasonable particularity.  Responding Party objects to this

18  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

19  Party objects to this Request on the grounds that it is so broad on its face that it requires

20  production of irrelevant documents.

21      Subject to and without waiving the foregoing objections, Responding Party responds as

22  follows: Responding Party has not served responses, or identified any documents, in response to

23  First Impressions' First Set of Interrogatories.

24  **REQUEST FOR PRODUCTION NO. 52:**

25      All DOCUMENTS that support YOUR response to Interrogatory No. 17, served

26  concurrently by FIRST IMPRESSIONS.

27  / / /

28  / / /

42

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

1       Responding Party incorporates by this reference each and every general objection as

2   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

3   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

4   respond to Requests for Production of Documents; Propounding Party purports to provide only

5   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

6   documents protected from disclosure by the attorney-client privilege and/or attorney work-

7   product doctrine.  Responding Party objects to this Request on the ground that the requested

8   documents are not identified with reasonable particularity.  Responding Party objects to this

9   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

10   Party objects to this Request on the grounds that it is so broad on its face that it requires

11   production of irrelevant documents.

12       Subject to and without waiving the foregoing objections, Responding Party responds as

13   follows: Responding Party has not served responses, or identified any documents, in response to

14   First Impressions' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 53:**

15       All DOCUMENTS that support YOUR response to Interrogatory No. 18, served

16   concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17       Responding Party incorporates by this reference each and every general objection as

18   though fully set forth herein.  Responding Party objects to this Request on the ground that it is

19   invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

20   respond to Requests for Production of Documents; Propounding Party purports to provide only

21   twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

22   documents protected from disclosure by the attorney-client privilege and/or attorney work-

23   product doctrine.  Responding Party objects to this Request on the ground that the requested

24   documents are not identified with reasonable particularity.  Responding Party objects to this

25   Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

43

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS INC.

- 59 -

1  Party objects to this Request on the grounds that it is so broad on its face that it requires

2  production of irrelevant documents.

3    Subject to and without waiving the foregoing objections, Responding Party responds as

4  follows: Responding Party has not served responses, or identified any documents, in response to

5  First Impressions' First Set of Interrogatories.

6  **REQUEST FOR PRODUCTION NO. 54:**

7    All DOCUMENTS that support YOUR response to Interrogatory No. 19, served

8  concurrently by FIRST IMPRESSIONS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

10    Responding Party incorporates by this reference each and every general objection as

11  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

12  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

13  respond to Requests for Production of Documents; Propounding Party purports to provide only

14  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

15  documents protected from disclosure by the attorney-client privilege and/or attorney work-

16  product doctrine.  Responding Party objects to this Request on the ground that the requested

17  documents are not identified with reasonable particularity.  Responding Party objects to this

18  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

19  Party objects to this Request on the grounds that it is so broad on its face that it requires

20  production of irrelevant documents.

21    Subject to and without waiving the foregoing objections, Responding Party responds as

22  follows: Responding Party has not served responses, or identified any documents, in response to

23  First Impressions' First Set of Interrogatories.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that support YOUR response to Interrogatory No. 20, served concurrently by FIRST IMPRESSIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine. Responding Party objects to this Request on the ground that the requested documents are not identified with reasonable particularity. Responding Party objects to this Request on the grounds that the Request is overbroad, burdensome, and harassing. Responding Party objects to this Request on the grounds that it is so broad on its face that it requires production of irrelevant documents.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party has not served responses, or identified any documents, in response to First Impressions' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 56:**

All cease and desist letters sent by YOU within the previous ten (10) years alleging an infringement or misappropriation of NEESON'S INTELLECTUAL PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Responding Party incorporates by this reference each and every general objection as though fully set forth herein. Responding Party objects to this Request on the ground that it is invalid. Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to respond to Requests for Production of Documents; Propounding Party purports to provide only twenty-nine (29) days. Responding Party objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work-

45

1  product doctrine.  Responding Party objects to this Request on the ground that the requested

2  documents are not identified with reasonable particularity.  Responding Party objects to this

3  Request on the ground that the Request is overbroad and burdensome to the extent that it fails to

4  define a relevant time period.  Responding Party objects to this Request on the grounds that it is

5  so broad on its face that it requires production of irrelevant documents.  Responding Party further

6  objects to this Request to the extent that it seeks documents that are not relevant to the claims,

7  defenses, or subject matter of the instant action, nor reasonably calculated to lead to the

8  discovery of admissible evidence in violation of Code of Civil Procedure section 2017.010, et

9  seq.

10       Subject to and without waiving the foregoing objections, Responding Party responds as

11  follows: Responding Party will produce the cease and desist letter sent to Defendants in this case.

12  **REQUEST FOR PRODUCTION NO. 57:**

13       All  DOCUMENTS evidencing  any confusion  about the source, origin, affiliation,

14  endorsement, or sponsorship of DEFENDANTS, companies,  products, or services,  as a result

15  of DEFENDANTS' alleged  unauthorized  use of NEESON'S INTELLECTUAL PROPERTY.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

17       Responding Party incorporates by this reference each and every general objection as

18  though fully set forth herein.  Responding Party objects to this Request on the ground that it is

19  invalid.  Federal Rule of Civil Procedure 34 provides Responding Party thirty (30) days to

20  respond to Requests for Production of Documents; Propounding Party purports to provide only

21  twenty-nine (29) days.  Responding Party objects to this Request to the extent that it seeks

22  documents protected from disclosure by the attorney-client privilege and/or attorney work-

23  product doctrine.  Responding Party objects to this Request on the ground that the requested

24  documents are not identified with reasonable particularity.  Responding Party objects to this

25  Request on the grounds that the Request is overbroad, burdensome, and harassing.  Responding

26  Party objects to this Request on the grounds that it is so broad on its face that it requires

27  production of irrelevant documents.

28       Subject to and without waiving the foregoing objections, Responding Party responds as

46

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

1  follows: Responding Party has conducted a diligent search and reasonable inquiry and has been

2  unable to locate any responsive documents.  Investigation and discovery are continuing and

3  Responding Party reserves his right to amend and/or supplement his response hereto.

4  DATED: August 8, 2013                    HARDER MIRELL & ABRAMS LLP

5

6                                      By: _____

7                                          CHARLES J. HARDER
                                           Attorneys for Plaintiffs BRADLEY COOPER and
8                                          LIAM NEESON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS
THEME THEATERS, INC.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1801 Avenue of the Stars, Suite 1120, Los Angeles, CA 90067.

On August 8, 2013, I served true copies of the following document(s) described as **PLAINTIFF LIAM NEESON'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE) PROPOUNDED BY DEFENDANT FIRST IMPRESSION THEME THEATERS, INC.** and in the manner described below, on the interested parties in this action as follows:

[ ]     **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed directly below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

[X]     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed directly below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Harder Mirell & Abrams LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ]     **BY ELECTRONIC MAIL [As marked]:** I e-mailed the document(s) to the party(ies)' electronic mail address(es) as indicated below.

[ ]     **BY HAND DELIVERY:** I caused the document(s) to be hand-delivered to the party(ies) at the addresses as listed below.

David W. Swift, Esq.
Laura D. Castner, Esq.
KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
Telephone: (310) 566-9800
Facsimile: (310) 566-9850
Email: dswift@kwikalaw.com
Email: lcastner@kwikalaw.com

*Attorneys for Defendant*
VUTEC CORPORATION

48

PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

1  James C. Potepan, Esq.
   LECLAIRRYAN, LLP
2  725 S. Figueroa Street, Suite 350
   Los Angeles, California 90017
3  Telephone: (213) 488-0503
   Facsimile: (213) 624-3755
4  Email:  james.potepan@leclairryan.com

*Attorneys for Defendant*
FIRST IMPRESSIONS THEME THEATERS, INC.

5

6       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

7       Executed on August 8, 2013, at Los Angeles, California.

8

9                                         _____
                                          Molly Odell
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    49
PLAINTIFF LIAM NEESON'S RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) BY FIRST IMPRESSIONS THEME THEATERS, INC.

- 65 -

**EXHIBIT C**



## LECLAIRRYAN

August 29, 2013

**VIA EMAIL AND U.S. MAIL**
Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067

     Re:    *Bradley Cooper, et al. v. Vutec Corporation, et al.*
           LASC – West District Case No. SC120462

Dear Counsel:

    We are writing pursuant to Local Rule 37-1 with respect to Plaintiff Liam Neeson's inadequate responses to Defendant First Impression's First Set of Request for Production of Documents. Defendant's responses to the requests are woefully inadequate because they contain improper objections and evasive and incomplete answers. We would like to schedule a pre-filing conference to meet and confer over supplemental responses that are required. The reasons why Plaintiff must provide supplemental responses are set forth below:

**PLAINTIFF'S RESPONSE TO REQUEST NO. 1:**

    Defendant First Impressions requests Plaintiff to produce all versions of the performer's agreement for the "A" team. Issues in this case include what intellectual property rights the plaintiff has and what rights did he assign or license to the producer or other parties. The drafts leading to the final executed agreement are clearly relevant because they had communications related to the drafting of the agreement will likely assist the court and trier of fact in interpreting the final executed agreement and determine what rights Plaintiff has. The objection that the request is overly broad and fails to specify time have no merit. The subject of the request inherently establishes the relevant time frame. The objection based on the attorney client privilege is invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The

E-mail: james.potepan@leclairryan.com
Direct Phone: 213.337.3244
Direct Fax: 213.624.3755

725 S. Figueroa Street, Suite 350
Los Angeles, California 90017
Phone: 213.488.0503 \ Fax: 213.624.3755

CALIFORNIA \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON, D.C.

LeClairRyan is a Delaware Limited Liability Partnership

ATTORNEYS AT LAW   WWW.LECLAIRRYAN.COM

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 2

propounding party withdraws the request that the documents be produced on August 8, 2013 and
requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 2:**

Defendant First Impressions requests the Plaintiff to produce any and all agreements
concerning his role in the film A-Team. Issues in this case include what intellectual property
rights the plaintiff has and what rights did he assign or license to the producer or other parties.
The request is clearly relevant because the assignment or retention of such rights may be found
in more than one agreement. The objection that the request is overly broad and fails to specify
time have no merit. The subject of the request inherently establishes the relevant time frame.
The objection based on the attorney client privilege is invalid without an identification of the
documents withheld on the basis of the privilege. To avoid a motion, the Plaintiff must withdraw
these bogus objections, provide a privilege log and produce the documents. Finally, the response
is inadequate because it does not specify when the documents called for by the request will be
produced. The propounding party withdraws the request that the documents be produced on
August 8, 2013 and requests that responding party produce the requested documents on
September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 3:**

Defendant First Impressions requests Neeson to produce all communications related to
his intellectual property rights in connection with his role in the movie A Team. Issues in this
case include what intellectual property rights does the plaintiff have and what rights did he
assign or license to the producer or other parties. The communications about such intellectual
property right in connection with this role because they and the drafts of the performer
agreement and other related documents will likely assist the court and trier of fact in determining
these issues. The objection that the request is overly broad and fails to specify time have no
merit. The subject of the request inherently establishes the relevant time frame. The objection
based on the attorney client privilege is invalid without an identification of the documents
withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw
these bogus objections, provide a privilege log and produce the requested documents. Finally,
the response is inadequate because it does not specify when the documents called for by the
request will be produced. The propounding party withdraws the request that the documents be
produced on August 8, 2013 and requests that responding party produce the requested documents
on September 13, 2013.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 3

**PLAINTIFF'S RESPONSE TO REQUEST NO. 4:**

Defendant First Impressions requests the Plaintiff to produce any and all documents that pertain to his intellectual property rights in connection with his role in the film A-Team. Issues in this case include what intellectual property rights does the plaintiff have and what rights did he assign or license to the producer or other parties. The request is clearly relevant because the assignment or retention of such rights may be found in more than one document. The objection that the request is overly broad and fails to specify time have no merit. The subject of the request inherently establishes the relevant time frame. The objection based on the attorney client privilege is invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the Plaintiff must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 5:**

Defendant First Impressions requests the Plaintiff to produce any and all documents that relate to production, distribution rights in the film A Team. Issues in this case include what intellectual property rights does the plaintiff have and what rights did he assign or license to the producer or other parties. The request is clearly relevant because the other agreements related to production, distribution and ownership other than the one agreement may identify what rights Plaintiff has assigned or licensed and what rights he has retained. The objection that the request is overly broad and fails to specify time have no merit. The subject of the request inherently establishes the relevant time frame. The objection based on the attorney client privilege is invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the Plaintiff must withdraw these bonus objections, produce a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 4

**PLAINTIFF'S RESPONSE TO REQUEST NO. 6:**

Defendant First Impressions requests Neeson to produce all communications related to his rights in connection with still photographs and other images from the movie A-Team. Issues in this case include what intellectual property rights does the plaintiff have and what rights did he assign or license to the producer or other parties. The communications about such intellectual property right in connection with this role because they and the drafts of the performer agreement and other related documents will likely assist the court and trier of fact in interpreting the final executed performer agreement and determining the rights that Plaintiff has. The objection that the request is overly broad and fails to specify time have no merit. The subject of the request inherently establishes the relevant time frame. The objection based on the attorney client privilege is invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 7:**

Defendant First Impressions reasonably requests the Plaintiff to produce all documents that reflect First Impressions' alleged unauthorized use of his image. This alleged unauthorized use is the crux of Plaintiff's lawsuit. This response is completely inadequate because it fails to make clear the extent to which the Plaintiff is willing to comply with the request and the extent to which it is unable or unwilling to comply. Plaintiff says it will produce such documents if such documents "exist." Having filed the lawsuit, Plaintiff should by now have within its possession the documents that it will rely upon to prove its case on this crucial issue. Plaintiff must modify its response to state with particularity the documents that will be produced that reflect all unauthorized uses that forms the basis of his suit. The objection that the request is overly broad and fails to specify time have no merit. The subject of the request inherently establishes the relevant time frame. The objection based on the attorney client privilege is invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 5

### PLAINTIFF'S RESPONSE TO REQUEST NO. 8:

Defendant First Impressions reasonably requests the Plaintiff to produce all documents that reflect Vutec's alleged unauthorized use of his image. This alleged unauthorized use is the crux of Plaintiff's lawsuit. This response is completely inadequate because it fails to make clear the extent to which the Plaintiff is willing to comply with the request and the extent to which it is unable or unwilling to comply. Plaintiff says it will produce such documents if such documents "exist." Having filed the lawsuit, Plaintiff should by now have within its possession the documents that it will rely upon to prove its case on this crucial issue. Plaintiff must modify its response to state with particularity the documents that will be produced that reflect all unauthorized uses that forms the basis of his suit. The objection that the request is overly broad and fails to specify time have no merit. The subject of the request inherently establishes the relevant time frame. The objection based on the attorney client privilege is invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

### PLAINTIFF'S RESPONSE TO REQUEST NO. 9:

First Impressions requests the Plaintiff to produce all documents that relate to or evidence the value of the Plaintiff's intellectual property in the past five years. This request is directly relevant to the Plaintiff's damages claim. Plaintiff contends that he has sustained actual damages due to the alleged infringing use of his image, trademark and trade dress. Evidence of the value such intellectual property rights before or after the alleged infringements will serve as a bench mark to measure any harm that Plaintiff may or may not have sustained. Typically such valuations may be found in financial statements and other financial records. Consideration in agreements for use of Plaintiff's intellectual property rights is directly relevant to the value of such rights. Plaintiff's response to this Request is completely inadequate because it fails to make clear the extent to which the Plaintiff is willing to comply with the request and the extent to which it is unable or unwilling to comply. Plaintiff says it will produce such documents if such documents "exist." Plaintiff must modify its response to state with particularity the documents that will be produced that reflect the value of his intellectual property rights. The objection that the request is overly broad has no merit. The request is limited as to time and subject matter.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 6

The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 10:**

First Impressions requests the Plaintiff to produce all consents, licenses authorizations, royalty agreements, releases and other documents and communications that pertain to use of his intellectual property rights. In response, Plaintiff states that he will produce only his agreement for the movie The A-Team. Limiting the production to a single agreement is improper because the request is broader than the restrictive scope Plaintiff seeks to impose. This response is completely inadequate because documents other than the single agreement provide relevant information as to consents, authorizations, royalty agreements and releases. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 11:**

First Impressions requests the Plaintiff to produce all documents and communications as to the value of the Plaintiff's intellectual property in the past five years. This request is directly relevant to the Plaintiff's damages claim. Plaintiff contends that he has sustained actual damages due to the alleged infringing use of his image, trademark and trade dress. Communications and other documents that reflect the value such intellectual property rights before or after the alleged infringements will serve as a bench mark to measure any harm that Plaintiff may or may not have sustained. Typically such valuations may be found in financial statements and other financial records. Consideration in agreements for use of Plaintiff's intellectual property rights is

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 7

directly relevant to the value of such rights.  Communications about the value of such rights is
equally relevant.  Plaintiff's response to this Request is completely inadequate because it fails to
make clear the extent to which the Plaintiff is willing to comply with the request and the extent
to which it is unable or unwilling to comply.  Plaintiff says it will produce such documents if
such documents "exist."  Plaintiff must modify its response to state with particularity the
documents that will be produced that reflect the value of his intellectual property rights.  The
objection that the request is overly broad has no merit.  The request is limited as to time and
subject matter.  The objection based on the attorney client privilege in invalid without an
identification of the documents withheld on the basis of the privilege.  To avoid a motion, the
responding party must withdraw these bogus objections, provide a privilege log and produce the
requested documents.  Finally, the response is inadequate because it does not specify when the
documents called for by the request will be produced.  The propounding party withdraws the
request that the documents be produced on August 8, 2013 and requests that responding party to
produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 12:**

      First Impressions requests the Plaintiff to produce all documents and communications as
to the value of the Plaintiff's trademarks in the past five years.  This request is directly relevant
to the Plaintiff's damages claim.  Plaintiff contends that he has sustained actual damages due to
the alleged infringing use of his trademark.  Communications and other documents that reflect
the value the trademark before or after the alleged infringements will serve as a bench mark to
measure any harm  that Plaintiff may or may not have sustained. Typically such valuations may
be found in financial statements and other financial records.  Consideration in agreements for use
of Plaintiff's intellectual property rights is directly relevant to the value of such rights.
Communications about the value of such rights is equally relevant.  Plaintiff's response to this
Request is completely inadequate because it fails to make clear the extent to which the Plaintiff
is willing to comply with the request and the extent to which it is unable or unwilling to comply.
Plaintiff says it will produce such documents if such documents "exist."  Plaintiff must modify
its response to state with particularity the documents that will be produced that reflect the value
of his trademark.  The objection that the request is overly broad has no merit.  The request is
limited as to time and subject matter.  The objection based on the attorney client privilege in
invalid without an identification of the documents withheld on the basis of the privilege.  To
avoid a motion, the responding party must withdraw these bogus objections, provide a privilege
log and produce the requested documents.  Finally, the response is inadequate because it does not
specify when the documents called for by the request will be produced.  The propounding party

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 8

withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 13:**

First Impressions requests the Plaintiff to produce all documents and communications as to the value of the Plaintiff's trade dress in the past five years. This request is directly relevant to the Plaintiff's damages claim. Plaintiff contends that he has sustained actual damages due to the alleged infringing use of his trade dress. Communications and other documents that reflect the value the trade dress before or after the alleged infringements will serve as a bench mark to measure any harm that Plaintiff may or may not have sustained. Typically such valuations may be found in financial statements and other financial records. Consideration in agreements for use of Plaintiff's intellectual property rights is directly relevant to the value of such rights. Communications about the value of such rights is equally relevant. Plaintiff's response to this Request is completely inadequate because it fails to make clear the extent to which the Plaintiff is willing to comply with the request and the extent to which it is unable or unwilling to comply. Plaintiff says it will produce such documents if such documents "exist." Plaintiff must modify its response to state with particularity the documents that will be produced that reflect the value of his trademark. The objection that the request is overly broad has no merit. The request is limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce the requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party to produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 14:**

First Impressions requests the Plaintiff to produce all consents, licenses, authorizations, royalty agreements, releases and other documents and communications that pertain to use of his image or likeness. In response, Plaintiff states that he will produce only his agreement for the movie The A-Team and his endorsements. Limiting the production to this narrow class of agreements is improper because the request is broader than the restrictive scope Plaintiff seeks to impose. This response is completely inadequate because documents other than the A-Team agreement and endorsement contracts may provide relevant information as to consents, authorizations, royalty agreements and releases related to the Plaintiff's likeness and image.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 9

Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 15:**

First Impressions requests the Plaintiff to produce all consents, licenses, authorizations, royalty agreements, releases and other documents and communications that pertain to use of his trademark. In response, Plaintiff states that he will produce only his agreement for the movie The A-Team and his endorsements. Limiting the production to this narrow class of agreements is improper because the request is broader than the restrictive scope Plaintiff seeks to impose. This response is completely inadequate because documents other than the A-Team agreement and endorsement contracts may provide relevant information as to consents, authorizations, royalty agreements and releases related to the Plaintiff's trademarks. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 16:**

First Impressions requests the Plaintiff to produce all consents, licenses, authorizations, royalty agreements, releases and other documents and communications that pertain to use of his trade dress. In response, Plaintiff states that he will produce only his agreement for the movie The A-Team and his endorsements. Limiting the production to this narrow class of agreements is improper because the request is broader than the restrictive scope Plaintiff seeks to impose.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 10

This response is completely inadequate because documents other than the A-Team agreement and endorsement contracts may provide relevant information as to consents, authorizations, royalty agreements and releases related to the Plaintiff's trade dress. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 17:**

First Impressions requests Plaintiff to produce all cease and desist letters related to unauthorized use of the Plaintiffs' image and likeness as Plaintiff was portrayed in the film The A-Team. In response Plaintiff says he will only produce the cease and desist letter sent to defendants in this case. Other cease and desist letters related to use of Plaintiff's image from the film The A-Team are directly relevant to the issues in this lawsuit. They are relevant to a determination as to rights Plaintiff may or may not have. The cease and desist letters are relevant to Plaintiff's claimed damages. Limiting the production to two letters is improper because relevant information may be found in other meet and confer letters. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 19:**

First Impressions requests the Plaintiff to produce all consents, licenses, authorizations, royalty agreements, releases and other documents and communications that pertain to use of his

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 11

image or likeness in any film in which Plaintiff has performed. In response, Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely inadequate because documents other than the A-Team agreement and endorsement contracts may provide relevant information as to consents, authorizations, royalty agreements and releases related to the Plaintiff's likeness and image. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 20:**

First Impressions requests the Plaintiff to produce all consents, licenses, authorizations, royalty agreements, releases and other documents and communications that pertain to use of his image or likeness as depicted from a movie still from any film in which Plaintiff has performed. In response, Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely improper. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 22:**

First Impressions requests the Plaintiff to produce all product placement agreements pertaining to use of Plaintiff's intellectual property. In response, Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 12

improper. The requested documents are relevant to the question of what rights the Plaintiff may or may not have. The requested documents are relevant to the Plaintiff's claimed damages. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 23:

First Impressions requests the Plaintiff to produce all commercial tie-in agreements pertaining to use of Plaintiff's intellectual property. In response, Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely improper. The requested documents are relevant to the question of what rights the Plaintiff may or may not have. The requested documents are relevant to the Plaintiff's claimed damages. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 24:

First Impressions requests the Plaintiff to produce all checks or statements that record or evidence the financial, fees or royalties earned by Plaintiff in connection with use of Plaintiff's intellectual property. In response, Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely improper. The requested documents are relevant to the Plaintiff's claimed damages. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 13

objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 27:**

First Impressions requests the Plaintiff to produce all medical records that relate to diagnosis, examination or treatment of any physical or emotional injuries sustained by the Plaintiff as a result of unauthorized use of his intellectual property. Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely improper. The requested documents are relevant to the Plaintiff's claimed damages. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 28:**

First Impressions requests the Plaintiff to produce all documents and communications related to any medical care or treatment Plaintiff is receiving because of physical or emotional injuries sustained by Plaintiff as a result of unauthorized use of his intellectual property. Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely improper. The requested documents are relevant to the Plaintiff's claimed damages. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 14

basis of the privilege.  To avoid a motion, the responding party must withdraw these bogus
objections, provide a privilege log and produce all requested documents. Finally, the response is
inadequate because it does not specify when the documents called for by the request will be
produced. The propounding party withdraws the request that the documents be produced on
August 8, 2013 and requests that responding party produce the requested documents on
September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 29:**

Defendant First Impressions reasonably requests the Plaintiff to produce all documents
that reflect Plaintiff's loss of earnings resulting from First Impressions' alleged unauthorized use
of his image by Defendant.  Plaintiff's response is completely inadequate because it fails to make
clear the extent to which the Plaintiff is willing to comply with the request and the extent to
which it is unable or unwilling to comply.  Plaintiff says it will produce such documents if such
documents "exist."  If the Plaintiff has lost earnings, documents reflecting such losses should be
produced.  Plaintiff must modify its response to state with particularity the documents that will
be produced that reflect all lost earnings.  The objection that the request is overly broad and fails
to specify time have no merit.  The subject of the request inherently establishes the relevant time
frame.  The objection based on the attorney client privilege in invalid without an identification of
the documents withheld on the basis of the privilege.  To avoid a motion, the responding party
must withdraw these bogus objections, provide a privilege log and produce the requested
documents.  Finally, the response is inadequate because it does not specify when the documents
called for by the request will be produced.  The propounding party withdraws the request that the
documents be produced on August 8, 2013 and requests that responding party to produce the
requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 30:**

Defendant requests the Plaintiff to produce all documents that reflect Plaintiff's loss of
earnings resulting from First Impressions' alleged unauthorized use of his image by any person.
Plaintiff's response is completely inadequate because it fails to make clear the extent to which
the Plaintiff is willing to comply with the request and the extent to which it is unable or
unwilling to comply.  Plaintiff says it will produce such documents if such documents "exist."  If
the Plaintiff has lost earnings, documents reflecting such losses should be produced.  Plaintiff
must modify its response to state with particularity the documents that will be produced that
reflect all lost earnings.  The objection that the request is overly broad and fails to specify time
have no merit.  The subject of the request inherently establishes the relevant time frame.  The

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 15

objection based on the attorney client privilege in invalid without an identification of the
documents withheld on the basis of the privilege.  To avoid a motion, the responding party must
withdraw these bogus objections, provide a privilege log and produce the requested documents.
Finally, the response is inadequate because it does not specify when the documents called for by
the request will be produced.  The propounding party withdraws the request that the documents
be produced on August 8, 2013 and requests that responding party to produce the requested
documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 32:**

Defendant requests Plaintiff to produce complaints, pleadings and other documents that
reflect legal actions initiated by the Plaintiff related to unauthorized use of his intellectual
property.  Plaintiff says he will stand on his objections and will not produce any of the requested
documents.  This response is completely improper.  The requested documents are relevant to
issues of liability and damages.  The Request has discovery relevance in that it is reasonably
calculated to lead to the discovery of admissible evidence related to rights the plaintiff may or
may not have and losses he claims to have sustained.  Plaintiff must modify its response to state
with particularity the documents that will be produced called for by this Request.  The objection
that the request is overly broad has no merit.  It is reasonably limited as to time and subject
matter.  The objection based on the attorney client privilege in invalid without an identification
of the documents withheld on the basis of the privilege.  To avoid a motion, the responding party
must withdraw these bogus objections, provide a privilege log and produce all requested
documents.  Finally, the response is inadequate because it does not specify when the documents
called for by the request will be produced.  The propounding party withdraws the request that the
documents be produced on August 8, 2013 and requests that responding party produce the
requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 33:**

First Impressions requests the Plaintiff to produce all records reflecting earnings received
from licensing the use of his image in connection with a company, product or service.  Plaintiff
states that he will produce only his endorsement agreements.  Limiting the production to this
narrow class of agreements is improper because the request is broader than the restrictive scope
Plaintiff seeks to impose.  The earnings received may be entirely different than earnings
promised in an endorsement agreement.  There may be earnings received for licensed use of
Plaintiff's image that are not based on an endorsement agreement.  Plaintiff must modify its
response to state with particularity the documents that will be produced called for by this

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 16

Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. The privacy objection is meritless given the protective order that exists in this case. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 35:

First Impressions requests the Plaintiff to produce all documents and communications related to the discovery of the unauthorized use of his intellectual property by the Defendants. Plaintiff says he will stand on his objections and will not produce any of the requested documents. This response is completely improper. The requested documents relevant to the Defendants' defenses including the statute of limitations and laches. Plaintiff must modify its response to state with particularity the documents that will be produced called for by this Request. The objection that the request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 36:

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's response to Interrogatory No. 1 that was served concurrently with the document request. In response, Plaintiff takes the position that he can avoid the obligation to produce the requested documents because at the time of the written response to Defendant's document request, Plaintiff had not served his response to Interrogatory No. 1. Plaintiff has since served his response to Interrogatory No. 1 and has identified some documents in the most general and impermissibly vague terms. Plaintiff must modify its response to this Request to state with particularity the documents that will be produced called for by this Request. The objection that the Request is

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 17

overly broad has no merit.  It is reasonably limited as to time and subject matter.  The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege.  To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents.  Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced.  The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 40:**

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's response to Interrogatory No.5 that was served concurrently with the document request.  In response, Plaintiff takes the position that he can avoid the obligation to produce the requested documents because at the time of the written response to Defendant's document request, Plaintiff had not served his response to Interrogatory No. 5.  Plaintiff has since served his response to Interrogatory No. 5.  To the extent that Plaintiff's response to Interrogatory No. 5 is supported by any documents, Plaintiff must modify its response to this Request to state with particularity the documents that will be produced called for by this Request.  The objection that the Request is overly broad has no merit.  It is reasonably limited as to time and subject matter.  The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege.  To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents.  Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced.  The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 41:**

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's response to Interrogatory No. 6 that was served concurrently with the document request.  In response, Plaintiff takes the position that he can avoid the obligation to produce the requested documents because at the time of the written response to Defendant's document request, Plaintiff had not served his response to Interrogatory No. 6.  Plaintiff has since served his response to Interrogatory No. 6 and has identified some documents in the most general and impermissibly vague terms.  Plaintiff must modify its response to this Request to state with particularity the

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 18

documents that will be produced called for by this Request.  The objection that the Request is overly broad has no merit.  It is reasonably limited as to time and subject matter.  The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege.  To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents.  Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced.  The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 42:**

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's response to Interrogatory No. 7 that was served concurrently with the document request.  In response, Plaintiff takes the position that he can avoid the obligation to produce the requested documents because at the time of the written response to Defendant's document request, Plaintiff had not served his response to Interrogatory No. 7.  Plaintiff has since served his response to Interrogatory No.7 and has identified some documents in the most general and impermissibly vague terms.  Plaintiff must modify its response to this Request to state with particularity the documents that will be produced called for by this Request.  The objection that the Request is overly broad has no merit.  It is reasonably limited as to time and subject matter.  The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege.  To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents.  Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced.  The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 50:**

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's response to Interrogatory No. 15 that was served concurrently with the document request.  In response, Plaintiff takes the position that he can avoid the obligation to produce the requested documents because at the time of the written response to Defendant's document request, Plaintiff had not served his response to Interrogatory No. 15.  Plaintiff has since served his response to Interrogatory No. 15 and has identified some documents in the most general and impermissibly

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 19

vague terms.  Plaintiff must modify its response to this Request to state with particularity the
documents that will be produced called for by this Request.  The objection that the Request is
overly broad has no merit.  It is reasonably limited as to time and subject matter.  The objection
based on the attorney client privilege in invalid without an identification of the documents
withheld on the basis of the privilege.  To avoid a motion, the responding party must withdraw
these bogus objections, provide a privilege log and produce all requested documents.  Finally,
the response is inadequate because it does not specify when the documents called for by the
request will be produced.  The propounding party withdraws the request that the documents be
produced on August 8, 2013 and requests that responding party produce the requested documents
on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 51:

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's
response to Interrogatory No. 16 that was served concurrently with the document request.  In
response, Plaintiff takes the position that he can avoid the obligation to produce the requested
documents because at the time of the written response to Defendant's document request, Plaintiff
had not served his response to Interrogatory No. 16.  Plaintiff has since served his response to
Interrogatory No. 16 and has identified some documents in the most general and impermissibly
vague terms.  Plaintiff must modify its response to this Request to state with particularity the
documents that will be produced called for by this Request.  The objection that the Request is
overly broad has no merit.  It is reasonably limited as to time and subject matter.  The objection
based on the attorney client privilege in invalid without an identification of the documents
withheld on the basis of the privilege.  To avoid a motion, the responding party must withdraw
these bogus objections, provide a privilege log and produce all requested documents.  Finally,
the response is inadequate because it does not specify when the documents called for by the
request will be produced.  The propounding party withdraws the request that the documents be
produced on August 8, 2013 and requests that responding party produce the requested documents
on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 52:

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's
response to Interrogatory No. 17 that was served concurrently with the document request.  In
response, Plaintiff takes the position that he can avoid the obligation to produce the requested
documents because at the time of the written response to Defendant's document request, Plaintiff
had not served his response to Interrogatory No. 17.  Plaintiff has since served his response to

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 20

Interrogatory No. 17 and has identified some documents in the most general and impermissibly vague terms. Plaintiff must modify its response to this Request to state with particularity the documents that will be produced called for by this Request. The objection that the Request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

## PLAINTIFF'S RESPONSE TO REQUEST NO. 54:

First Impressions requests the Plaintiff to produce all documents that support Plaintiff's response to Interrogatory No. 19 that was served concurrently with the document request. In response, Plaintiff takes the position that he can avoid the obligation to produce the requested documents because at the time of the written response to Defendant's document request, Plaintiff had not served his response to Interrogatory No. 19. Plaintiff has since served his response to Interrogatory No. 19 and has identified some documents in the most general and impermissibly vague terms. Plaintiff must modify its response to this Request to state with particularity the documents that will be produced called for by this Request. The objection that the Request is overly broad has no merit. It is reasonably limited as to time and subject matter. The objection based on the attorney client privilege in invalid without an identification of the documents withheld on the basis of the privilege. To avoid a motion, the responding party must withdraw these bogus objections, provide a privilege log and produce all requested documents. Finally, the response is inadequate because it does not specify when the documents called for by the request will be produced. The propounding party withdraws the request that the documents be produced on August 8, 2013 and requests that responding party produce the requested documents on September 13, 2013.

Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
HARDER MIRELL & ABRAMS LLP
August 29, 2013
Page 21

     I am available to meet with you on anyone of the following dates:  September 4, 2013 (all day), September 5, 2013 (morning only) and September 9, 2013 (all day).  Please select a date that is convenient for you and let me know.  I believe an in person meeting will be most productive.  I will be happy to host the meeting in my office.

            Very truly yours,

            James C. Potepan

JCP:tp

**EXHIBIT  D**



September 11, 2013

**VIA EMAIL AND U.S. MAIL**
Charles J. Harder, Esq.
Douglas E. Mirell, Esq.
Kimberlina N. McKinney, Esq.
HARDER MIRELL & ABRAMS LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067

      Re:    *Bradley Cooper, et al. v. Vutec Corporation, et al.*
              LASC – West District Case No. SC120462

Dear Counsel:

     This letter memorializes the telephonic conference that was held on September 9, 2013, between counsel for Plaintiffs Bradley Cooper and Liam Neeson (collectively, "Plaintiffs") and counsel for Defendant First Impression Theme Theaters, Inc., ("First Impression" or "Defendant"). The conference was conducted pursuant to Local Rule 37 – 1 and in response to First Impression's August 29, 2013 letter regarding several issues with Plaintiffs' respective responses to First Impression's initial round of Interrogatories and Request For Production of Documents.

     Counsel for both parties agreed to a probable deadline of **September 23, 2013** for Plaintiffs to provide the further responses discussed herein.

     Counsel also scheduled a meeting for **September 16, 2013**, to schedule Plaintiffs' depositions. Plaintiffs' counsel indicated that at this meeting they would provide dates on which Plaintiffs' will be available for their depositions. Plaintiffs also indicated that they wish to meet and confer regarding First Impression's responses to Plaintiffs' initial round of Interrogatories and Requests for Production. It was agreed that Plaintiffs will prepare a formal letter identifying issues they wish to resolve, and First Impression will respond to that letter within one week of receiving it.

E-mail: chad.mandell@leclairryan.com                      725 S. Figueroa Street, Suite 350
Direct Phone: 213.337.3244                            Los Angeles, California 90017
Direct Fax: 213.624.3755                  Phone: 213.488.0503 \ Fax: 213.624.3755

CALIFORNIA \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON, D.C.

LeClairRyan is a Delaware Limited Liability Partnership

11543489                ATTORNEYS AT LAW \ WWW.LECLAIRRYAN.COM

Charles J. Harder
Douglas E. Mirell
Kimberlina N. McKinney
HARDER MIRELL & ABRAMS LLP
September 11, 2013
Page 2

*Interrogatories*

Interrogatories 1, 6, and 7 require Plaintiff to describe each and every unauthorized use of their respective intellectual property and unauthorized advertisement in this matter. Plaintiffs' counsel represented that they and Plaintiffs are not aware of any unauthorized uses or advertisements, other than those previously disclosed in discovery. Plaintiffs' counsel indicated that they wish to inspect certain documents in the possession of Defendant's counsel. If the inspection reveals no additional unauthorized uses or advertisements, Plaintiffs will provide further responses to the effect that no additional unauthorized uses or advertisements exist by **September 23, 2013.** Following the telephonic conference, Plaintiff's counsel Kimberlina N. McKinney indicated that she would inspect the documents at the office of Defendant's counsel on **September 19, 2013.**

As to Interrogatories 2 and 3, Plaintiffs' counsel indicated that Plaintiffs will not provide further responses.

As to Interrogatory 4, Plaintiffs were required to identify who discovered the alleged infringing uses, and when these uses were discovered. Defendant's counsel explained that that the requested information consists of facts that are not protected by the attorney-client privilege or attorney work-product doctrine. This interrogatory does not require that Plaintiffs identify or produce communications. Plaintiffs' counsel indicated that they would confer with other attorneys on Plaintiffs' litigation team and follow up with Defendant's counsel as to whether Plaintiffs will agree to provide further responses. Plaintiffs' counsel assured Defendant's counsel that they would reach a decision in short order.

Interrogatory 12 required Plaintiffs to identify their respective talent agents, outside counsel, and business managers, including publicity managers. Defense counsel explained that this discoverable information could lead to the discovery of admissible evidence. Further, Defense counsel indicated that it was unacceptable for Plaintiffs to respond by simply referring Defendant to the Internet. Nor is it appropriate for Plaintiffs evade this Interrogatory by referring Defendant to other publicly available information, including websites. Plaintiffs' counsel agreed that Plaintiffs would provide further responses.

Interrogatories 13 and 14 required Plaintiffs to identify all other occasions where they contended that their respective intellectual property was used without their permission, and to identify every legal action in which their respective intellectual property was at issue. Plaintiffs'

Charles J. Harder
Douglas E. Mirell
Kimberlina N. McKinney
HARDER MIRELL & ABRAMS LLP
September 11, 2013
Page 3

counsel agreed that Plaintiffs would supplement their responses to state that the subject lawsuit is the only occasion where Plaintiffs' have contended that their respective intellectual property was used without their permission, and the only lawsuit in which their respective intellectual property was at issue.

Interrogatories 15 and 16 required Plaintiffs to state all facts that support their contention that First Impression "acted willfully, maliciously, and oppressively," as alleged in paragraph 25 of their Complaint, and all facts that support their contention that this is an "exceptional case" under the Lanham act. Defendants indicated that they are entitled to understand the basis, if any, for Plaintiffs' claims. However, Plaintiffs refused to provide further response to these Interrogatories.

Regarding Interrogatory 19, Plaintiffs were required to identify each element and component of their respective trade dress. Defendant explained that it is unacceptable for Plaintiffs to merely regurgitate the allegations in their complaint and refer the requesting party to advertisements produced in discovery. Plaintiffs' counsel indicated that they would confer with other attorneys on Plaintiffs' litigation team and follow up with Defendant's counsel as to whether Plaintiffs will agree to provide further responses. Plaintiffs' counsel assured Defendant's counsel that they would reach a decision in short order.

Regarding Interrogatory 20, Plaintiffs were required to state the facts, if any, which support their contention that Defendants used their images in a manner that advertised, promoted, or marketed Defendants' companies, products, or services. Other than improper boilerplate objections, Plaintiffs gave no response to this interrogatory. Plaintiffs' counsel indicated that Plaintiffs will not provide further responses to this interrogatory.

In sum, Plaintiffs agreed to provide further responses to Interrogatories 12, 13, and 14, and to consider providing further responses to Interrogatories 4 and 19. Plaintiffs refused to provide further responses to Interrogatories 2, 3, 15, 16, and 20.

*Requests for Production*

As to Request 1, Plaintiffs' counsel indicated that Plaintiffs will not provide further responses. As to Requests 2 and 4, Plaintiff's counsel stated that Plaintiffs' already produced all responsive documents.

- 89 -

Charles J. Harder
Douglas E. Mirell
Kimberlina N. McKinney
HARDER MIRELL & ABRAMS LLP
September 11, 2013
Page 4

As to Request 3, Plaintiffs' counsel will confirm whether documents were withheld on the basis of privilege, and whether there are responsive documents in addition to those produced by Plaintiffs. If documents were withheld on the basis of privilege, Plaintiffs will provide a privilege log. If there are other responsive documents, Plaintiffs will supplement their responses and produce them.

Regarding Request 6, Plaintiffs' counsel indicated that he believes there are no responsive documents. However, he will confirm with Plaintiffs and follow up with Defendant's counsel in short order. If there are additional responsive documents, Plaintiffs will supplement their responses and produce them.

Regarding Requests 10, 14, 15, 16, 19, and 20, Plaintiffs' counsel indicated that he has produced everything he is willing to produce. Plaintiffs refuse to provide further responses.

Regarding Requests 7 and 8, Plaintiffs will provide further responses by **September 23, 2013** following their counsel's September 19, 2013 inspection of Defendant's documents.

Regarding Request 35, Plaintiff will produce responsive material.

Regarding Requests 9, 11, 12, 13, 22, 23, 24, 29, 30, and 33 Plaintiffs' counsel indicated that they would confer with other attorneys on Plaintiffs' litigation team and follow up with Defendant's counsel as to whether Plaintiffs will agree to provide further responses. Plaintiffs' counsel assured Defendant's counsel that they would reach a decision in short order.

Regarding Request 17, Plaintiffs' counsel indicated that they are not aware of any responsive documents. Similarly, Plaintiffs' counsel indicated that they are not aware of any material that is responsive to Request 32.

Regarding Requests 27 and 28, Plaintiffs' counsel indicated that Plaintiffs' do not allege in their Complaint that Plaintiffs suffered bodily or emotional injuries. Defense counsel argued that Plaintiffs' should provide further responses that state that Plaintiffs will not seek damages for bodily or emotional injuries. In the alternative, Plaintiffs must provide responsive documents. Plaintiffs' counsel indicated that they would confer with other attorneys on Plaintiffs' litigation team and follow up with Defendant's counsel as to whether Plaintiffs will agree to provide further responses. Plaintiffs' counsel assured Defendant's counsel that they would reach a decision in short order.

Charles J. Harder
Douglas E. Mirell
Kimberlina N. McKinney
HARDER MIRELL & ABRAMS LLP
September 11, 2013
Page 5

In sum, Plaintiffs will provide further responses to Requests 7, 8, 35, 41, 42, 50, 51, 52, and 54. Plaintiff's counsel will consider providing further responses to Requests 9, 11, 12, 13, 22, 23, 24, 27, 28, 29, 30, and 33. Plaintiffs' counsel will confer with their clients to determine if there are responsive documents for Requests 3 and 6, and will produce any documents that are responsive. Plaintiffs will not provide further responses to Requests 1, 10, 14, 15, 15, 16, 19, and 20. Plaintiffs' counsel indicated that there are no additional documents that are responsive to Requests 2, 4, 17, and 32.

Feel free to contact me if you have any questions.

Very truly yours,

LeClairRyan LLP

CHAD M. MANDELL

CMM:mr
cc:    James C. Potepan
       Jennifer Ro

- 91 -